UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

JANNIE PILGRIM, GIOVANNA          :    Civil Action No.: 07-6618 (CM)
HENSON, JESAN SPENCER,          :
BRENDA CURTIS,                  :
                              :    **DEFENDANT'S ANSWER TO**
             Plaintiffs,      :    **PLAINTIFFS' COMPLAINT**
                              :
        -against-           :
                              :
THE MCGRAW-HILL COMPANIES, INC.,  :
                              :
             Defendant.      :
                              :
                              :

-------------------------------------------------------- x

        Defendant  The McGraw-Hill Companies, Inc. ("Defendant" or "McGraw-Hill"), by and

through its attorneys, Proskauer Rose LLP, for its answer and affirmative defenses to Plaintiffs

Jannie Pilgrim's ("Pilgrim"), Giovanna Henson's ("Henson's"), Jesan Spencer's ("Spencer") and

Brenda Curtis' ("Curtis") (collectively "Plaintiffs") Complaint, states as follows:

## AS TO "INTRODUCTION"

        1.  Denies each and every allegation contained in Paragraph 1 of the Complaint, except

admits Plaintiffs were employees of Defendant and are, upon information and belief, African

Americans, and that Plaintiffs filed charges of discrimination with the Equal Employment

Opportunity Commission ("EEOC").

        2.  Denies each and every allegation contained in Paragraph 2 of the Complaint, except

admits Plaintiffs purport to bring this action on behalf of themselves and that Plaintiffs are

former employees of Defendant.

        3.  Denies each and every allegation contained in Paragraph 3 of the Complaint, except

admits Plaintiffs purport to bring this action under 42 U.S.C. § 2000e et seq. ("Title VII"), 42

U.S.C., § 1981 ("§1981"), the New York Human Rights Law ("NYHRL") and the New York

City Human Rights Law ("NYCHRL"), that Plaintiffs filed and served charges with the EEOC,

and that, upon information and belief, Plaintiffs requested and received Right to Sue letters from

the EEOC, and denies knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations as to whether any other application for relief has been made to this or

any other Court and whether Plaintiffs will timely notify the NYC Human Rights Commission of

this lawsuit.

     4.  Admits the allegations contained in Paragraph 4 of the Complaint.

     5.  Admits the allegations contained in Paragraph 5 of the Complaint.

     6.  The allegations in Paragraph 6 of the Complaint set forth legal conclusions which

Defendant is required neither to admit or deny.  To the extent a response is required, Defendant

denies each and every allegation contained in Paragraph 6 of the Complaint.

     7.  Denies each and every allegation contained in Paragraph 7 of the Complaint, and

avers that on average over the last five years less than 10 percent of McGraw-Hill's workforce in

the United States was African American.

     8.  Denies each and every allegation contained in Paragraph 8 of the Complaint.

     9.  Denies each and every allegation contained in Paragraph 9 of the Complaint.

     10.  Denies each and every allegation contained in Paragraph 10 of the Complaint, and

avers at the time Plaintiffs filed charges with the EEOC, Pilgrim and Spencer were then current

McGraw-Hill employees and Henson and Curtis were former McGraw-Hill employees.

     11.  Denies each and every allegation contained in Paragraph 11 of the Complaint.

     12.  Denies each and every allegation contained in Paragraph 12 of the Complaint, except

admits Plaintiffs purport to seek "make whole relief" and punitive damages.

## AS TO "JURISDICTION AND VENUE"

13. Denies each and every allegation contained in Paragraph 13 of the Complaint, except admits Plaintiffs purport to bring this action pursuant to 28 U.S.C. § § 1331, 1343(3) and (4) and §1981 *et seq.*

14. Denies each and every allegation contained in Paragraph 14 of the Complaint, except admits Plaintiffs purport to invoke the Court's supplemental jurisdiction.

15. The allegations in Paragraph 15 of the Complaint set forth legal conclusions which Defendant is required neither to admit nor deny. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 15 of the Complaint, except admits Defendant is a corporation subject to personal jurisdiction in this District.

