**SOLOTOFF & SOLOTOFF, ESQS.**
P.O. Box 4686
Great Neck, New York 11023
Telephone: (516) 466-5522
Facsimile: (516) 466-5562
E-Mail: LSOLOTOFF@AOL.COM

**Via Facsimile and E-Filing**

March 7, 2008

Hon. Magistrate Judge Andrew J. Peck
United States District Court Judge
U.S. Courthouse Southern District of New York
500 Pearl Street,
New York, New York 10007

      Re:    Jannie Pilgrim, Giovanna Henson, Jesan Spencer, Brenda Curtis v. The McGraw Hill Companies, Inc. Index No. Civil Action 07-6618 (CM)(THK)

Dear Hon. Chief Judge Peck:

      Our firm represents Plaintiffs Jannie Pilgrim ("Pilgrim"), Giovanna Henson ("Henson"), Jesan Spencer ("Spencer"), and Brenda Curtis ("Curtis") (collectively, "Plaintiffs") in the above referenced matter. The Plaintiffs bring this civil action against McGraw-Hill Companies, Inc., ("McGraw-Hill" or "Company" or "Defendant") seeking, declaratory and equitable relief, and monetary damages under 42 U.S.C §2000e et seq., (Title VII)(as amended); 42 U.S.C. §1981 *et seq.*; the New York State Human Rights Law, Executive Law §296 *et seq.* (the "NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code the City of New York, Sections 8-107(a) *et seq*. and 8-502 *et seq*.; for race discrimination, harassment, retaliation and retaliation harassment in the employment context.

      Briefly, Plaintiffs have given their deposition testimony on the following dates: Plaintiffs Jesan Spencer ("Spencer")(January 3, 2008), Giovanna Henson ("Henson")(January 9, 2008), Brenda Curtis ("Curtis")(January 11, 2008) and Jannie Pilgrim ("Pilgrim") (February 22, 2008) [following giving birth in late January 2008.] The deposition of Patricia Kuusistos, (Spencer's therapist) was on March 3, 2008. The parties have exchanged responses to their respective document demands. Defendants provided multiple responses to Plaintiffs' document demands concerning Ms. O'Neill as late as the night of February 28, 2008. Plaintiffs took the deposition of V.P.H.R, Sheila O'Neill on February 29, 2008 and V.P.H.R Richard Fisher on March 5, 2008. Plaintiffs have scheduled eight more depositions through-out the month of March and April 2008.

      **First:** Plaintiffs seek, by this application, Your Honor's permission to extend the due date for two Plaintiffs (Ms. Spencer and Ms. Curtis) to submit an accountant/expert witness report from March 7, 2008. This application has been made at the request of each of the two accountants whose schedules precluded their ability to get a report completed on the due date because of tax season. We advised counsel for McGraw-Hill, Greg Rasin, Esq. that we thought March 14, 2008

was a likely date for the reports. We have just been advised that the reports would be forth coming the week of March 17, 2008. We assured counsel that we would not oppose a like extension to submit their experts' report.  It is therefore respectfully requested that Your Honor grant the Plaintiff the extension requested to complete their expert witness report to in or about the week of March 17, 2008.  The due date for completion of all expert discovery scheduled for May 30, 2008 should not be effected by this short extension.

      **Second:**  Defendants have taken the position that their alleged investigation is attorney-client privileged. During Plaintiffs' deposition of Defendants' witnesses Richard Fisher and Sheila O'Neill we asked each witness what they said to the members of the investigation team.  During each deposition Gregory Rasin, Esq. instructed the witnesses not to answer the question that was limited to testifying as to what they the witness said to management employees about the Plaintiffs' claims in the case.  In Court on January 7, 2008 your Honor told counsel that they would or could produce the investigation notes and reports if Defendants chose to do so before the conclusion of discovery in the matter.  The Defendants have not done so to date. Plaintiffs cannot produce an expert report challenging the investigation since none was provided.  We reserve the right to do so if an investigation report is produced.

      Plaintiffs are also prejudiced by Defendant counsel's instruction at the depositions not to answer any questions as to what they, the witness, told the purported investigators about Plaintiffs' claims.  If they produce a report after the depositions are taken and before closure of discovery the Plaintiffs would have to take the same dozen or more depositions again.  This would cause Plaintiffs undue delay, undue burden, duplication of costs and expenses.  Plaintiffs are being precluded from taking testimony that would tend to show that the investigation was flawed, or challenge the credibility of McGraw-Hill witnesses, and effect their testimony at the depositions, and thereafter.

      Plaintiffs are requesting a ruling that as to the witnesses that Defendants' claim were part of an investigation, Plaintiffs be allowed to ask the Defendants' witnesses, and agents, what they told HR personnel, who purportedly were conducting an investigation of one or more of Plaintiffs' claims. We are told that the Defendants witnesses spoke to an internal representative, Marianne Gatinella who was an H.R. Representative (not an attorney) at the time in or about August 2005 through January 2006.

      Given that Defendants refusal to take a position as to whether they will, or will not produce the investigation report or make it an issue in the case, Plaintiffs are prejudiced by the Defendants' position at the Defendants' depositions and in discovery, and as to obtaining an expert witness to challenge the purported investigation.  If there is a possibility that they are going to produce the investigation report and make it an issue in the case, Plaintiffs should be permitted to ask the witnesses what they reported to the H.R. Representative.  Plaintiffs respectfully request that the Court issue an order permitting Plaintiffs' counsel to make the necessary inquiries of Defendants witnesses or that Defendants be precluded from changing their mind to make the investigation an issue after all of their Witnesses have been deposed in this case.

      Thank you for your attention to this matter.

                                                  Respectfully submitted,

                                                  Lawrence Solotoff (LS1356)