USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 5/27/08

**PROSKAUER ROSE LLP**

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

BOCA RATON
BOSTON
CHICAGO
LONDON
LOS ANGELES
NEW ORLEANS
NEWARK
PARIS
SÃO PAULO
WASHINGTON


RECEIVED MAY 27 2008 CHAMBERS OF ANDREW J. PECK

Gregory I. Rasin
Member of the Firm

Direct Dial 212.969.3940
grasin@proskauer.com

May 27, 2008

**BY FACSIMILE (212-805-7933)**

Hon. Andrew J. Peck
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1370
New York, NY 10007

**MEMO ENDORSED** 5/27/08

The Court cannot extend the 5/30 discovery cutoff without Judge McMahon's approval. Accordingly, the Court suggests that the parties go forward with DuBose's deposition at trial or in compliance with any subpoena.

SO ORDERED:
Hon. Andrew Jay Peck
United States Magistrate Judge

Re: Pilgrim, et. al v. The McGraw-Hill Companies, Inc.
Civil Action No. 07-6618 (CM)(AJP)

**BY FAX**

Copy fax'd to: Judge McMahon

Dear Magistrate Judge Peck:

We represent the Defendant, The McGraw-Hill Companies, Inc. ("McGraw-Hill," "the Company" or "Defendant"), in the above-referenced matter. The Plaintiffs in this case are Jannie Pilgrim, Brenda Curtis, Jesan Spencer and Giovanna Henson.

We write to seek an Order precluding the testimony of Rene DuBose at the trial of this matter for her failure to appear for her deposition after the service of a valid, appropriately served subpoena. In the alternative, we request an Order providing for the deposition of Ms. DuBose on June 5, 2008 at the offices of Proskauer Rose LLP in New York City.

On or about December 16, 2005, Lawrence Solotoff, Esq., filed a Charge of Discrimination with the Equal Employment Opportunity Commission on behalf of Plaintiffs in this action and also on behalf of Rene DuBose. After the EEOC issued Right To Sue Letters, Mr. Solotoff commenced the above-referenced lawsuit on behalf of the four named Plaintiffs. Ms. DuBose is not a Plaintiff.

On October 17, 2007, Mr. Solotoff, pursuant to the Federal Rules of Civil Procedure, ("FRCP") filed Plaintiffs' Rule 26(a) disclosures. In that disclosure Plaintiffs identified Rene DuBose as an individual having discoverable information stating that she had, "[k]nowledge of policies and procedures, employee performance business records, investigations, complaints,

**PROSKAUER ROSE LLP**

Hon. Andrew J. Peck
May 27, 2008
Page 2

methods of operation, disciplinary matters, reporting of complaints, work performance issues, compensation, supervision, and staff related matters and Dubose claims." (See Exhibit A).

On May 12, 2008, Defendant issued a subpoena to Ms. DuBose for a deposition on May 27, 2008, and served a Notice of Subpoena In a Civil Case on Plaintiffs' counsel. (See Exhibit B).

A process server attempted to serve Ms. DuBose but in the process of doing so learned that Ms. DuBose no longer lived at the address contained in Plaintiffs' Rule 26(a) disclosure. On May 19, 2008, my partner, Elise Bloom, asked Mr. Solotoff, both orally and in writing, for an updated address for Ms. DuBose. On the morning of May 20, 2008, I asked Mr. Solotoff if he had an updated address for Ms. DuBose. Solotoff told me that he had no address other than the one in Rule 26(a) disclosure. He also told me that he left a message on Ms. DuBose's voice mail on her cell phone, but that she had not returned his call.

Later on May 20, 2008, the process server was able to locate and serve Ms. DuBose (See Exhibit C).

On the morning of May 21, 2008, Ms. DuBose advised me by e-mail that she was unavailable for a deposition on May 27, 2008, stating that she would be in Las Vegas on that day (and through June 2, 2008) caring for her parents. (See Exhibit D [p.4 of 5], a series of e-mails regarding the deposition of Ms. DuBose). I forwarded Ms. DuBose's e-mail to Mr. Solotoff asking him if he would agree to allow Ms. DuBose's deposition to be taken on June 5, 2008, after the close of discovery. (See Exhibit D [p.4 of 5]). Initially, Mr. Solotoff would only do so conditioned on making "it mutual." (See Exhibit D [p.4 of 5]). Because I was just trying to find a way to accommodate Ms. DuBose, I wrote back to Mr. Solotoff explaining that I was only talking about Ms. DuBose. (See Exhibit D [p.3 of 5]).

I then wrote to Ms. DuBose advising her that I could not release her from the subpoena because Mr. Solotoff would not agree to allow her deposition to go forward in New York on June 5, 2008 without condition. However, I told Ms. DuBose that I would be willing to take her deposition in Las Vegas on May 27, 2008. (See Exhibit D [p.3 of 5]). Early on the morning of May 22, 2007, Ms. DuBose wrote to me advising that neither a deposition in New York nor Las Vegas on May 27, 2008, "was possible." (See Exhibit D [p.2 of 5]).

