# MEMO ENDORSED

BOCA RATON
BOSTON
CHICAGO
LONDON
LOS ANGELES
NEW ORLEANS
NEWARK
PARIS
SÃO PAULO
WASHINGTON

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

## PROSKAUER ROSE LLP

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/28/08
```

Elise M. Bloom
Member of the Firm

Direct Dial 212.969.3410
ebloom@proskauer.com

May 23, 2008

50 pages MAX —
on all discovery
the reply brief ltr

NO

**BY FACSIMILE**

The Honorable Judge Colleen McMahon
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1660
New York, NY 10007

    Re:    Jannie Pilgrim et al. v. The McGraw-Hill Companies, Inc.
           Civil Action No.: 07-6618 (CM)

Dear Judge McMahon:

    We represent the Defendant, the McGraw-Hill Companies, Inc. (hereinafter, "Defendant" or "McGraw-Hill") in the above-referenced action. We write, pursuant to your Individual Practice Rule 2(C), to request: (a) permission to file separate summary judgment motions as to each of the named plaintiffs in this case; or alternatively, (b) permission for an expansion of the page limitation for Defendant's memoranda of law in support of its motion for summary judgment due on June 27, 2008.

    While the four named Plaintiffs in this case – Jannie Pilgrim, Jesan Spencer, Giovanna Henson and Brenda Curtis – each makes allegations of race discrimination and retaliation, there are no other similarities in their individual claims. Plaintiffs' respective claims are separate and distinct from each other and require analysis of entirely different evidence. The is no overlap in potential witnesses to be used at trial except for a few senior level human resource executives, and even the allegations as to those individuals differ by Plaintiff. It is undisputed that the Plaintiffs serviced different divisions of the Company, had different job titles and duties, and reported to different supervisors. Indeed, opposing counsel admitted these factual disparities in their most recent submission to Magistrate Judge Peck on May 16, 2008.[1]

yes
Colleen McMahon 5/27/08

---

[1] Because opposing counsel's May 16th letter involves discovery issues already decided by Judge Peck and is otherwise unrelated to our present request, we have not enclosed the letter but will forward it to the Court, if deemed necessary to decide the present request.

**PROSKAUER ROSE LLP**

May 23, 2008
Hon. Judge Colleen McMahon
Page 2

    More importantly, and in addition to these general differences, there is no overlap in the specific factual bases for Plaintiffs' individual claims. For example, Plaintiff Curtis, who was employed as an Office Manager in the Standard & Poor's division of McGraw-Hill, signed a release agreement in connection with her departure from Defendant after her position was eliminated in a reduction-in-force. Despite the release agreement, she claims that she suffered discriminatory treatment with respect to her employment benefits and performance evaluations while working for the Company. She also alleges that she was denied positions that she allegedly applied to subsequent to her employment with McGraw-Hill. None of the other Plaintiffs' claims involve a release agreement or pertain to post-employment actions.

    In contrast, Plaintiff Spencer worked as a Senior Human Resources ("HR") Manager in the Corporate Department and then in the Business Information Group, separate and apart from the other Plaintiffs. Her claims center around the alleged use of profanity, demeaning conduct and diminished job responsibilities which she purportedly suffered under the supervision of her direct supervisor, Ken Caruso. None of the other Plaintiffs' claim that Mr. Caruso discriminated or retaliated against them.

    Further, Plaintiff Henson, who was employed as a Human Resources Coordinator in the Corporate Department, claims that she was discriminatorily denied promotions on several occasions by entirely separate hiring managers. Many of her failure to promote claims are untimely under the various statutes alleged in the Complaint. She also has general and vague allegations regarding allegedly offensive comments that were neither directed toward her or heard by her, but were merely relayed to her by one of the other Plaintiffs, Jannie Pilgrim.

    As demonstrated, there is no overlap in the factual bases of Plaintiffs' individual claims. Due to the individualized nature of their claim, Defendant respectfully requests the Court's permission to submit separate memoranda of law in support of Defendant's motions for summary judgment. Alternatively, if you allow Defendant to file only one motion, Defendant requests an expansion of the page limit for our memorandum and reply memorandum to 60 and 35 pages, respectively.

Respectfully submitted,

*Elise M. Bloom*

Elise M. Bloom

cc: Lawrence Solotoff, Esq. (by facsimile)