USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 5/27/08

**SOLOTOFF & SOLOTOFF**
ATTORNEYS AND COUNSELORS AT LAW
P.O. BOX 4686
GREAT NECK, NEW YORK 11023
TEL: 516-466-8822
FAX: 516-466-5562

CHERYL SOLOTOFF
LAWRENCE SOLOTOFF

35 CLOVER DRIVE
GREAT NECK, N.Y. 11021
LSOLOTOFF@AOL.COM

MEMO ENDORSED

**Via Facsimile (212-805-7933)**

May 27, 2008

Hon. Magistrate Judge Andrew J. Peck
United States District Court Judge
U.S. Courthouse Southern District of New York
500 Pearl Street,
New York, New York 10007

**Re: Jannie Pilgrim, Giovanna Henson, Jesan Spencer, Brenda Curtis v. The McGraw Hill Companies, Inc. Index No. Civil Action 07-6618 (CM)(AJP)**

Dear Hon. Chief Judge Peck:

Our office is in receipt of Defendant's letter facsimile dated May 27, 2008. We oppose its application for preclusion of a *third-party* witness Ms. Rene DuBose. We do not represent Ms. DuBose for these purposes. Apparently she spoke with other counsel and challenged via e-mail the validity of the subpoena directly with Gregory Rasin, Esq. as being served on May 20, 2008 for a May 27, 2008 deposition date. Ms. DuBose contacted Defendant's counsel directly and advised them that she could not attend and why.

Defendant admits that it was fully aware of Ms. DuBose as a potential witness in this matter as far back as December 16, 2005, and more particularly in Plaintiffs' October 17, 2007 FRCP Rule 26(a) disclosures. They made no attempt to take her deposition until May 27, 2008 three days before the deadline of May 30, 2008, and eight months after notice of her being a potential witness in the case.

On or about May 19, 2008 our office was advised that Defendant wanted a new address for Rene DuBose. Our office made attempts to contact Ms. DuBose by telephone. Her cell phone was not operating but we left messages on her home line to call us. She did not respond to our calls for days. The address we had for Ms. DuBose was the same address that the Defendant had as her last known address. We immediately advised Greg Rasin, Esq. that we attempted to reach Ms. DuBose and waere awaiting her call to us. We did not have a new address for her.

We were advised on May 21, 2008 that Defendant served a subpoena on Ms. Dubose on May 20, 2008, for May 27, 2008. Counsel subsequently requested that our office agree to his taking the deposition of Ms. DuBose on June 5, 2008; a date he selected. Initially we requested that the date of June 5, 2008 be "mutually" agreed upon. We did not represent her and could not

speak for her. We believed that Ms. DuBose had to agree on the date. We could not gain her consent after she returned our calls.

We did advise counsel that the Plaintiffs' would agree to extend the date of the deposition beyond the May 30, 2008 deadline for close of discovery, if need be, but we were waiting for Ms. DuBose to agree to a date that she could attend.

Ms. DuBose expressed to Defendant's counsel in her E-mails to him, a concern among others, that by testifying she may be considered in breach of her separation agreement with the company. Apparently she needs time to consult with counsel and make the necessary arrangements that would address these concerns. She has had little time to do anything (less than seven days) coupled with the extended Holiday schedule, to retain and consult with her own counsel.

Ms. DuBose is a Third-Party witness who has the right to be represented by counsel and challenge the validity of any subpoena and/or address contractual concerns, or others that she may have under the circumstances.

Defendant's had ample time to obtain Ms. DuBose's deposition. They were aware of the discovery deadline. They waited to the very last minute without taking Ms. DuBose into consideration. It is not unreasonable for Defendant's counsel to anticipate that a third-party witness's schedule may not accommodate to the Court's schedule. Defendant should be prejudiced by its own timing in this regard, not the Plaintiffs, or Ms. DuBose.

In the alternative Ms. DuBose should be given ample opportunity to proceed to retain counsel, and consult as to her rights as she may choose to do under the circumstances. We respectfully oppose a motion to preclude Ms. DuBose's testimony. Thank you in advance for your attention to this matter.

Respectfully submitted,
[signature]
Lawrence Solotoff (LS1356)

Cc.: Gregory Rasin, Esq. (via facsimile)

MEMO ENDORSED [illegible]

[illegible handwritten endorsement]

BY FAX

SO ORDERED:

[signature]

Hon. Andrew Jay Peck
United States Magistrate Judge

[illegible]

# FAX TRANSMITTAL SHEET

**ANDREW J. PECK**
**UNITED STATES MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.: (212) 805-7933
Telephone No.: (212) 805-0036

**Dated:** May 27, 2008 **Total Number of Pages:** 3

| TO | FAX NUMBER |
|---|---|
| Lawrence Solotoff, Esq. | 516-466-5562 |
| Gregory I. Rasin, Esq. | 212-969-2900 |

## TRANSCRIPTION:

**MEMO ENDORSED 5/27/08**

1. As both sides know, unless the parties consent under 28 USC § 636(c), I cannot extend the discovery cutoff set by Judge McMahon.
2. Having said that, if plaintiffs' counsel coordinates with Ms. DuBose and comes up with a reasonable proposal for her deposition date, I will reconsider my preclusion order. You all should try to work this out.
3. While it is true that defendants could have acted sooner to subpoena Ms. DuBose, plaintiffs' counsel also obviously had lost touch with her.

**Copy to:** Judge Colleen McMahon