**EXHIBIT NN TO THE JUNE 26, 2008
DECLARATION OF GREGORY I. RASIN, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————— x

JANNIE PILGRIM, GIOVANNA HENSON,
JESAN SPENCER, BRENDA CURTIS,

                              Civil No.: 07-6618 (CM) (TFK)

                Plaintiffs,

- Against -                      **PLAINTIFF BRENDA CURTIS'
                                  RESPONSE TO DEFENDANT'S
                                  FIRST SET OF
                                  INTERROGATORIES**

THE MCGRAW-HILL COMPANIES, INC.,

                Defendant.

———————————————————————————— x

        Plaintiff Brenda Curtis ("Curtis"), by and through her attorneys, Solotoff & Solotoff,

hereby submits these responses and objections to Defendant's First Set of Interrogatories to

Plaintiff, dated October 17, 2007 ("Defendant's First Set of Interrogatories") requesting

information on behalf of the Defendant The MCGRAW HILL COMPANIES, INC.

("Defendant" or "McGraw-Hill").

I.

### GENERAL OBJECTIONS

1.    Plaintiff objects to the instructions set forth in Defendant's First set of Interrogatories to

the extent they seek or purport to impose upon the Plaintiff obligations other than as imposed by

the Federal Rules of Civil Procedure and the Local Rules of the Court. The Plaintiff's objections

to these interrogatories are prescribed by, and Plaintiff hereby responds in accordance with, the

Federal Rules of Civil Procedure and the Local Rules of the Court.

2.    Plaintiff objects to Defendant's First set of Interrogatories to the extent that it seeks

attorney work product, trial preparation materials, identification of documents prepared after the

Curtis 4

commencement of this litigation, or communications protected by the attorney-client privilege or any other applicable privilege.

3.      Plaintiff objects to Defendant's First set of Interrogatories to the extent that it calls for information or documents not within her possession, custody, or control.

4.      Plaintiff objects to Defendant's First set of Interrogatories to the extent that information requested therein is equally accessible to defendant.

5.      Plaintiff objects to Defendant's First set of Interrogatories to the extent that it seeks the production of information that are overly broad and unduly burdensome in that it seeks information that is not reasonably calculated to lead to discovery of admissible evidence.

6.      Plaintiff hereby declares that her responses to Defendant's First set of Interrogatories were prepared in consultation with her attorneys and may not exactly match the actual words or phrases that may be used by the Plaintiff in the course of this litigation to describe events, policies, and practices discussed herein, although such responses are both accurate and complete.

7.      The Plaintiff reserves the right to provide information or documents that may come to her attention and become available in the future and to use such information or documents at any trial, hearing or proceeding related to this action.

8.      Each and every response to an interrogatory is made subject to the foregoing General Objections, regardless of whether a General Objection or specific objection is stated in this response. The explicit reference to a General Objection or the making of a specific objection in response to a particular interrogatory is not intended to constitute a waiver of the General Objections that are not specifically referred to in that purpose.

## INTERROGATORIES

1.      Identify all individuals who have any knowledge or information relevant to Plaintiffs' claims in this case. For each such individual identified: (a) state the address and

Plaintiff sought treatment from Dr. Dean Martin, 2035 Ralph Avenue, Brooklyn, New

York 11234 (718-968-2059) in or about August 2003, for a hysterectomy.  Plaintiff sought

treatment with Dr. Scott Andes, 7001 Avenue, Brooklyn, New York 11234 (718)( 531-4141) for

pneumonia in or about 2004 and 2005.

11.     State whether you were admitted, either on an inpatient or outpatient basis. to any
hospital or other health care or substance abuse treatment facility from May 1999 to the present.
If the answer is in the affirmative, state: the date of each admission; the name and address of
each hospital or facility, the purpose of or reason for each admission; the diagnosis, if any,
rendered at each hospital or facility, and complete, execute and return to Defendant's counsel a
medical records authorization in the form provided herewith for each hospital or facility
identified.

**Response to Interrogatory No. 11.**

Plaintiff gave birth in August 1999 in Brooklyn Women's Hospital, Brooklyn, New York

near DeKalb Avenue, New York.

12.     Identify each and every individual who allegedly discriminated against you on the basis
of your race or color and/or who allegedly retaliated against you.

