UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
JANNIE PILGRIM, GIOVANNA HENSON,
JESAN SPENCER, and BRENDA CURTIS,           CV 07-6618 (CM)(AJP)
                      Plaintiff

      -against-                                         PLAINTIFF'S PROPOSED
                                                      VOIR DIRE QUESTIONS
                                                      OF THE JURY


THE MCGRAW-HILL COMPANIES, INC.,

                      **Defendant.**
_____X

      Thank you for coming to court as a potential juror. Before the case can start, a jury must be selected. The judge and the people involved in the case need to know something about you in order to select jurors who can be fair to both sides.

      Everyone has attitudes and opinions that are shaped by their life experiences. Sometimes these experiences can make it difficult to look at certain issues in an unbiased and unemotional way. As a juror, you must return a verdict based on the law and on the facts proved in court, not an emotion or on other views not supported by the evidence. The judge will give you instructions on the law and on how you should go about deciding the case. You must listen to and follow the judge's instructions.

      The questions on this form are designed to help the court and the lawyers learn something about your background and your views on issues that may be related to this case. The questions asked are not asked to invade your privacy, but to make sure that you can be fair and impartial juror. If there is any reason why you might not be able to give both sides a fair trial in this case, it is important that you say so.

      The judge has decided to use this form to save time and to give you a chance to tell the court and the lawyers about yourself.

      If there is anything you do not want to talk about in open court, please circle the question number. After you have finished the questionnaire, let the clerk know that you have circled one or more question numbers.

Do not write on the back of any page. Use an additional sheet of paper.

If you are called to the jury box, your answers to this questionnaire become a matter or public record, just as if you had answered the questions aloud in the courtroom.

If you have trouble reading, understanding, or filling out this form, please let the Court Clerk know.

Please use the space under each question for your answers. If the question is a multiple choice, please circle your choice.

PLEASE REMEMBER THAT YOU ARE ANSWERING THESE QUESTIONS UNDER PENALTY OF PERJURY. YOUR ANSWERS MUST BE TRUE AND COMPLETE. THANK YOU FOR YOUR HELD IN SELECTING A FAIR JURY.

1. Are you acquainted with Jannie Pilgrim, Jesan Spencer, Brenda Curtis or Giovanna Henson?

2. Have you, or your family member, or a close friend ever worked for the McGraw-Hill Company?

3. Are you acquainted with Lawrence Solotoff, Cheryl Solotoff, the law firm of Solotoff & Solotoff, Elise Bloom, and Gregory Rasin or know anyone who works for the law firm of Proskauer Rose?

4. During the course of this trial, we expect that the following witnesses are likely to testify in this case: Laticia Archie, Rita Bolger, Kenneth Caruso, Carl Cederholm, Paul Coughlin, Debra Curtis, Rene DuBose, Nancy Toneo Farrelly, Richard Fisher, Marianne Gattinella, Susan George, John Gillen, Tom Gillis, Jordan Grant, William Harper, Robin Hicks, Joe Hled, Joyce Hunsucker, Evonne Inglesh, James Johnson, Dr. Joel Kleinman, Dr. Patricia Kuusisto, Ivy Latimer, Anne Maffei, Blessing Mariano, Brett Marschke, Prema Menon, Shelia Mitchell, Joanne Nord-Montanez, David Murphy, Deborah O'Connor, Sheila O'Neill, Michael Roderick, Hosie Scott, Thomas Simmons, Dr. Charles Sodikoff, Vladimir Stadnyk, Shari Stein, Stephanie Thomas, Jeffrey Weberman, CPA, Dwanna Veneable, Gail. Do you know any of the witnesses whom I have mentioned?

5. Have you served on a jury before?

6. If the answer is yes and the case was a criminal case, you recognize that in the criminal case the

prosecution had to prove the case beyond a reasonable doubt, in this case, the plaintiff is only required to prove the case by a "preponderance of the evidence."  By a "preponderance of the evidence" we mean "more likely than not."  Will you apply this lesser burden of proof as instructed by the trial judge, even though you previously served on a criminal case?

7.	Have you ever been sued or threatened with a lawsuit?

7a.	If yes, as a result of that experience, have you formed an opinion of the lawsuits and Plaintiffs in general?

7b.	Would this opinion affect you ability to render a fair and impartial verdict in this case?

8.	Has a family member or a close friend ever been sued or threatened with a lawsuit?

8a	If yes, as a result of that experience, have you formed an opinion of lawsuits and Plaintiffs in general?

8b.	Would this opinion affect your ability to render a fair and impartial verdict in this case?

9.	In general, have you formed an opinion regarding employment discrimination cases?

10.	What is your opinion of employment discrimination cases?

10a.	Would that opinion affect your ability to render a fair and impartial verdict in this case?

11.	Do you know anyone who works in human resources for a business?

11a.	If yes, has that person ever spoken with you about his/her work?

11b.	If yes, have those conversations caused you to form an opinion about employment discrimination cases?

11c.	If yes, would this opinion affect your ability to render a fair and impartial verdict in this case?