16. Denies each and every allegation contained in Paragraph 16 of the Complaint.

## AS TO "PARTIES – THE NAMED PLAINTIFFS"

17. Denies each and every allegation contained in Paragraph 17 of the Complaint, except admits Pilgrim was first employed by McGraw-Hill in 2000 and at some point in her career was a Human Resources Manager, and avers she was assigned to support Defendant's Standard & Poor's ("S&P") Operating Segment, and, upon information and belief, Pilgrim is African American, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation as to Pilgrim's residency.

18. Admits the allegations contained in Paragraph 18 of the Complaint, except admits upon information and belief that Henson is African American, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to Henson's residency.

19. Denies each and every allegation contained in Paragraph 19 of the Complaint, except admits Spencer was first employed by McGraw-Hill in December 2000 as a Senior Manager of

Human Resources, that Spencer provided human resources support primarily to <u>BusinessWeek</u> magazine, that Spencer resigned her employment with McGraw-Hill in January 2007 and, upon information and belief, Spencer is African-American, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to Spencer's residency.

20.  Denies each and every allegation contained in Paragraph 20 of the Complaint, except admits Curtis was first employed by McGraw-Hill in 2002, and that Curtis was terminated from her job on October 3, 2005, and avers that she was at one point employed as an Office Manager in the Security Services Division of the Data and Information Group of the S&P Operating Segment of Defendant, and that, upon information and belief, Curtis is African-American, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to Curtis' residency.

## AS TO "DEFENDANT"

21.  Admits the allegations contained in Paragraph 21 of the Complaint.

22.  Admits the allegations contained in Paragraph 22 of the Complaint.

23.  Denies each and every allegation contained in Paragraph 23 of the Complaint except states that is unclear what is meant by "executed assurances" and avers that McGraw-Hill complies with all anti-discrimination and anti-retaliation statutes.

24.  Admits the allegations contained in Paragraph 24 of the Complaint.

25.  The allegations in Paragraph 25 of the Complaint set forth legal conclusions which Defendant is required neither to admit or deny.  To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 25 of the Complaint.

26.  Denies each and every allegation contained in Paragraph 26 of the Complaint.

27.  Denies each and every allegation contained in Paragraph 27 of the Complaint, and avers that on average over the last five years less than 10 percent of McGraw-Hill's workforce in the United States was African American.

28.  Admits the allegations contained in Paragraph 28 of the Complaint.

**AS TO "FACTUAL ALLEGATIONS AS TO THE NAMED PLAINTIFFS-PILGRIM"**

29.  Denies each and every allegation contained in Paragraph 29 of the Complaint, except knowledge or information sufficient to form a belief as to the allegation that Pilgrim received a Masters Degree in Human Resources Management and a post-graduate degree in Training and Development, and avers that Pilgrim informed McGraw-Hill she had received such degrees.

30.  Denies each and every allegation contained in Paragraph 30 of the Complaint, except admits Pilgrim was employed by McGraw-Hill beginning in March 2000 and avers she was promoted to salary grade level 18 in January 2005 supporting S&P.

31.  Denies each and every allegation contained in Paragraph 31 of the Complaint.

32.  Denies each and every allegation contained in Paragraph 32 of the Complaint, and avers that an ad hoc group of African American employees approached Ivy Latimer, Director, EEO and Diversity Initiatives, and sought financial and organizational support.

33.  Denies each and every allegation contained in Paragraph 33 of the Complaint, and avers that in January 2005, a Diversity Council was created initially to explore diversity initiatives working with universities which provide job applicants to S&P so that S&P could ensure it received a sufficient flow of diverse candidates for open positions.

34.  Denies each and every allegation contained in Paragraph 34 of the Complaint.

35.  Denies each and every allegation contained in Paragraph 35 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the vague and general allegation that Pilgrim "complained" to an unidentified individual.

36. Denies each and every allegation contained in Paragraph 36 of the Complaint.

37. Denies each and every allegation contained in Paragraph 37 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation as to what Pilgrim "was informed and believed."

38. Denies each and every allegation contained in Paragraph 38 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation as to what other African American employees may have complained about at exit interviews, and admits that other African American employees filed EEO Charges with the EEOC and that other African American employees left the Company.