During the afternoon of May 22, 2008, Plaintiffs' counsel advised me they would agree to the deposition of Ms. DuBose on June 5, 2008, after the close of discovery, without condition, but were waiting to hear from Ms. DuBose to confirm. (See Exhibit E). Late that afternoon when I did not get a confirmation that Ms. DuBose would appear for a deposition on June 5, 2008, I wrote to Ms. DuBose advising that while I was sympathetic to her situation with her parents, I could not release her from the subpoena. I asked her to appear for her deposition in New York on May 27, 2008. (See Exhibit D [p.2 of 5]).

**PROSKAUER ROSE LLP**

Hon. Andrew J. Peck
May 27, 2008
Page 3

At 6:18 p.m. on May 23, 2008, I received an e-mail from Ms. DuBose. She did not respond to the suggestion that she agree to have her deposition taken on June 5, 2008. Rather she advised that after talking to her personal attorney she concluded that she was required to have ten (10) days notice before the deposition. (See Exhibit D [p.1 of 5]). The deposition subpoena was served on Ms. DuBose on May 20, 2008. FRCP, Rules 30(b)(1) and 45 requires a third party deposition subpoena to be served with a reasonable time to comply. Courts have held that all that is required is a reasonable time, not ten (10) days. See F.A.A. v. Landy, 705 F.2d 624, 634-35 (2d Cir. 1983) (finding four days notice is reasonable notice for deposition); Davidson v. Dean, 204 F.R.D. 251, 256 (S.D.N.Y. 2001) (holding that because neither the FRCP or Local Rules require any specific minimum notice period for depositions, eight days notice is not unreasonable as a matter of law); Jones v. U.S., 720 F. Supp. 355, 366 (S.D.N.Y. 1989) (holding eight days notice is not unreasonable). Seven days constitutes reasonable notice.

Ms. DuBose also states that a confidentiality provision in a Termination and Release Agreement ("Agreement") she signed when she left McGraw-Hill precludes her testimony. (See Exhibit D [p.1 of 5]). Ms. DuBose misconstrues that provision. It does not preclude her from discussing her employment or company practices. Rather it requires her to maintain the confidentiality of confidential or proprietary McGraw-Hill information. In addition, Ms. DuBose ignores the first sentence of the very next paragraph of the Agreement, which provides that she agrees to appear and give testimony at depositions in litigations if requested by McGraw-Hill. (See Exhibit F).[1]

Ms. DuBose did not appear for her deposition this morning. Neither did Plaintiffs' counsel. Neither Ms. DuBose, nor her personal attorney, nor Plaintiffs' counsel has moved to quash the subpoena. Because Ms. DuBose failed to comply with Defendant's valid and properly served subpoena, and because Ms. DuBose has rejected or not responded to Defendant's efforts to accommodate her, we ask for an Order precluding her from testifying, in any form, at the trial of this matter. See Reilly v. Natwest Markets Group Inc., 181 F. 3d 253, 269 (2d Cir. 1999) (affirming district court's preclusion of trial testimony by two fact witnesses who did not appear to testify in response to plaintiff's Rule 30(b)(6) notice); Marino v. N. J. Marino Construction Co., Inc., No. 00-cv-3212, 2001 U.S. Dist. LEXIS 19783, at *3 (S.D.N.Y. Nov. 29, 2001) (precluding trial testimony by a witness where she failed to complete the last four hours of her deposition for medical reasons); see also Softel, Inc. v. Dragon Medical Scientific Comm. Inc., 118 F. 3d 955, 961 (2d Cir. 1997) (affirming district court order precluding trial testimony of expert witness for failure to comply with deadline for submission of expert report).[2]

---

[1] To maintain the confidentially of Ms. DuBose's Termination and Release Agreement ("Agreement") Exhibit F contains only the two pertinent paragraphs from that Agreement.

[2] Unreported cases are enclosed in the Appendix.

PROSKAUER ROSE LLP

Hon. Andrew J. Peck
May 27, 2008
Page 4

      In the alternative, we ask that Ms. DuBose be Ordered to appear for a deposition at the New York City offices of Proskauer Rose LLP at 10:30 a.m. on June 5, 2008. We also ask that Defendant be allowed to serve any Order of this Court on Ms. DuBose by electronic mail.

                                     Respectfully Submitted,

                                       */s/ Gregory I. Rasin*
                                       Gregory I. Rasin

Enclosures

cc:    Lawrence Solotoff, Esq. (by facsimile)
       Rene DuBose (by electronic mail)

MAY 27 2008 Case 2:07-cv-00618-CM  Document 28  Filed 05/27/2008  Page 4 of 5  P.05

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT

Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:         (212) 805-7933
Telephone No.:   (212) 805-0036

Dated:  **May 27, 2008**                                    Total Number of Pages: **5**

| TO | FAX NUMBER |
|---|---|
| Lawrence Solotoff, Esq. | 516-466-5562 |
| Gregory I. Rasin, Esq. | 212-969-2900 |
|  |  |

**MEMO ENDORSED 5/27/08**

The Court cannot extend the 5/30 disc. cutoff date, only Judge McMahon can. Accordingly, the Court precludes either side from using Ms. DuBose's testimony at trial or in connection with any motion.

Copy to:    Judge Colleen McMahon