**Response to Interrogatory No. 12.**

Plaintiff complained about race discrimination when she was employed by Defendant,

and since her questionable termination Plaintiff believes that she was denied reemployment

because of her having complained about discrimination by officials and agents of the Company.

13.     Identify the Executive Managing Director to whom you allegedly complained "about the
hostile and discriminatory treatment relating to race and employment benefits and performance
evaluations which affected [your] potential for wage and merit increases," as alleged in
Paragraph 53 of the Complaint.

**Response to Interrogatory No. 13.**

Vladimir Stadnyk

14.     Identify by title, department, and date each of the seven positions to which you allegedly
applied after October 3, 2005, as alleged in Paragraph 54 of the Complaint.

**Response to Interrogatory No.14.**

In or about November 2005 Plaintiff applied for the following seven positions as follows: Global Licensing and Contracts Group (Office Manager); Marketing (Graphic Designer's Position); Administrative Position as an Executive Assistant; Structured Finance (applied for two positions Administrative Positions); Executive Managing Director (Office Manager); Assistant Compliance Officer, and following these seven applications, Plaintiff filed for additional positions without acceptance.

15.    For each position identified in Interrogatory 14, identify the individual who allegedly obtained that position.

**Response to Interrogatory No. 15.**

Plaintiff believes, upon information, that one or more of these positions was filled by Caucasians, or by persons, with equal or less qualification.

16.    Identify by title, department, and date each of the four positions to which you allegedly sought reemployment after October 2005 as alleged in Paragraph 55 of the Complaint.

**Response to Interrogatory No. 16.**

See for example, Response to Interrogatory No. 14.

17.    For each position identified in Interrogatory 16, identify the individual who allegedly obtained that position.

**Response to Interrogatory No. 17.**

Plaintiff believes, upon information, that one or more of these positions was filled by Caucasians, or by persons, with equal or less qualification.

18.    For each allegation contained in sub-paragraphs (a) -- (q) in Paragraph 84 of the Complaint, identify the "Caucasian, high ranking official and/or Vice President of Human Resources" that made the alleged comment; the date and time the alleged comment was made; the location; and the individual(s) present.

**Response to Interrogatory No. 18.**
Plaintiff is unable to respond to this interrogatory at this time.

19,    Identify each and every African American employee, including Human Resources personnel, described in Paragraph 85 of the Complaint, who allegedly made formal and/or in formal complaints of hostile work environment and/or discrimination, including the date and time the alleged complaint was made; the location; the person to whom the complaint was made; the individual(s) present; and the general topic of the complaint.

**Response to Interrogatory No. 19.**

Plaintiff complained in sum and substance of a hostile work environment and/or race discrimination. She complained to her supervisors at or about and prior to her termination from employment, on her behalf, and behalf of other Black employees, for example: to Gail Whelan in or about January-February 2003 and thereafter, Prema Menon in January-February 2004 and thereafter, Joyce Hunsucker in or about January-February 2005 and thereafter, and to Vladimir Stadnyk in or about 2005, and before that and reference to the employees' work as being referred to as the "ghetto" by E.V.P.

Dated:    Great Neck, New York
          December 10, 2007

                                        SOLOTOFF & SOLOTOFF, ESQ.
                                        Attorneys for Plaintiff (LS1356)
                                        P.O. Box 4696
                                        Great Neck, New York 11023
                                        By: Lawrence Solotoff, Esq.

PROSKAUER ROSE LLP
Attorneys for the Defendant
1585 Broadway
New York, New York 10036
(212) 969-3035

## CERTIFICATE OF SERVICE

The undersigned attorneys hereby certifies that on December 11, 2007 the annexed

Plaintiff's Response to Defendant's Interrogatories, was served by Plaintiff via Facsimile and

United States mail on the following address:

Dated:          Great Neck, New York
                December 11, 2007

SOLOTOFF & SOLOTOFF
Lawrence Solotoff (LS1556)
Attorneys for Plaintiff
P.O .Box 4686
Great Neck New York 11023
516-466-5522

PROSKAUER ROSE LLP
Attorneys for the Defendant
1585 Broadway
New York, New York 10036
(212) 969-3035