12.	If after hearing all of the evidence presented in this case and listening to the law as set forth by the Judge, the plaintiff has proven each and every element necessary to prevail will you render a verdict in

the plaintiff's favor?

13. Have you ever been in a position to fire someone from their employment? If yes, what was the reason this person being fired?

14. Have you ever actually fired someone?

15. Have you ever been asked by a supervisor to treat another employee unfairly? If so, did you follow instructions?

16. Should someone be allowed to suffer a change in their work conditions strictly because they complained that they were the victim of discrimination?

17. Have you, a family member or a close friend ever owned a business?

17a. If so, do you feel that you would have a tendency to favor the Defendant in this case?

18. Do you believe that African Americans have the right to complain about discrimination without being retaliated against?

19. Do you believe an African American can be discriminated against while working at a company which employs other African Americans who do not feel that they have been discriminated against?

20. Do you believe that it is inappropriate for a Human Resource employee to sue a company for discrimination if she believes she has been the victim of discrimination or retaliation?

21. Do you believe that a company should have to pay damages for discriminating or retaliating against an employee while working for that Company, if that employee has left the Company and found employment for equal or better salary?

22. Have you or any member of your immediate family ever been required, or by your employer required to accept an unwanted reassignment, for any reason?

a) If so, do you believe that the employer is always justified?

b) If so, do you feel you to tend to favor the Defendant in this case?

c) If so, would you have difficulty in rendering a fair and impartial verdict in this case

23. Have you or any member of your family been accused of discrimination in the workplace?

24. Do you resent any of your present or past co-employees because they sued and recovered against

their employer for not treating them fairly, or for reasons related to discrimination?

If so, do you feel this experience and feeling might cause you to tend to favor the Defendant in this case?

25. If you find that Plaintiff's complaints of discrimination were factors that motivated the Company to discriminate or retaliate against the Plaintiff, should she recover a sum of money for emotional pain and injury, for discrimination?

26. If you find that a Company acted in a way that involved callous disregard or reckless indifference for the rights of an employee could you find for punitive damages against the Company?

27. Have you ever been a Plaintiff or a Defendant in a civil lawsuit, other than a divorce?

If yes, please describe what was the lawsuit about?

28. Do you know of any reason why you could not be fair to Plaintiff?

29. What is the highest level of education you completed?

30. What is your current or most recent occupation?

31. What is the name of your current or most recent employer?

32. What are your specific duties and responsibilities of the job?

33. Does your current job involve supervising other people?

34. Are you involved in evaluating the job performance of other employees?

35. For whom does any other adult who lives in your home work for?

36. If you or anyone close to you has ever sued or been sued, in any type of lawsuit, explain, what type, if you were plaintiff/defendant and outcome of case?

37. Have you or any member of your family been wrongly accused of job discrimination or retaliation?

38. Do you believe African American's claim race discrimination too often?

Do you feel that money damages awarded in lawsuits generally are:

A.   Excessive
B.   Often too large
C.   Fair
D.   Occasionally too low
E.   Often too low

39. Do you believe that an employer can make an employee's working conditions so intolerable that the employee is forced to involuntarily resign?

40. Do you believe that an involuntary resignation has the same effect as being fired?

If not, why?

Is there any matter not covered by this Questionnaire that could affect your ability to be a fair and impartial juror, explain?

Dated: Great Neck, New York
       June 27, 2008

                                                    _____
                                                    By:
                                                    Trial Counsel:
                                                    Lawrence Solotoff (LS1356)
                                                    Cheryl Solotoff (CS3013)
                                                    SOLOTOFF & SOLOTOFF, ESQS.
                                                    Plaintiff's Counsel
                                                    P.O.Box 4686
                                                    Great Neck, New York 11023
                                                    Office No.   (516) 466-5522
                                                    Facsimile No. (516) 466-5562

TO:   PROSKAUER ROSE LLP
      Gregory I. Rasin, Elise M. Bloom
      Steven D. Hurd
      1585 Broadway
      New York, NY  10036-8299
      Telephone 212.969.3000
      Fax 212.969.2900
      grasin@proskauer.com
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned, a member in good standing of the Bar of this Court, hereby certifies that on June 27, 2008 Counsel caused a true and correct copy of Plaintiffs' Proposed Jury Instructions, Voir Dire Questions, and Special verdict Form to be served via Overnight Mail to:

PROSKAUER ROSE LLP
      Gregory I. Rasin
      Elise M. Bloom
      Steven D. Hurd
      1585 Broadway
      New York, NY  10036-8299
      Telephone 212.969.3000
      Fax 212.969.2900
      grasin@proskauer.com
ATTORNEYS FOR DEFENDANT

Dated: Great Neck, New York
       June 27, 2008

                                                                                                      _____

Trial Counsel:
Lawrence Solotoff (LS1356)
Cheryl Solotoff (CS3013)
SOLOTOFF & SOLOTOFF, ESQS.
Plaintiff's Counsel
P.O.Box 4686
Great Neck, New York 11023
Office No.    (516) 466-5522
Facsimile No.  (516) 466-5562