39. Denies each and every allegation contained in Paragraph 39 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the vague and general allegation that Pilgrim "reported" anything to an unidentified individual.

40. Denies each and every allegation contained in Paragraph 40 of the Complaint, except admits Plaintiff's supervisor was the Vice President of Human Resources and is Caucasian, and avers that Pilgrim's attorney sent a letter to Mr. Harold W. McGraw III on August 18, 2005.

41. Denies each and every allegation contained in Paragraph 41 of the Complaint, except admits Plaintiff's supervisor was the Vice President of Human Resources and is Caucasian.

42. Denies each and every allegation contained in Paragraph 42 of the Complaint.

## AS TO "HENSON"

43. Admits the allegations contained in Paragraph 43 of the Complaint, except denies knowledge or information sufficient to form a belief as to the allegation that Henson received a Masters of Science Degree in Human Resources Management and Labor Relations and avers that Henson informed McGraw-Hill she had received such a degree.

44. Denies each and every allegation contained in Paragraph 44 of the Complaint, and avers Henson applied for a Human Resources Representative position for S&P and a Recruiting Specialist, Campus Recruiting position for S&P, and that the Recruiting Specialist, Campus Recruiting position was given to an Asian female, and avers that Henson's employment was not terminated for cause.

45. Denies each and every allegation contained in Paragraph 45 of the Complaint, except admits Henson resigned in August 2005, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the vague and general allegation that Henson "complained" to an unidentified individual.

46. Denies each and every allegation contained in Paragraph 46 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to what Henson was "informed."

47. Denies each and every allegation contained in Paragraph 47 of the Complaint.

48. Denies each and every allegation contained in Paragraph 48 of the Complaint.

## AS TO "SPENCER"

49. Denies each and every allegation contained in Paragraph 49 of the Complaint, except admits that Spencer was first employed by Defendant in December 2000, that she was a Senior Manager of Human Resources providing human resources support primarily to Business Week magazine, and that she was a salary grade level 19, except denies knowledge or information sufficient to form a belief as to the allegation that Spencer received a Masters Degree in Human Resources and Organizational Development, and avers that Spencer informed McGraw-Hill she had received such a degree.

50. Denies each and every allegation contained in Paragraph 50 of the Complaint., except admits Plaintiff's supervisor was the Senior Director of Human Resources and is Caucasian.

51. Denies each and every allegation contained in Paragraph 51 of the Complaint.

<u>**AS TO "CURTIS"**</u>

52. Denies each and every allegation contained in Paragraph 52 of the Complaint, except admits Curtis is African-American, was first employed by McGraw-Hill in May 2002, was a salary grade 17, her position was Office Manager in the Security Services division of the Data and Information Group of S&P, and she was terminated due to an elimination of her position effective October 3, 2005.

53. Denies each and every allegation contained in Paragraph 53 of the Complaint, except admits that the person who was Curtis' Executive Managing Director is Caucasian.

54. Denies each and every allegation contained in Paragraph 54 of the Complaint, except admits Curtis sought to be re-employed at McGraw-Hill, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to whether Curtis was unemployed after October 3, 2005 and as to what Curtis "learned."

55. Denies each and every allegation contained in Paragraph 55 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to whether Curtis was unemployed after October 2005 and as to what Curtis "believes."

<u>**AS TO "FACTS COMMON TO ALL CAUSES OF ACTION"**</u>

56. Denies each and every allegation contained in Paragraph 56 of the Complaint.

57. Denies each and every allegation contained in Paragraph 57 of the Complaint.

58. Denies each and every allegation contained in Paragraph 58 of the Complaint.

59. Denies each and every allegation contained in Paragraph 59 of the Complaint.

60. Denies each and every allegation contained in Paragraph 60 of the Complaint.

61. Denies each and every allegation contained in Paragraph 61 of the Complaint, and avers it is unclear what is meant by "basically similar fashion."

62. Denies each and every allegation contained in Paragraph 62 of the Complaint

63. Denies each and every allegation contained in Paragraph 63 of the Complaint.

64. Denies each and every allegation contained in Paragraph 64 of the Complaint.

65. Denies each and every allegation contained in Paragraph 65 of the Complaint, and avers that throughout the Company merit wage increases are based upon the performance evaluation program.

66. Denies each and every allegation contained in Paragraph 66 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to what Plaintiffs "believe."

67. Denies each and every allegation contained in Paragraph 67 of the Complaint.

68. Denies each and every allegation contained in Paragraph 68 of the Complaint.

69. Denies each and every allegation contained in Paragraph 69 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to what Plaintiffs are "informed" by an unidentified individual, and "believe," and avers that McGraw-Hill has, does, and will comply with all applicable federal, state and local laws, rules and regulations that prohibit, *inter alia*, race discrimination and retaliation in the employment context, that McGraw-Hill has complied with all requirements of a government contractor in submitting affirmative action plans, and that McGraw-Hill has been audited by the OFCCP.

70. Denies each and every allegation contained in Paragraph 70 of the Complaint, except admits qualified African Americans have been identified by the company through a number of recruitment programs.

71. Denies each every allegation contained in Paragraph 71 of the Complaint.

72. Denies each and every allegation contained in Paragraph 72 of the Complaint.

73. Denies each and every allegation contained in Paragraph 73(a)-(k) of the Complaint, inclusive, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to what Plaintiffs were "informed" by an unidentified individual, and "believe."

74. Denies each and every allegation contained in Paragraph 74 of the Complaint.

75. Denies each and every allegation contained in Paragraph 75 of the Complaint.

76. Denies each and every allegation contained in Paragraph 76 of the Complaint.

77. Denies each and every allegation contained in Paragraph 77 of the Complaint.

78. Denies each and every allegation contained in Paragraph 78 of the Complaint.

79. Denies each and every allegation contained in Paragraph 79 of the Complaint.

80. Denies each and every allegation contained in Paragraph 80 of the Complaint, except admits there are certain persons within McGraw-Hill who have the authority to recommend and implement policy affecting the terms and conditions of employee, there are certain persons within McGraw-Hill who have the authority to assure OFCCP and EEO compliance, and there are certain persons within McGraw-Hill who have the authority to discipline personnel and recommend and influence employment action against an employee.

81. Denies each and every allegation contained in Paragraph 81 of the Complaint.

82. Denies each and every allegation contained in Paragraph 82(a-c) of the Complaint, inclusive.

83. Denies each and every allegation contained in Paragraph 83(a-f) of the Complaint, inclusive.

84. Denies each and every allegation contained in Paragraph 84 of the Complaint.

85. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 85 of the Complaint, and avers that it is impossible to determine what unidentified African American employees may have complained about in the contexts listed in Paragraph 85.

86. Denies each and every allegation contained in Paragraph 86 of the Complaint, and avers that to the extent McGraw-Hill has received complaints of unfair or unequal treatment, it has responded appropriately.

87. Denies each and every allegation contained in Paragraph 87 of the Complaint, and avers that to the extent McGraw-Hill has been made aware of problems, it has responded appropriately.

88. Denies each and every allegation contained in Paragraph 88 of the Complaint.

## AS TO "AS AND FOR THE FIRST CAUSE OF ACTION
### (42 U.S.C. § 2000e *et seq.* Discrimination)"

89. Defendant repeats and realleges its answers to Paragraphs 1 through 88 as if set forth in full herein in response to Paragraph 89 of the Complaint.

90. Denies each and every allegation contained in Paragraph 90 of the Complaint, except admits Plaintiffs purport to bring this claim on behalf of all Plaintiffs.

91. The allegations in Paragraph 91 of the Complaint set forth legal conclusions which Defendant is required neither to admit nor deny.

92.  Denies each and every allegation contained in Paragraph 92 of the Complaint.

93.  Denies each and every allegation contained in Paragraph 93 of the Complaint, except admits Plaintiffs were qualified for certain positions at McGraw-Hill.

94.  Denies each and every allegation contained in Paragraph 94 of the Complaint.

95.  Denies each and every allegation contained in Paragraph 95 of the Complaint.

96.  Denies each and every allegation contained in Paragraph 96 of the Complaint.

97.  Denies each and every allegation contained in Paragraph 97 of the Complaint.

98.  Denies each and every allegation contained in Paragraph 98 of the Complaint.

99.  Denies each and every allegation contained in Paragraph 99 of the Complaint.

100.  Denies each and every allegation contained in Paragraph 100 of the Complaint.

101.  Denies each and every allegation contained in Paragraph 101 of the Complaint.

### AS TO "AS AND FOR THE SECOND CAUSE OF ACTION (42.U.S.C. § 2000e *et seq.* Retaliation)"

102.  Defendant repeats and realleges its answers to Paragraphs 1 through 101 as if set forth in full herein in response to Paragraph 102 of the Complaint.

103.  Denies each and every allegation contained in Paragraph 103 of the Complaint.

104.  Denies each and every allegation contained in Paragraph 104 of the Complaint.

105.  Denies each and every allegation contained in Paragraph 105 of the Complaint.

106.  Denies each and every allegation contained in Paragraph 106 of the Complaint.

107.  Denies each and every allegation contained in Paragraph 107 of the Complaint.

108.  Denies each and every allegation contained in Paragraph 108 of the Complaint.

### AS TO "AS AND FOR THE THIRD CAUSE OF ACTION (42 U.S.C. §1981 *et seq.* Discrimination)"

109.  Defendant repeats and realleges its answers to Paragraphs 1 through 108 as if set forth in full herein in response to Paragraph 109 of the Complaint.

110.  Denies each and every allegation contained in Paragraph 110 of the Complaint, except admits Plaintiffs purport to bring this claim on behalf of all Plaintiffs.

111.  The allegations in Paragraph 111 of the Complaint set forth legal conclusions which Defendant is required neither to admit nor deny.

112.  Denies each and every allegation contained in Paragraph 112 of the Complaint.

113.  Denies each and every allegation contained in Paragraph 113 of the Complaint, except admits Plaintiffs were qualified for certain positions at McGraw-Hill.

114.  Denies each and every allegation contained in Paragraph 114 of the Complaint.

115.  Denies each and every allegation contained in Paragraph 115 of the Complaint.

116.  Denies each and every allegation contained in Paragraph 116 of the Complaint.

117.  Denies each and every allegation contained in Paragraph 117 of the Complaint.

118.  Denies each and every allegation contained in Paragraph 118 of the Complaint.

119.  Denies each and every allegation contained in Paragraph 119 of the Complaint.

120.  Denies each and every allegation contained in Paragraph 120 of the Complaint.

121.  Denies each and every allegation contained in Paragraph 121 of the Complaint.

### AS TO "AS AND FOR THE FOURTH CAUSE OF ACTION
### (42 U.S.C. § 1981 *et seq*. Retaliation)"

122.  Defendant repeats and realleges its answers to Paragraphs 1 through 121 as if set forth in full herein in response to Paragraph 122 of the Complaint.

123.  Denies each and every allegation contained in Paragraph 123 of the Complaint.

124.  Denies each and every allegation contained in Paragraph 124 of the Complaint.

125.  Denies each and every allegation contained in Paragraph 125 of the Complaint.

126.  Denies each and every allegation contained in Paragraph 126 of the Complaint.

127.  Denies each and every allegation contained in Paragraph 127 of the Complaint.

128. Denies each and every allegation contained in Paragraph 128 of the Complaint.

## AS TO "AS AND FOR THE FIFTH CAUSE OF ACTION (NYSHRL Discrimination: Race and Color)"

129. Defendant repeats and realleges its answers to Paragraphs 1 through 128 as if set forth in full herein in response to Paragraph 129 of the Complaint.

130. The allegations in Paragraph 130 of the Complaint set forth legal conclusions which Defendant is required neither to admit nor deny. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 130 of the Complaint.

131. Denies each and every allegation contained in Paragraph 131 of the Complaint.

132. Denies each and every allegation contained in Paragraph 132 of the Complaint.

133. Denies each and every allegation contained in Paragraph 133 of the Complaint.

134. Denies each and every allegation contained in Paragraph 134 of the Complaint.

135. Denies each and every allegation contained in Paragraph 135 of the Complaint.

136. Denies each and every allegation contained in Paragraph 136 of the Complaint.

## AS TO "AS AND FOR THE SIXTH CAUSE OF ACTION (NYSHRL Retaliation)"

137. Defendant repeats and realleges its answers to Paragraphs 1 through 136 as if set forth in full herein in response to Paragraph 137 of the Complaint.

138. Denies each and every allegation contained in Paragraph 138 of the Complaint.

139. Denies each and every allegation contained in Paragraph 139 of the Complaint.

140. Denies each and every allegation contained in Paragraph 140 of the Complaint.

141. Denies each and every allegation contained in Paragraph 141 of the Complaint.

142. Denies each and every allegation contained in Paragraph 142 of the Complaint.

## AS TO "AS AND FOR THE SEVENTH CAUSE OF ACTION
### (NYCHRL Discrimination: Race and Color)"

143. Defendant repeats and realleges its answers to Paragraphs 1 through 142 as if set forth in full herein in response to Paragraph 143 of the Complaint.

144. The allegations in Paragraph 144 of the Complaint set forth legal conclusions which Defendant is required neither to admit nor deny.

145. The allegations in Paragraph 145 of the Complaint set forth legal conclusions which Defendant is required neither to admit nor deny. To the extent a response is required, Defendant denies each and every allegation contained in Paragraph 145 of the Complaint.

146. Denies each and every allegation contained in Paragraph 146 of the Complaint.

147. Denies each and every allegation contained in Paragraph 147 of the Complaint.

148. Denies each and every allegation contained in Paragraph 148 of the Complaint.

149. Denies each and every allegation contained in Paragraph 149 of the Complaint.

150. Denies each and every allegation contained in Paragraph 150 of the Complaint.

## AS TO "AS AND FOR THE EIGHTH CAUSE OF ACTION (NYCHRL Retaliation)"

151. Defendant repeats and realleges its answers to Paragraphs 1 through 150 as if set forth in full herein in response to Paragraph 151 of the Complaint.

152. Denies each and every allegation contained in Paragraph 152 of the Complaint.

153. Denies each and every allegation contained in Paragraph 153 of the Complaint.

154. Denies each and every allegation contained in Paragraph 154 of the Complaint.

155. Denies each and every allegation contained in Paragraph 155 of the Complaint.

156. Denies each and every allegation contained in Paragraph 156 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

157.  The Complaint fails to state a claim upon which relief may be granted or for which the damages sought may be awarded.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

158.  Plaintiffs have failed to make reasonable efforts to mitigate their damages, if any, as required by law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

159.  Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

160.  Plaintiffs' claims are barred because of at all relevant times Defendant has acted in good faith toward Plaintiffs, and any actions taken toward Plaintiffs were for legitimate, non-discriminatory, non-retaliatory business reasons.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

161.  Defendant's liability and penalties, if any, should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) and (e) of the New York City Human Rights Law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

162.  Plaintiffs are not entitled to recover any exemplary or punitive damages because Defendant did not commit, ratify, authorize or acquiesce in any malicious, willful or reckless act.


**WHEREFORE**, Defendant respectfully requests that this Court:

a.      Dismiss Plaintiffs' Complaint in its entirety, with prejudice;

b.      Deny each and every request for relief contained in Plaintiffs' Complaint;

16

    c.        Award Defendant its reasonable attorneys' fees and legal expenses;

    d.        Award Defendant its costs and disbursements incurred in defense of this action; and

    e.        Award Defendant any other relief the Court deems just and proper.

PROSKAUER ROSE LLP
1538 Broadway
New York, NY 10036-8299
(212) 969-3000

Dated:  September 17, 2007        By:  /s/ Gregory I. Rasin
       New York, New York          Gregory I. Rasin
                                   Elise M. Bloom
                                   Steven D. Hurd

ATTORNEYS FOR DEFENDANT THE
MCGRAW-HILL COMPANIES, INC.

17