PROSKAUER ROSE LLP
Gregory I. Rasin
Elise M. Bloom
Steven D. Hurd
1585 Broadway
New York, New York 10036
(212) 969-3000
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JANNIE PILGRIM, GIOVANNA HENSON,  :
JESAN SPENCER, BRENDA CURTIS,   :  Civil Action No.:  07-6618 (CM) (AJP)
               :
    Plaintiffs,      :
               :  **DEFENDANT'S PROPOSED**
  against        :  **JURY CHARGES**
               :
THE MCGRAW-HILL COMPANIES, INC., :
               :
    Defendant.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

     Defendant The McGraw-Hill Companies, Inc. ("Defendant" or "McGraw-Hill") requests that the jury in this matter be charged in the form attached and marked as Defendant's Request to Charge Nos. 1 through 76, inclusive, as if each paragraph were a separate request and a separate charge.  Charges 1 to 15 and 73 to 76 are general charges that relate to all Plaintiffs; charges 16 to 30 relate specifically to Plaintiff Jesan Spencer ("Spencer"); charges 31 to 43 relate specifically to Plaintiff Brenda Curtis ("Curtis"); charges 44 to 57 relate specifically to Plaintiff Giovanna Henson ("Henson"); and charges 58 to 73 relate specifically to Plaintiff Jannie Pilgrim ("Pilgrim").  Defendant reserves its right to modify, amend or supplement its proposed jury charges in accordance with the rules of the Court.

Respectfully submitted,


PROSKAUER ROSE LLP
1585 Broadway
New York, New York
(212) 969-3000
grasin@proskauer.com


By:      /s/ Gregory I. Rasin
Gregory I. Rasin
Elise M. Bloom
Steven D. Hurd

ATTORNEYS FOR DEFENDANT

Dated: June 27, 2008
      New York, New York

**DEFENDANT'S REQUEST TO CHARGE NO. 1**
**PRELIMINARY INSTRUCTIONS BEFORE TRIAL - DUTY OF JURORS**

Members of the jury, we are about to begin the trial of the case about which you have heard some details during the process of jury selection.  Before the trial begins, however, there are certain instructions you should have to better understand what will be presented before you and how you should conduct yourself during trial.

The party who brings a lawsuit is called the plaintiff.  In this action there are four plaintiffs: Jannie Pilgrim, Giovanna Henson, Jesan Spencer, and Brenda Curtis.  The party against whom the suit is brought is called the defendant.  In this action the defendant is The McGraw-Hill Companies, Inc.

Plaintiffs have brought claims of race discrimination and retaliation against McGraw-Hill upon which you will be asked to return a verdict.  After all the evidence is presented during trial, you will be given specific instructions on the law relating to Plaintiffs' claims which you must apply to the facts as you determine them.  By your verdict, you will decide disputed issues of fact.  I will decide all questions of law that arise during the trial, and before you retire to deliberate at the close of the case, I will instruct you on the law that you must follow and apply in deciding upon your verdict.

Since you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented for your consideration, bearing in mind that I will instruct you at the end of the trial concerning the matter in which you should determine the credibility or lack of credibility of each witness and the weight to be given to their testimony.  During the trial, however, you should keep an open mind and should not form or express any opinion about the case one way or the other until you have heard all of the testimony and evidence, the closing arguments of the lawyers and my instructions to you on the applicable

law.  While the trial is in process, you must not discuss the case in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence.

From time to time during the trial, I may be called upon to make rulings of law on objections or motions made by the parties.  It is the duty of the attorney, on each side of a case, to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  You should not show prejudice against an attorney or her client because the attorney has made objections.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  If I sustain an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions about the question itself.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing in regard to questions of law or procedure that require consideration by the Court alone.  On some occasions, you may be excused from the courtroom for the same reason.  I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

You must perform your duties as jurors without bias or prejudice to any party.  The law does not permit you to be governed by sympathy, prejudice or public opinion.  All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you and reach a just verdict, regardless of the consequences.

Source:    O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 101.01 (5th ed. 2000) (modified).

**DEFENDANT'S REQUEST TO CHARGE NO. 2**
**PRELIMINARY INSTRUCTIONS BEFORE TRIAL - THE ORDER OF THE CASE**

The case will proceed in the following order:

First, Plaintiffs will make an opening statement outlining their case. Immediately after Plaintiffs' statement, McGraw-Hill will make an opening statement outlining its case. None of the parties are required to make an opening statement. What is said in opening statements is not evidence, but is simply designed to provide you with an introduction as to the evidence that the parties intend to produce.

Second, Plaintiffs will introduce evidence in support of their claims. At the conclusion of Plaintiffs' case, McGraw-Hill may introduce evidence. McGraw-Hill, however, is not obligated to introduce any evidence or to call any witnesses. If McGraw-Hill introduces evidence, Plaintiffs may then introduce rebuttal evidence.

Third, the parties may present closing arguments to you as to what they consider the evidence has shown and as to the inferences that they contend you should draw from the evidence. What is said in closing arguments, just as what is said in opening statements, is not evidence. The arguments are designed to present to you the contentions of the parties based on the evidence introduced. Because Plaintiffs have the burden of proof, Plaintiffs have the right to open and close the argument.

Fourth, I will instruct you on the law which you are to apply in reaching your verdict.


Source:        O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 101.02 (5th ed. 2000) (modified).

**DEFENDANT'S REQUEST TO CHARGE NO. 3**
**BEFORE AND AFTER TRIAL – EVIDENCE IN THE CASE**

Statements and arguments of counsel are not evidence in the case.  While the attorneys may present explanations for their clients, these statements and arguments are not evidence.  The attorneys are not witnesses in this case.  Evidence is introduced by witnesses, not by attorneys.

The Court may take judicial notice of certain facts or events.  When the Court declares it will take judicial notice of some fact or event, the jury must, unless otherwise instructed, accept the Court's declaration as evidence, and regard as proven the fact or event that has been judicially noticed.

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses, regardless of which party may have called them; all exhibits received in evidence, regardless of who has produced them; all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Source:     O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 103.30 (5th ed. 2000) (modified).

## DEFENDANT'S REQUEST TO CHARGE NO. 4
## PRELIMINARY INSTRUCTIONS AFTER TRIAL - DUTIES OF JURORS

MEMBERS OF THE JURY:

Ladies and gentlemen of the jury, now that the evidence is all in and counsel have summed up their contentions, the time has come for us to perform our respective functions in the administration of justice in this case.

As I stated to you at the outset, it is my duty to instruct you as to the principles of law to be followed, and it is your duty to accept those instructions as they are given by me and apply them to the evidence in this case. In performing your function, you should not single out any one instruction as stating the law, but, rather, should consider these instructions as a whole.

My instructions to you will consist of three sections. As you know, although these cases have been tried together, there are 4 individual Plaintiffs in this case and they each have their own, individualized claims, which they each need to prove and which you need to evaluate separately and distinct from each other. First, I will give you some general instructions applicable in each of the Plaintiff's cases. Second, I will instruct you regarding the specific issues that pertain to the Plaintiffs, individually, that will need to be decided by you in this case relating to alleged discrimination and damages. Finally, I will give you some instructions regarding the conduct of your deliberations. A copy of these instructions will be available for you in the jury room to consult if you find it necessary.

DUTIES OF THE JURY

In defining the duties of the jury, let me first give you a few general rules:

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them to be from the evidence in the case.

The questions that you must decide will be submitted to you in the form of a special verdict consisting of specific questions for you to answer. You must answer these questions by applying the facts as you find them to be. I shall give to you the rules of the law that apply to these questions. You must apply them in arriving at your answers.

You are not to single out any one instruction alone as stating the law, but, instead, must consider the instructions as a whole. Nor are you to be concerned with the wisdom of any rule of law stated by me. You are obligated to follow the law.

Nothing I say in these instructions is to be taken as an indication that I have any opinion, one way or the other, about the facts of the case. It is not my function to determine the facts, but rather that is your function.

You must perform your duties as jurors without bias or prejudice as to any party. You must follow the law as I give it to you, whether you agree with it or not. The law does not permit you to be governed by sympathy, prejudice, or public opinion. You are to treat all parties equally. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict.

Source:      O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 103.01 (5th ed. 2000) (modified).

## DEFENDANT'S REQUEST TO CHARGE NO. 5
## ALL PERSONS EQUAL BEFORE THE LAW

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A company like McGraw-Hill is entitled to the same fair trial as private individuals, like the Plaintiffs. All persons, including a company like McGraw-Hill, stand equal before the law, and are to be dealt with as equals in a Court of justice. You should not decide that McGraw-Hill engaged in any wrongdoing because it is a business entity, instead of an individual like the Plaintiffs, or decide that monetary damages should be awarded because "businesses can afford them" or because people believe that businesses act in a certain way. Each Plaintiff must prove her individual case. McGraw-Hill, as well as each Plaintiff, is entitled to a fair trial.


Source:    O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 103.12 (5th ed. 2000) (modified).

## DEFENDANT'S REQUEST TO CHARGE NO. 6
## STATEMENTS BY THE COURT DO NOT CONSTITUTE EVIDENCE

        The law permits judges to comment to the jury on the evidence in the case. Such comments are only the expression of the judge's opinion as to the facts. They are not evidence. You may disregard them entirely, because you as jurors are the sole judges of the facts and are not bound by my comments or opinions.

Source:      O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 103.33 (5th ed. 2000) (modified).

**DEFENDANT'S REQUEST TO CHARGE NO. 7**
**RULINGS ON OBJECTIONS TO EVIDENCE**

During the trial I have been called upon to make rulings from time to time.  I have sustained some objections, I have overruled others.  In this connection you should also remember that it is the answer to a question that is evidence – not the question itself.

It is equally important that you not draw inferences against either side because of any objections that counsel may have made during the trial, or any arguments that counsel may have made, or the fact that it may have been necessary from time to time to engage in conferences at the side bar or to exclude you from the courtroom altogether.

Under our system of justice it is the function and duty of counsel to object to anything that they think is legally improper, and they would be remiss in their duty if they failed to do so.  But it is my function and duty to rule on these questions of law, and I also would be remiss in my duty, too, if I failed to make such rulings, even though sometimes they may not have been to the liking of counsel for either side.

If during the course of the trial from my rulings or facial expressions or questions that I put to the witnesses you got the impression that I personally have any views on the credibility of any witnesses, or on the weight to be given to their testimony, or to the proof, or to the merits of the case, please disregard it.  It is not my intention to imply or express any opinion or any views to you with respect to the facts in the case, or the merits, or the credibility of any witness.  That is your sole and exclusive function.

Any questions which I may have put to witnesses during the course of the trial have been put to those witnesses in an attempt to clarify issues that you might ultimately decide.  It was not to give you the impression that I was siding one way or another.  Whatever my

feelings may be in this matter with respect to the issues you will decide are completely immaterial and irrelevant.

Let me give you a few more basic principles of general application.

Source:      Mathes, <u>Jury Instructions and Forms for Federal Rules</u>, 28 F.R.D. 401, § 9.04 (1961) (modified).

**DEFENDANT'S REQUEST TO CHARGE NO. 8**
**CAUSATION AND PREPONDERANCE OF THE EVIDENCE**

In this case, the burden of proving each of their cases is on each of the Plaintiffs as to her own case. Each Plaintiff must prove each and every essential element of her claims by a preponderance of the evidence.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in this case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true. A Plaintiff cannot almost prove her claim. Each Plaintiff must prove every element of her claims by a preponderance of the evidence. Sympathy or assumptions cannot replace proof of evidence.

In determining whether any fact in issue has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. A "preponderance of the evidence" means the greater part of the evidence. It does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase "preponderance of the evidence" refers to the quality of evidence – the weight and effect it has on your mind.

You do not have to reach the same decision as to any Plaintiff's claim. If the proof does not establish any essential element of a Plaintiff's claim by a preponderance of the evidence in this case, you should find for McGraw-Hill as to that claim. If you find that the evidence weighs so evenly that you are unable to say that there is a preponderance of evidence

on either side, then the Plaintiff has not proven her case by a preponderance of the evidence and

you must find for McGraw-Hill.


Source:       O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 171.60,
              171.61 (5th ed. 2001) (modified); Mathes, <u>Jury Instructions and Forms for Federal
              Rules</u>, 28 F.R.D. 401, § 2.01 (1961) (modified); <u>Desert Palace Inc. v. Costa</u>, 539
              U.S. 90 (2003); <u>Nissho-Iwai Co., Ltd. v. M/T Stolt Lion</u>, 719 F.2d 34, 38 (2d Cir.
              1983); <u>Burka v. New York City Transit Auth.</u>, 739 F. Supp. 814, 843, n.23
              (S.D.N.Y. 1990).

<u>**DEFENDANT'S REQUEST TO CHARGE NO. 9**</u>
<u>**"IF YOU FIND" OR "IF YOU DECIDE"**</u>

When I say in these instructions that a party has the burden of proof on any proposition, or use of the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.


Source:        O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 104.04 (5th ed. 2000).

## <u>DEFENDANT'S REQUEST TO CHARGE NO. 10</u>
## <u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

There are, generally speaking, two types of evidence from which you may properly find the truth as to the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence: the proof of a chain of circumstances from which another fact may be inferred.

To illustrate what I mean by circumstantial evidence, let me give you an example that is often used in this courthouse.  Assume that when you entered the courthouse this morning the sun was shining brightly outside and it was a clear day.  In the courtroom, however, the shades are drawn, and you cannot see outside.  As the trial progresses, people start entering the courtroom wearing raincoats and carrying dripping umbrellas.  From these facts, you might reasonably infer that it has begun to rain, even though you cannot see out the window and do not know by direct observation or evidence that it is raining.

Having told you that the law recognizes both direct and circumstantial evidence, let me also instruct you that the law makes no distinction between the weight to be given to either direct or circumstantial evidence.

As I said before, which of the admitted evidence you will accept as authoritative is up to you.  But you may consider only what has been admitted as evidence in this trial – things that I have ruled inadmissible may not be considered.  And, of course, it is for you to interpret the evidence.

Source:      4 Hon. Leonard B. Sand et al., <u>Modern Federal Jury Instructions-Civil</u> § 74.01[1], Instruction 74-2 (2007) (modified).

**DEFENDANT'S REQUEST TO CHARGE NO. 11**
**EVALUATION OF TESTIMONY - CREDIBILITY OF WITNESS**

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' motive, state of mind, and demeanor or manner while on the stand. Ask yourself, what does this witness stand to gain or lose. Consider the witness' ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently. Innocent mis-recollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness as much weight, if any, as you may think it deserves. In short, you may accept or reject the testimony of any witness in whole or in part.

- 17 -

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Source:      O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 105.01 (5th ed. 2000) (modified).

**DEFENDANT'S REQUEST TO CHARGE NO. 12**
**IMPEACHMENT - INCONSISTENT STATEMENTS OR CONDUCT**

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements which are inconsistent with his or her present testimony. The earlier contradictory statements are admissible only to impeach the credibility of the witness, and not to establish the truth of these statements. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has been impeached.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness' testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.


Source:      O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 105.04 (5th ed. 2000) (modified).

- 19 -

**DEFENDANT'S REQUEST TO CHARGE NO. 13**
**ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce, as exhibits, all papers and things in the evidence in the case.

Source:     O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 105.11 (5th ed. 2000).

## DEFENDANT'S REQUEST TO CHARGE NO. 14
## SEPARATENESS OF PLAINTIFF'S CLAIMS

In this case, each Plaintiff has asserted separate claims of race discrimination and of retaliation. When you consider the charges I am about to give you, remember that you must evaluate each of Plaintiffs' claims separately. For each Plaintiff, you may find that she has proven none of her claims, all of her claims, or one or more of her claims. She might prove certain claims, but fail to prove others. A Plaintiff has failed to prove a claim if she has failed to prove any element or part thereof. You are not required to reach the same conclusions for each claim or for each Plaintiff. To the contrary, you must assess each claim on its own and determine whether each Plaintiff has proven what the law requires to prevail on each claim. Simply put, you should not rule in favor of or against one claim simply because you ruled in favor of or against the other claim. Each of the claims should stand or fall on its own.

**DEFENDANT'S REQUEST TO CHARGE NO. 15**
**NATURE OF PLAINTIFFS' CLAIMS GENERALLY**

I am going to briefly state the claims and contentions set forth by each Plaintiff. In stating these claims, I express no opinion of the facts, because you are the sole judges of the facts. If I should inaccurately or insufficiently state any particular fact in this case, then you are to disregard that, as you alone are the judges of the facts. You will consider all the facts, the testimony from the stand, the physical facts, and all legitimate inferences.

Following my instructions on the claims and contentions of each Plaintiff, I will instruct you on the applicable law to each Plaintiff's claims. It is your responsibility to decide whether each Plaintiff has proven each of her individual claims of intentional discrimination and retaliation by McGraw-Hill by a preponderance of the evidence.

Source:    O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 171.01 (5th ed. 2001) (modified).

- 22 -

**DEFENDANT'S REQUEST TO CHARGE NO. 16**
**NATURE OF PLAINTIFF SPENCER'S CLAIMS**
*[PLAINTIFF SPENCER ONLY]*

Plaintiff Spencer claims that she was discriminated against because of her race while at McGraw-Hill through the creation of a hostile work environment and that she was retaliated against when she complained about discrimination.  McGraw-Hill denies these allegations and claims that Plaintiff Spencer was not subject to a racially hostile work environment and was not retaliated against.

Plaintiff Spencer also claims that she was "constructively discharged," meaning that McGraw-Hill intentionally made her working conditions so intolerable that a reasonable person would feel forced to resign.  McGraw-Hill contends that Plaintiff Spencer left the Company to start her own business, something that she had wanted to do for some time.  Plaintiff Spencer has stipulated that she has no lost wages or benefits in connection with her departure from the Company.

Source:        Plaintiffs' Complaint; Defendant's Answer to Plaintiffs' Complaint.

**DEFENDANT'S REQUEST TO CHARGE NO. 17**
**ESSENTIAL ELEMENTS OF PLAINTIFF SPENCER'S DISCRIMINATION CLAIM**
*[PLAINTIFF SPENCER ONLY]*

In order for Plaintiff Spencer to establish her race discrimination claims against McGraw-Hill, Plaintiff Spencer has the burden of proving, by a preponderance of the evidence, that McGraw-Hill took an adverse employment action against her because of her race. To do so, Plaintiff Spencer must show that she suffered a materially adverse change in the terms and conditions of her employment because of her race. To be "materially adverse," a change in working conditions must be "more disruptive than a mere inconvenience or an alteration of job responsibilities."

Furthermore, Plaintiff Spencer must prove that McGraw-Hill intentionally discriminated against her; that is, Plaintiff Spencer's race must be proven to have been a substantial or motivating factor in McGraw-Hill's decisions with respect to her employment – specifically, in its alleged decision to reduce her job duties. The mere fact that Plaintiff Spencer is African American, and the fact that she may have suffered an adverse employment action is not sufficient, in and of itself, to establish any of Plaintiff Spencer's claims under the law.

In showing that Plaintiff Spencer's race was a substantial or motivating factor, Plaintiff Spencer is not required to prove that her race was the sole motivation for McGraw-Hill's decisions. Plaintiff Spencer needs only prove that race played a motivating part in McGraw-Hill's decisions, even though other factors may also have motivated McGraw-Hill.

Source:     O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 170.20, 171.20 (5th ed. 2001) (modified); see also Sanders v. N.Y. City Human Res. Admin., 361 F.3d 749, 758 (2d Cir. 2004); Hester v. BIC Corp., 225 F.3d 178, 186 (2d Cir. 2000); Galabya v. N.Y. City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000); Ferrante v. American Lung Ass'n, 90 N.Y.2d 623, 629, 665 N.Y.S.2d 25, 28 (1997) (applying the same standards and burdens of proof to claims under the Human Rights Law as are used under federal anti-discrimination laws).

**DEFENDANT'S REQUEST TO CHARGE NO. 18**
**ESSENTIAL ELEMENTS OF PLAINTIFF SPENCER'S**
**HOSTILE WORK ENVIRONMENT CLAIM**
*[PLAINTIFF SPENCER ONLY]*

Plaintiff Spencer contends that the alleged discriminatory employment action taken against her on account of her race was the creation of what is called a "hostile work environment." To establish her claim, Plaintiff Spencer must prove, by a preponderance of the evidence, each of the following elements:

First: That she was subjected to unwelcome harassment, ridicule, or other abusive conduct;

Second: That the abusive conduct was motivated, at least in part, by her race;

Third: That the abusive conduct was so severe or pervasive that both Plaintiff Spencer herself and a reasonable person in Plaintiff Spencer's position would find her work environment so hostile or offensive that it would interfere with her work performance; and

Fourth: That McGraw-Hill's management employees knew, or should have known, of the abusive conduct and failed to take prompt and appropriate corrective action.

In making your determination, you must look at all of the circumstances surrounding Plaintiff Spencer's employment. In order to meet her burden of showing that the conduct alleged interfered with her work performance, Plaintiff Spencer must show more than mere insults, simple teasing, offhand comments, or isolated incidents of offensive conduct. The conduct must have occurred because of Plaintiff Spencer's race, and there must be a steady barrage of offensive racial remarks. A few isolated incidents of racial enmity or sporadic racial slurs are not enough.

Source:    5 Hon. Leonard B. Sand et al., Modern Federal Jury Instructions-Civil § 88.03[1], Instruction 88-45 (2007) (modified); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 171.22 (5th ed. 2001) (modified); Faragher v. City of

Boca Raton, 524 U.S. 775, 786 (1998); Harris v. Forklift Sys., Inc., 510 U.S. 17, 21-22 (1993); Williams. v. County of Westchester, 171 F.3d 98, 100-01 (2d Cir. 1999).

**DEFENDANT'S REQUEST TO CHARGE NO. 19**
**ESSENTIAL ELEMENTS OF PLAINTIFF SPENCER'S**
**CONSTRUCTIVE DISCHARGE CLAIM**
*[PLAINTIFF SPENCER ONLY]*

Plaintiff Spencer claims that McGraw-Hill constructively discharged her. McGraw-Hill claims Spencer voluntarily left to start her own business. The parties have stipulated that Plaintiff Spencer has lost no wages or benefits as a result of her departure from the Company. In order for Plaintiff Spencer to recover on this claim, she must prove that McGraw-Hill intentionally discriminated against her. Plaintiff Spencer must prove, by a preponderance of evidence, that:

First:  McGraw-Hill intentionally made her working conditions so intolerable that a reasonable person would feel forced to resign;

Second:  Her race or alleged complaint of discrimination was a substantial or motivating factor in McGraw-Hill's conduct; and

Third:  McGraw-Hill acted with the intent of forcing her to quit.

In evaluating Plaintiff Spencer's constructive discharge claim, you must be satisfied that McGraw-Hill's actions were deliberate, and not merely negligent or ineffective. Furthermore, Plaintiff Spencer must prove to you, by a preponderance of the evidence, that McGraw-Hill's deliberate actions rendered her work conditions so intolerable as to compel her resignation.

Source:     O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 170.20, 171.20 (5th ed. 2001) (modified); 5 Hon. Leonard B. Sand et al., <u>Modern Federal Jury Instructions-Civil</u> § 88.03[1], Instruction 88-47 (2007) (modified); <u>Petrosino v. Bell Atl.</u>, 385 F.3d 210, 229-30 (2d Cir. 2004).

**DEFENDANT'S REQUEST TO CHARGE NO. 20**
**DISCRIMINATION CLAIMS –**
**LEGITIMATE REASONS FOR EMPLOYMENT DECISIONS**
*[PLAINTIFF SPENCER ONLY]*

The determining facts you must decide are whether Plaintiff Spencer has proven, by a preponderance of the evidence, that her race was a substantial or motivating factor in McGraw-Hill's decisions regarding her employment.

In considering whether Plaintiff Spencer has proven each of her claims by a preponderance of the evidence, you should consider McGraw-Hill's articulated reasons, other than Plaintiff Spencer's race, for its decisions regarding her employment. If McGraw-Hill establishes legitimate, non-discriminatory reasons for its decisions, Plaintiff Spencer may still prevail if she can demonstrate that McGraw-Hill's reasons were merely a pretext for unlawful discrimination based on Plaintiff Spencer's race.

A pretext is an excuse given in order to cloak the real intention or state of affairs. But you are required to keep in mind that you are not to second-guess the wisdom or reasonableness of McGraw-Hill's employment practices or decisions. At all times the burden of proving her claim of intentional discrimination by a preponderance of the evidence rests on Plaintiff Spencer.

McGraw-Hill claims that all decisions regarding Plaintiff Spencer's employment were made for legitimate, non-discriminatory business reasons. If Plaintiff Spencer does not convince you, by a preponderance of the evidence, that McGraw-Hill's stated reasons for its decisions concerning Plaintiff Spencer's employment are false, Plaintiff Spencer cannot establish her discrimination claims.

An employer has the right to make business decisions, including the right to hire, fire, or discipline an employee, for a bad reason, good reason, or no reason at all, absent

intentional discrimination.    The fact that you may disagree with McGraw-Hill's non-discriminatory reasons for its decisions concerning Plaintiff Spencer is not a sufficient justification to disregard it or discredit it.  You should not find that a decision is unlawful just because you may disagree with McGraw-Hill's stated reasons or because you believe the decision was harsh or unreasonable.  Harsh treatment is not unlawful under the discrimination laws in this case.  In addition, it is not necessary that McGraw-Hill's non-discriminatory reason for its decisions concerning Plaintiff Spencer be correct, but only that McGraw-Hill believed its reasons in good faith.

        If you find that McGraw-Hill has provided reasons unrelated to Plaintiff Spencer's race for each decision challenged by Plaintiff Spencer, you must find in favor of McGraw-Hill, unless you conclude that Plaintiff Spencer has proven, by a preponderance of the evidence, that the reasons offered by McGraw-Hill for its decisions were false and that race actually motivated McGraw-Hill's decision.


Source:        O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 170.52, 171.77 (5th ed. 2001) (modified); Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 144-49 (2000); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507-08 (1993); Montana v. First Fed.  Sav. & Loan Ass'n, 869 F.2d 100, 105-06 (2d Cir. 1989); Donaldson v. Merrill Lynch & Co., 794 F. Supp.  498, 504-05 (S.D.N.Y. 1992).

**DEFENDANT'S REQUEST TO CHARGE NO. 21**
**PLAINTIFF'S SUBJECTIVE BELIEF**
*[PLAINTIFF SPENCER ONLY]*

Plaintiff Spencer's personal, subjective belief that she was discriminated against is not sufficient to meet her burden of proof. It is not enough for Plaintiff Spencer to show her subjective beliefs, feelings, suspicions or speculation that the legitimate, non-discriminatory reasons stated by McGraw-Hill were not genuine.

The burden in this case is always on the Plaintiff Spencer to prove by a preponderance of the evidence that McGraw-Hill intentionally discriminated against her because of her race. If Plaintiff Spencer fails to meet her respective burden, you must find for McGraw-Hill.

Source:     St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 259-60 (1981); Thermidor v. Beth Israel Med. Ctr., 683 F. Supp. 403, 412-13 (S.D.N.Y 1988); Howard v. Holmes, 656 F. Supp. 1144, 1149 (S.D.N.Y. 1987).

**DEFENDANT'S REQUEST TO CHARGE NO. 22**
**MIXED MOTIVE – DISCRIMINATION CLAIMS**
*[PLAINTIFF SPENCER ONLY]*

Even if Plaintiff Spencer proves her race played a role in McGraw-Hill's decisions concerning her employment, if McGraw-Hill has proven, by a preponderance of the evidence, that it would have reached the same decisions regardless of Plaintiff Spencer's race, you must find for McGraw-Hill.

Source:    5 Hon. Leonard B. Sand et al., Modern Federal Jury Instructions-Civil § 88.03[1], Instruction 88-43 (2007) (modified); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 170.51, 171.76 (5th ed. 2001) (modified); Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003); Price Waterhouse v. Hopkins, 490 U.S. 228 (1989).

**DEFENDANT'S REQUEST TO CHARGE NO. 23**
**ESSENTIAL ELEMENTS OF PLAINTIFF SPENCER'S RETALIATION CLAIM**
*[PLAINTIFF SPENCER ONLY]*

Plaintiff Spencer claims that McGraw-Hill retaliated against her because she opposed a practice made unlawful by Title VII, Section 1981, the State Human Rights Law, and/or the City Human Rights Law. Specifically, Plaintiff Spencer claims that McGraw-Hill retaliated against her because she had made complaints that her supervisor engaged in unlawful discrimination.

For Plaintiff Spencer to establish her retaliation claim against McGraw-Hill, Plaintiff Spencer has the burden of proving, by a preponderance of the evidence, each of the following four elements:

First: That Plaintiff Spencer engaged in protected conduct; specifically, in this case, that Plaintiff Spencer complained of race discrimination;

Second: That McGraw-Hill was aware of Plaintiff Spencer's alleged complaint(s);

Third: That Plaintiff Spencer suffered materially adverse employment changes in the terms or conditions of her employment at the time or after the protected conduct took place; and

Fourth, That McGraw-Hill made the materially adverse changes in the terms or conditions of Plaintiff Spencer's employment because of her protected activity.

With respect to the first element, not every complaint by an employee constitutes protected activity. Only complaints of discrimination covered by federal or state law, such as race discrimination complaints are protected.

- 32 -

With respect to the third element, an adverse action is "materially adverse" if the challenged action could discourage a reasonable employee from complaining about race discrimination in employment.  Trivial and innocuous actions that are not accompanied by adverse consequences to the employee are not adverse employment actions under the law.  The adverse action itself, however, need not be related to Plaintiff Spencer's employment.

With respect to the fourth element, McGraw-Hill need not have taken the adverse action solely, or even primarily, because of Plaintiff Spencer's protected activity; but McGraw-Hill must have taken the adverse employment action at least in part because of an intent to retaliate against Plaintiff Spencer for complaining about race discrimination in employment.  If Plaintiff Spencer fails to show a causal connection between the adverse action and her protected activity, then you must find for McGraw-Hill.

Source:      5 Hon. Leonard B. Sand et al., Modern Federal Jury Instructions-Civil § 88.03[1], Instruction 88-46 (2007) (modified); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 171.25 (5th ed. 2001) (modified); Burlington Northern & Santa Fe Ry. v. White, 548 U.S. 53 (2006); Perks v. Huntington, 234 Fed. Appx. 8, 11 (2d Cir. 2007); Feingold v. New York, 366 F.3d 138, 156 (2d Cir. 2004).

**DEFENDANT'S REQUEST TO CHARGE NO. 24**
**MIXED MOTIVE – RETALIATION CLAIM**
*[PLAINTIFF SPENCER ONLY]*

If you determine Plaintiff Spencer proved that her alleged complaint of discrimination was a substantial or motivating factor in McGraw-Hill's decisions with respect to the adverse employment actions alleged by Plaintiff Spencer, then you must find for Plaintiff Spencer. However, if you determine that McGraw-Hill proved by a preponderance of the evidence that it would have made the same decision(s) even if Plaintiff had not complained of discrimination, then you must find for McGraw-Hill on Plaintiff Spencer's retaliation claim.

Source:    5 Hon. Leonard B. Sand et al., Modern Federal Jury Instructions-Civil § 88.03[1], Instruction 88-43 (2007) (modified); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 170.51, 171.76 (5th ed. 2001) (modified); Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003); Price Waterhouse v. Hopkins, 490 U.S. 228 (1989).

**DEFENDANT'S REQUEST TO CHARGE NO. 25**
**DEFENDANT'S BUSINESS JUDGMENT NOT ON TRIAL**
*[PLAINTIFF SPENCER ONLY]*

As stated before, there are a number of specific considerations which you should keep in mind when you retire to the jury room to deliberate over the merits of this case. McGraw-Hill's business judgment is not on trial in this action. Even if you believe McGraw-Hill exercised poor or questionable business judgment in dealing with Plaintiff Spencer, or if you feel you would have made different decisions under similar circumstances, you cannot and must not find in favor of Plaintiff Spencer.

McGraw-Hill has presented evidence that its decisions concerning Plaintiff Spencer's employment were for legitimate, non-discriminatory, and non-retaliatory reasons. If Plaintiff Spencer does not disprove these reasons by a preponderance of evidence, you must find in favor of McGraw-Hill.

You must be persuaded that Plaintiff Spencer has proved, by a preponderance of the evidence, that McGraw-Hill's explanations for its actions are actually a pretext or excuse for intentional and purposeful discrimination and/or retaliation. Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment. An employer may make those decisions as it sees fit, as long as it is not unlawful.

In determining whether McGraw-Hill's stated reason for its action was a pretext for discrimination and/or retaliation, you may not question McGraw-Hill's business judgment. Your focus as the trier of fact must be on the McGraw-Hill's motivation, not on its business judgment. Pretext is not established just because you disagree with the business judgment of McGraw-Hill, unless you find that McGraw-Hill's given reasons were a pretext for discrimination and/or retaliation.

The law does not authorize courts or juries to judge the wisdom of a corporation's business decisions. It is not your job to determine the business needs or judgment to choose which employees should be discharged or to set levels of pay. Under the federal and state discrimination laws, an employer has the right to make its own business decisions, be they right or wrong, good or bad, so long as those decisions are not based on unlawful discriminatory and/or retaliatory reasons. If you believe that McGraw-Hill's explanations for its decisions concerning Plaintiff Spencer's employment are not a pretext to hide intentional and purposeful discrimination and/or retaliation, then McGraw-Hill's decisions cannot be second-guessed, and you must find for McGraw-Hill. Keep in mind that the question before you is whether Plaintiff Spencer has proven that McGraw-Hill's decisions were motivated by Plaintiff Spencer's race and/or alleged complaints of discrimination.

Source:    O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 171.75, 171.77 (5th ed. 2001) (modified); <u>Reeves v. Sanderson Plumbing Prods.</u>, 530 U.S. 133, 120 S. Ct. 2097, 2107-09 (2000); <u>De La Cruz v. New York City Resources Admin. Dep't of Social Svcs.</u>, 82 F.3d 16, 23 (2d Cir. 1996); <u>Montana v. First Fed. Sav. & Loan Ass'n</u>, 869 F.2d 100, 106 (2d Cir. 1989); <u>Parcinski v. Outlet Co.</u>, 673 F.2d 34, 37 (2d Cir. 1982), <u>cert</u>. <u>denied</u>, 459 U.S. 1103 (1983); <u>Balut v. Loral Elec. Sys.</u>, 988 F. Supp. 339, 350 (S.D.N.Y. 1997), <u>aff'd</u>, 166 F.3d 1199 (2d Cir. 1998) ("we decline to 'sit as a super-personnel department that reexamines an entity's business decisions'"); <u>Jimoh v. Ernst & Young</u>, 908 F. Supp. 220, 226 (S.D.N.Y. 1995) ("employee's disagreement with an employer's business decision is insufficient to prove discriminatory conduct"), <u>citing</u> <u>Dister v. Continental Group, Inc.</u>, 859 F.2d 1108, 1116 (2d Cir. 1988) ("[e]vidence that an employer made a poor business judgment in discharging an employee generally is insufficient to establish a genuine issue of fact as to the credibility of the employer's reasons."); <u>Toliver v. Sullivan Diagnostic Treatment Ctr.</u>, 818 F. Supp. 71, 75 (S.D.N.Y. 1993) (employee has not demonstrated pretext for discrimination even if employer acted unwisely or erroneously in firing employee for improper use of sick time); <u>Laverack & Haines v. New York State Div. of Human Rights</u>, 88 N.Y.2d 734, 739-40, 650 N.Y.S.2d 76 (1996); <u>Miller Brewing Co. v. State Div. of Human Rights</u>, 66 N.Y.2d 937, 938, 498 N.Y.S.2d 776 (1985).

**DEFENDANT'S REQUEST TO CHARGE NO. 26**
**CHARGES ON PLAINTIFF SPENCER'S DAMAGES GENERALLY –**
**COURT EXPRESSES NO OPINION**
*[PLAINTIFF SPENCER ONLY]*

I will next instruct you regarding the law of damages available for the claims raised by Plaintiff Spencer in this case.  The fact that I am instructing you as to the proper measure of damages should not be considered by you, in any way, as meaning that I have any views as to which party is entitled to your verdict in this case.  I am instructing you on all aspects of the law at this time.

Plaintiff Spencer does not seek damages for lost wages or lost benefits – what is sometimes referred to as "back and front pay."  The Parties have stipulated that she has lost no back or front pay.  Thus, under no circumstances are you to award Plaintiff Spencer damages for lost wages or lost benefits.

Plaintiff Spencer only seeks compensatory damages for pain and suffering.  If you find for Plaintiff Spencer on any of her claims against McGraw-Hill, then, and only then, would you consider the amount which, in the exercise of your good judgment and common sense, you find is fair and just compensation for compensatory damages Plaintiff Spencer sustained in accordance with the rules of law as I will describe them for you.  Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of Plaintiff Spencer from a preponderance of the evidence in the case in accordance with the other instructions.  If, therefore, you find that Plaintiff Spencer has not proven her case by a preponderance of the evidence, you must find for McGraw-Hill.  If you find for McGraw-Hill, you do not need to consider the instructions I give on damages.

Source:     O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 106.02 (5th ed. 2000) (modified).

**DEFENDANT'S REQUEST TO CHARGE NO. 27**
**COMPENSATORY DAMAGES SOUGHT BY PLAINTIFF SPENCER**
*[PLAINTIFF SPENCER ONLY]*

The purpose of damages is to award just and fair compensation for any loss from a defendant's violation of a plaintiff's rights. If you find McGraw-Hill discriminated or retaliated against Plaintiff Spencer, then you must determine an amount that is fair compensation for damages suffered by Plaintiff Spencer. You may award compensatory damages only for injuries that Plaintiff Spencer proves, by a preponderance of the evidence, were caused by McGraw-Hill's allegedly wrongful conduct.

Compensatory damages seek to make the plaintiff whole – that is, to compensate her for the damage she has suffered. A prevailing plaintiff is entitled to compensatory damage for "non-economic loss" which encompasses physical injuries as well as emotional or psychological impacts that the plaintiff has suffered because of the defendant's wrongful conduct. Compensatory damages can include medical and other expenses that a Plaintiff may have borne.

You may award compensatory damages only for injuries that Plaintiff Spencer proves by a preponderance of the evidence were caused by McGraw-Hill's allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less. You may award Plaintiff Spencer only that amount of compensatory damage which will fairly and reasonably compensate her for the injuries she sustained as a result of McGraw-Hill's conduct. Plaintiff Spencer is not entitled to an award of compensatory damages for any injuries she sustained as a result of other causes or contributing factors.

I cannot give you a yardstick by which to measure the dollar value of pain or injury. There is no exact standard for fixing the compensation to be awarded for these elements

of damage. You have heard Plaintiff Spencer's testimony about the losses she claims to have sustained because of McGraw-Hill's conduct. You will have to determine, based on your common sense and experience, that amount of money which will fairly and reasonably make her whole or compensate her for the damage, if any, she proves she sustained as a consequence of the unlawful acts that violated her rights. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound judgment in fixing an award of compensatory damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.

In calculating damages, do not consider any lost wages or benefits or potential future earnings that Plaintiff Spencer lost as a result of McGraw-Hill's actions. As I stated earlier, these are referred to as back and front pay, and Plaintiff Spencer is not seeking an award of lost wages or benefits or potential future earnings.

Source:      O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 170.60, 171.90 (5th ed. 2001) (modified); <u>Broadnax v. New Haven</u>, 415 F.3d 265, 271-72 (2d Cir. 2005); <u>Robinson v. Metro-North Commuter R.R.</u>, 267 F.3d 147, 157 (2d Cir. 2001).

**DEFENDANT'S REQUEST TO CHARGE NO. 28**
**PROXIMATE CAUSE**
***[PLAINTIFF SPENCER ONLY]***

An injury or damage is proximately caused by an act whenever it appears from the evidence that the act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of that act.  In other words, in order for you to award Plaintiff Spencer damages in this case, Plaintiff Spencer must prove by a preponderance of the evidence that she suffered an injury or damages as a direct result or as a reasonable consequence of the actions by McGraw-Hill.

Source:     O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 170.42, 171.62 (5th ed. 2001) (modified).

**DEFENDANT'S REQUEST TO CHARGE NO. 29**
**SPECULATIVE DAMAGES**
*[PLAINTIFF SPENCER ONLY]*

In awarding damages, you may not speculate on damages. It is only actual damages that the law speaks of. The amount of your verdict must be based upon the evidence presented. You are not to award to Plaintiff Spencer speculative damages; that is, compensation for damages that, although possible, are remote, conjectural or speculative.


Source:        4 Hon. Leonard B. Sand et al., Modern Federal Jury Instructions-Civil § 87.03[6], Instruction 87-89 (2007) (modified); see Memphis Comm. School Dis. v. Stachura, 477 U.S. 299, 309-10, 315-16 (1986).

- 41 -

**<u>DEFENDANT'S REQUEST TO CHARGE NO. 30</u>**
**<u>NO DOUBLE RECOVERY</u>**
*[PLAINTIFF SPENCER ONLY]*

In awarding damages, you are not permitted to award Plaintiff Spencer a double recovery for a single loss. If two separate claims result in a damage award to compensate Plaintiff Spencer for the same loss or injury, only one award can be made.

Source:    <u>Muller v. Costello</u>, 997 F. Supp. 299, 303 (N.D.N.Y. 1998), <u>aff'd</u> 187 F.3d 298 (2d Cir. 1999) ("a plaintiff who brings two separate Title VII actions, which are consolidated for the purposes of trial, is entitled to recover only a single aware of compensatory damages"), <u>quoting</u> <u>Galliher v. Rubin</u>, 969 F. Supp. 1329, 1331 (S.D. Ga. 1997).

**DEFENDANT'S REQUEST TO CHARGE NO. 31**
**NATURE OF PLAINTIFF CURTIS'S CLAIMS**
***[PLAINTIFF CURTIS ONLY]***

Plaintiff Curtis claims that she was discriminated against because of her race and retaliated against by McGraw-Hill by being denied certain positions to which she applied. McGraw-Hill denies these allegations and contends that, to the extent that Plaintiff Curtis sought other positions, McGraw-Hill selected other candidates because they were more qualified and that the selection process had nothing whatsoever to do with Plaintiff Curtis's race or any complaint of discrimination.

Source:        Plaintiffs' Complaint; Defendant's Answer to Plaintiffs' Complaint.

**DEFENDANT'S REQUEST TO CHARGE NO. 32**
**ESSENTIAL ELEMENTS OF PLAINTIFF CURTIS'S DISCRIMINATION CLAIM**
*[PLAINTIFF CURTIS ONLY]*

In order for Plaintiff Curtis to establish her discrimination claims against McGraw-Hill, Plaintiff Curtis has the burden of proving, by a preponderance of the evidence, that race motivated McGraw-Hill's decisions not to select her for various positions to which she applied after the termination of her employment with McGraw-Hill. Plaintiff Curtis must show that she suffered a materially adverse change in the terms and conditions of her employment because of her race. To be "materially adverse," a change in working conditions must be "more disruptive than a mere inconvenience or an alteration of job responsibilities."

For each position sought by Plaintiff Curtis, she must prove that (a) she applied for the position; and (b) that she was qualified for the position; (c) that, despite her qualifications, she was rejected; and (d) that the circumstances surrounding the employment decision give rise to an inference of unlawful discrimination.

Furthermore, Plaintiff Curtis must prove that McGraw-Hill intentionally discriminated against her; that is, Plaintiff Curtis's race must be proven to have been a substantial or motivating factor in McGraw-Hill's decisions to select another candidate for the position. The mere fact that Plaintiff Curtis is African American, and the fact that she did not receive a position for which she applied is not sufficient, in and of itself, to establish any of Plaintiff Curtis's claims under the law.

In showing that Plaintiff Curtis's race was a substantial or motivating factor, Plaintiff Curtis is not required to prove that her race was the sole motivation for McGraw-Hill's decisions to hire another candidate. Plaintiff Curtis needs only prove that race played a motivating part in McGraw-Hill's decisions, even though other factors may also have motivated

McGraw-Hill.

Source:        O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 170.20, 171.20 (5th ed. 2001) (modified); <u>see</u> <u>also</u> <u>Sanders v. N.Y. City Human Res. Admin.</u>, 361 F.3d 749, 758 (2d Cir. 2004); <u>Hester v. BIC Corp.</u>, 225 F.3d 178, 186 (2d Cir. 2000); <u>Galabya v. N.Y. City Bd. of Educ.</u>, 202 F.3d 636, 640 (2d Cir. 2000); <u>Schachner v. Beth Isr. Med. Ctr., North Div.</u>, 14 F. Supp. 2d 468, 470 (S.D.N.Y. 1998); <u>Ferrante v. American Lung Ass'n</u>, 90 N.Y.2d 623, 629, 665 N.Y.S.2d 25, 28 (1997) (applying the same standards and burdens of proof to claims under the Human Rights Law as are used under federal anti-discrimination laws).

**DEFENDANT'S REQUEST TO CHARGE NO. 33**
**DISCRIMINATION CLAIMS –**
**LEGITIMATE REASONS FOR EMPLOYMENT DECISIONS**
*[PLAINTIFF CURTIS ONLY]*

The determining facts you must decide are whether Plaintiff Curtis has proven, by a preponderance of the evidence, that her race was a substantial or motivating factor in McGraw-Hill's decision to select another candidate for positions she sought.

In considering whether Plaintiff Curtis has proven each of her claims by a preponderance of the evidence, you should consider McGraw-Hill's articulated reasons, other than Plaintiff Curtis's race, for its hiring decisions. If McGraw-Hill establishes legitimate, non-discriminatory reasons for its decisions, Plaintiff Curtis may still prevail if she can demonstrate that McGraw-Hill's reasons were merely a pretext for unlawful discrimination based on Plaintiff Curtis's race.

A pretext is an excuse given in order to cloak the real intention or state of affairs. But you are required to keep in mind that you are not to second-guess the wisdom or reasonableness of McGraw-Hill's employment practices or decisions. At all times the burden of proving her claim of intentional discrimination by a preponderance of the evidence rests on Plaintiff Curtis.

McGraw-Hill claims that all decisions regarding Plaintiff Curtis's employment were made for legitimate, non-discriminatory business reasons. If Plaintiff Curtis does not convince you, by a preponderance of the evidence, that McGraw-Hill's stated reasons for its decisions concerning Plaintiff Curtis's employment are false, Plaintiff Curtis cannot establish her discrimination claims.

An employer has the right to make business decisions, including the right to hire, fire, or discipline an employee for a bad reason, good reason, or no reason at all, absent

intentional discrimination.   The fact that you may disagree with McGraw-Hill's non-discriminatory reasons for its decisions concerning Plaintiff Curtis is not a sufficient justification to disregard it or discredit it.   You should not find that a decision is unlawful just because you may disagree with McGraw-Hill's stated reasons or because you believe the decision was harsh or unreasonable.   Harsh treatment is not unlawful under the discrimination laws in this case.   In addition, it is not necessary that McGraw-Hill's non-discriminatory reason for its decisions concerning Plaintiff Curtis be correct, but only that McGraw-Hill believed its reasons in good faith.

If you find that McGraw-Hill has provided reasons unrelated to Plaintiff Curtis's race for each decision challenged by Plaintiff Curtis, you must find in favor of McGraw-Hill, unless you conclude that Plaintiff Curtis has proven, by a preponderance of the evidence, that the reasons offered by McGraw-Hill for its decisions were false and that race actually motivated McGraw-Hill's decision.


Source:        O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 170.52, 171.77 (5th ed. 2001) (modified); <u>Reeves v. Sanderson Plumbing Prod., Inc.</u>, 530 U.S. 133, 144-49 (2000); <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502, 507-08 (1993); <u>Montana v. First Fed.  Sav. & Loan Ass'n</u>, 869 F.2d 100, 105-06 (2d Cir. 1989); <u>Donaldson v. Merrill Lynch & Co.</u>, 794 F. Supp.  498, 504-05 (S.D.N.Y. 1992).

## DEFENDANT'S REQUEST TO CHARGE NO. 34
## PLAINTIFF'S SUBJECTIVE BELIEF
### *[PLAINTIFF CURTIS ONLY]*

Plaintiff Curtis's personal, subjective belief that she was discriminated against is not sufficient to meet her burden of proof.  It is not enough for Plaintiff Curtis to show her subjective beliefs, feelings, suspicions or speculation that the legitimate non-discriminatory reasons stated by McGraw-Hill were not genuine.

The burden in this case is always on the Plaintiff Curtis to prove by a preponderance of the evidence that McGraw-Hill intentionally discriminated against her because of her race.  If Plaintiff Curtis fails to meet her respective burden, you must find for McGraw-Hill.


Source:     St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 259-60 (1981); Thermidor v. Beth Israel Med. Ctr., 683 F. Supp. 403, 412-13 (S.D.N.Y 1988); Howard v. Holmes, 656 F. Supp. 1144, 1149 (S.D.N.Y. 1987).

**DEFENDANT'S REQUEST TO CHARGE NO. 35**
**MIXED MOTIVE – DISCRIMINATION CLAIMS**
*[PLAINTIFF CURTIS ONLY]*

Even if Plaintiff Curtis proves her race played a role in McGraw-Hill's decisions concerning her applications for hire, if McGraw-Hill has proven, by a preponderance of the evidence, that it would have reached the same decisions regardless of Plaintiff Curtis's race, you must find for McGraw-Hill.


Source:    5 Hon. Leonard B. Sand et al., <u>Modern Federal Jury Instructions-Civil</u> § 88.03[1], Instruction 88-43 (2007) (modified); O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 170.51, 171.76 (5th ed. 2001) (modified); <u>Desert Palace, Inc. v. Costa</u>, 539 U.S. 90 (2003); <u>Price Waterhouse v. Hopkins</u>, 490 U.S. 228 (1989).

**DEFENDANT'S REQUEST TO CHARGE NO. 36**
**ESSENTIAL ELEMENTS OF PLAINTIFF CURTIS'S RETALIATION CLAIM**
*[PLAINTIFF CURTIS ONLY]*

Plaintiff Curtis claims that she opposed a practice made unlawful by Title VII, the State Human Rights Law, and/or the City Human Rights Law – specifically, that she complained of discrimination – and that McGraw-Hill retaliated against her because she had made complaints that her supervisor engaged in unlawful discrimination.

For Plaintiff Curtis to establish her retaliation claim against McGraw-Hill, Plaintiff Curtis has the burden of proving, by a preponderance of the evidence, each of the following four elements:

First:  That Plaintiff Curtis engaged in protected conduct; specifically, that Plaintiff Curtis complained of race discrimination;

Second:  That McGraw-Hill was aware of Plaintiff Curtis's alleged complaint(s);

Third:  That Plaintiff Curtis suffered materially adverse employment changes in the terms or conditions of her employment at the time or after the protected conduct took place; and

Fourth:  That McGraw-Hill made the materially adverse changes in the terms or conditions of Plaintiff Curtis's employment because of her protected activity.

With respect to the first element, not every complaint by an employee constitutes protected activity.  Only complaints of discrimination are protected.

With respect to the third element, an adverse action is "materially adverse" if the challenged action could discourage a reasonable employee from complaining about race discrimination in employment.  Trivial and innocuous actions that are not accompanied by

adverse consequences to the employee are not adverse employment actions under the law.  The adverse action itself, however, need not be related to Plaintiff Curtis's employment.

        With respect to the fourth element, McGraw-Hill need not have taken the adverse action solely, or even primarily, because of Plaintiff Curtis's protected activity; but McGraw-Hill must have taken the adverse employment action at least in part because of an intent to retaliate against Plaintiff Curtis for complaining about race discrimination in employment.  If Plaintiff Curtis fails to show a causal connection between the adverse action and her protected activity, then you must find for McGraw-Hill.

Source:       5 Hon. Leonard B. Sand et al., Modern Federal Jury Instructions-Civil § 88.03[1], Instruction 88-46 (2007) (modified); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 171.25 (5th ed. 2001) (modified); Burlington Northern & Santa Fe Ry. v. White, 548 U.S. 53 (2006); Perks v. Huntington, 234 Fed. Appx. 8, 11 (2d Cir. 2007).

**DEFENDANT'S REQUEST TO CHARGE NO. 37**
**MIXED MOTIVE – RETALIATION CLAIM**
*[PLAINTIFF CURTIS ONLY]*

If you determine Plaintiff Curtis proved that her alleged complaint of discrimination was a substantial or motivating factor in McGraw-Hill's decisions with respect to the positions to which Plaintiff Curtis applied, then you must find for Plaintiff Curtis. However, if you determine that McGraw-Hill proved by a preponderance of the evidence that it would have made the same decision(s) even if Plaintiff Curtis had not complained of discrimination, then you must find for McGraw-Hill on Plaintiff Curtis's retaliation claim.

Source:    5 Hon. Leonard B. Sand et al., Modern Federal Jury Instructions-Civil § 88.03[1], Instruction 88-43 (2007) (modified); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 170.51, 171.76 (5th ed. 2001) (modified); Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003); Price Waterhouse v. Hopkins, 490 U.S. 228 (1989).

**DEFENDANT'S REQUEST TO CHARGE NO. 38**
**DEFENDANT'S BUSINESS JUDGMENT NOT ON TRIAL**
*[PLAINTIFF CURTIS ONLY]*

As stated before, there are a number of specific considerations which you should keep in mind when you retire to the jury room to deliberate over the merits of this case. McGraw-Hill's business judgment is not on trial in this action. Even if you believe McGraw-Hill exercised poor or questionable business judgment in dealing with Plaintiff Curtis or in selecting other candidates for the positions to which Plaintiff Curtis applied, or if you feel you would have made different decisions under similar circumstances, you cannot and must not find in favor of Plaintiff Curtis.

McGraw-Hill has presented evidence that its decisions concerning Plaintiff Curtis's applications for various positions were for legitimate, non-discriminatory, and non-retaliatory reasons. If Plaintiff Curtis does not disprove these reasons by a preponderance of evidence, you must find in favor of McGraw-Hill.

You must be persuaded that Plaintiff Curtis has proved, by a preponderance of the evidence, that McGraw-Hill's explanations for its actions are actually a pretext or excuse for intentional and purposeful discrimination and/or retaliation. Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment. An employer may make those decisions as it sees fit, as long as it is not unlawful.

In determining whether McGraw-Hill's stated reason for its action was a pretext for discrimination and/or retaliation, you may not question McGraw-Hill's business judgment. Your focus as the trier of fact must be on the McGraw-Hill's motivation, not on its business judgment. Pretext is not established just because you disagree with the business judgment of

- 53 -

McGraw-Hill, unless you find that McGraw-Hill's given reasons were a pretext for discrimination and/or retaliation.

The law does not authorize courts or juries to judge the wisdom of a corporation's business decisions. It is not your job to determine the business needs or judgment to choose which employees should be discharged or to set levels of pay. Under the federal and state discrimination laws, an employer has the right to make its own business decisions, be they right or wrong, good or bad, so long as those decisions are not based on unlawful discriminatory and/or retaliatory reasons. If you believe that McGraw-Hill's explanations for its decisions concerning Plaintiff Curtis's employment are not a pretext to hide intentional and purposeful discrimination and/or retaliation, then McGraw-Hill's decisions cannot be second-guessed, and you must find for McGraw-Hill. Keep in mind that the question before you is whether Plaintiff Curtis has proven that McGraw-Hill's decisions were motivated by Plaintiff Curtis's race and/or alleged complaints of discrimination.

Source:    O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 171.75, 171.77 (5th ed. 2001) (modified); Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 120 S. Ct. 2097, 2107-09 (2000); De La Cruz v. New York City Resources Admin. Dep't of Social Svcs., 82 F.3d 16, 23 (2d Cir. 1996); Montana v. First Fed. Sav. & Loan Ass'n, 869 F.2d 100, 106 (2d Cir. 1989); Parcinski v. Outlet Co., 673 F.2d 34, 37 (2d Cir. 1982), cert. denied, 459 U.S. 1103 (1983); Balut v. Loral Elec. Sys., 988 F. Supp. 339, 350 (S.D.N.Y. 1997), aff'd, 166 F.3d 1199 (2d Cir. 1998) ("we decline to 'sit as a super-personnel department that reexamines an entity's business decisions'"); Jimoh v. Ernst & Young, 908 F. Supp. 220, 226 (S.D.N.Y. 1995) ("employee's disagreement with an employer's business decision is insufficient to prove discriminatory conduct"), citing Dister v. Continental Group, Inc., 859 F.2d 1108, 1116 (2d Cir. 1988) ("[e]vidence that an employer made a poor business judgment in discharging an employee generally is insufficient to establish a genuine issue of fact as to the credibility of the employer's reasons."); Toliver v. Sullivan Diagnostic Treatment Ctr., 818 F. Supp. 71, 75 (S.D.N.Y. 1993) (employee has not demonstrated pretext for discrimination even if employer acted unwisely or erroneously in firing employee for improper use of sick time); Laverack & Haines v. New York State Div. of

<u>Human Rights</u>, 88 N.Y.2d 734, 739-40, 650 N.Y.S.2d 76 (1996); <u>Miller Brewing Co. v. State Div. of Human Rights</u>, 66 N.Y.2d 937, 938, 498 N.Y.S.2d 776 (1985).

**DEFENDANT'S REQUEST TO CHARGE NO. 39**
**CHARGES ON PLAINTIFF CURTIS'S DAMAGES GENERALLY –**
**COURT EXPRESSES NO OPINION**
*[PLAINTIFF CURTIS ONLY]*

I will next instruct you regarding the law of damages available for the claims raised by Plaintiff Curtis in this case. The fact that I am instructing you as to the proper measure of damages should not be considered by you, in any way, as meaning that I have any views as to which party is entitled to your verdict in this case. I am instructing you on all aspects of the law at this time.

Plaintiff Curtis seeks lost wages and benefits (or "back and front pay") and compensatory damages for pain and suffering. However, even if you conclude that Plaintiff Curtis has lost wages or benefits, you, the jury, will not be responsible for computing back or front pay. Computation of back and front pay will be done by the Court.

If you find for Plaintiff Curtis on any of her claims against McGraw-Hill, then, and only then, would you consider the amount which, in the exercise of your good judgment and common sense, you find is fair and just compensation for compensatory damages Plaintiff Curtis sustained in accordance with the rules of law as I will describe them for you. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of Plaintiff Curtis from a preponderance of the evidence in the case in accordance with the other instructions. If, therefore, you find that Plaintiff Curtis has not proven her case by a preponderance of the evidence, you must find for McGraw-Hill. If you find for McGraw-Hill, you do not need to consider the instructions I give on damages.

Source:    O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 106.02 (5th ed. 2000) (modified).

- 56 -

**DEFENDANT'S REQUEST TO CHARGE NO. 40**
**COMPENSATORY DAMAGES SOUGHT BY PLAINTIFF CURTIS**
*[PLAINTIFF CURTIS ONLY]*

The purpose of damages is to award just and fair compensation for any loss from a defendant's violation of a plaintiff's rights. If you find McGraw-Hill discriminated or retaliated against Plaintiff Curtis, then you must determine an amount that is fair compensation for damages suffered by Plaintiff Curtis. You may award compensatory damages only for injuries that Plaintiff Curtis proves, by a preponderance of the evidence, were caused by McGraw-Hill's allegedly wrongful conduct.

Compensatory damages seek to make the plaintiff whole – that is, to compensate her for the damage she has suffered. A prevailing plaintiff is entitled to compensatory damage for "non-economic loss" which encompasses physical injuries as well as emotional or psychological impacts that the plaintiff has suffered because of the defendant's wrongful conduct. Compensatory damages can include medical and other expenses that a Plaintiff may have borne.

You may award compensatory damages only for injuries that Plaintiff Curtis proves by a preponderance of the evidence were caused by McGraw-Hill's allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less. You may award Plaintiff Curtis only that amount of compensatory damage which will fairly and reasonably compensate her for the injuries she sustained as a result of McGraw-Hill's conduct. Plaintiff Curtis is not entitled to an award of compensatory damages for any injuries she sustained as a result of other causes or contributing factors.

I cannot give you a yardstick by which to measure the dollar value of pain or injury. There is no exact standard for fixing the compensation to be awarded for these elements

of damage.  You have heard Plaintiff Curtis's testimony about the losses she claims to have sustained because of McGraw-Hill's conduct.  You will have to determine, based on your common sense and experience, that amount of money which will fairly and reasonably make her whole or compensate her for the damage, if any, she proves she sustained as a consequence of the unlawful acts that violated her rights.  Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound judgment in fixing an award of compensatory damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guess work.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.

In calculating damages, do not consider any lost wages or benefits or potential future earnings that Plaintiff Curtis lost as a result of McGraw-Hill's actions.  As I stated earlier, these are referred to as back and front pay and will be calculated by the Court if you find against McGraw-Hill.

Source:     O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 170.60, 171.90 (5th ed. 2001) (modified); Broadnax v. New Haven, 415 F.3d 265, 271-72 (2d Cir. 2005); Robinson v. Metro-North Commuter R.R., 267 F.3d 147, 157 (2d Cir. 2001).

**DEFENDANT'S REQUEST TO CHARGE NO. 41**
**PROXIMATE CAUSE**
***[PLAINTIFF CURTIS ONLY]***

An injury or damage is proximately caused by an act whenever it appears from the evidence that the act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of that act. In other words, in order for you to award Plaintiff Curtis damages in this case, Plaintiff Curtis must prove by a preponderance of the evidence that she suffered an injury or damages as a direct result or as a reasonable consequence of McGraw-Hill's decision to select other candidates for the positions to which Plaintiff Curtis applied.

Source:        O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 170.42, 171.62 (5th ed. 2001) (modified).

## DEFENDANT'S REQUEST TO CHARGE NO. 42
## SPECULATIVE DAMAGES
### *[PLAINTIFF CURTIS ONLY]*

In awarding damages, you may not speculate on damages.  It is only actual damages that the law speaks of.  The amount of your verdict must be based upon the evidence presented. You are not to award to Plaintiff Curtis speculative damages; that is, compensation for damages that, although possible, are remote, conjectural or speculative.


Source:      4 Hon. Leonard B. Sand et al., Modern Federal Jury Instructions-Civil § 87.03[6], Instruction 87-89 (2007) (modified); see Memphis Comm. School Dis. v. Stachura, 477 U.S. 299, 309-10, 315-16 (1986).

**DEFENDANT'S REQUEST TO CHARGE NO. 43**
**NO DOUBLE RECOVERY**
*[PLAINTIFF CURTIS ONLY]*

In awarding damages, you are not permitted to award Plaintiff Curtis a double recovery for a single loss.  If two separate claims result in a damage award to compensate Plaintiff Curtis for the same loss or injury, only one award can be made.


Source:      Muller v. Costello, 997 F. Supp. 299, 303 (N.D.N.Y. 1998), aff'd 187 F.3d 298 (2d Cir. 1999) ("a plaintiff who brings two separate Title VII actions, which are consolidated for the purposes of trial, is entitled to recover only a single aware of compensatory damages"), quoting Galliher v. Rubin, 969 F. Supp. 1329, 1331 (S.D. Ga. 1997).

**DEFENDANT'S REQUEST TO CHARGE NO. 44**
**NATURE OF PLAINTIFF HENSON'S CLAIMS**
*[PLAINTIFF HENSON ONLY]*

Plaintiff Henson alleges that she was discriminated against because of her race and retaliated against for complaining about alleged discrimination because she was not selected for certain positions during her employment with McGraw-Hill.  McGraw-Hill denies these allegations and contends that, to the extent that Plaintiff Henson sought other positions, McGraw-Hill selected other candidates because they were more qualified and that the selection process had nothing whatsoever to do with Plaintiff Henson's race or any complaints of discrimination.

Source:       Plaintiffs' Complaint; Defendant's Answer to Plaintiffs' Complaint.

**DEFENDANT'S REQUEST TO CHARGE NO. 45**
**TIME-BARRED CLAIMS**
*[PLAINTIFF HENSON ONLY]*

Before you consider the merit of Plaintiff Henson's claims, McGraw-Hill contends that certain of Plaintiff Henson's claims are time barred – meaning they were not filed within the express time limits established under the law.

Under Title VII, a plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission within 300 days after the time of the allegedly discriminatory act. Plaintiff Henson filed her EEOC charge on December 16, 2005. If you find that Plaintiff Henson believes illegal discrimination motivated McGraw-Hill's decision to select another candidate for a position to which she applied, but that Plaintiff Henson failed to file a charge within 300 days of forming this belief, then you must find for McGraw-Hill on any such claim.

Under the State Human Rights Law and the City Human Rights Law, a plaintiff must file a lawsuit within three years from the date of any allegedly discriminatory acts. Plaintiff Henson filed this lawsuit on July 23, 2007. If you find that Plaintiff Henson believes illegal discrimination motivated McGraw-Hill's decision to select another candidate for a position to which she applied, but that Plaintiff Henson failed to file this lawsuit within three years of forming this belief, then you must find for McGraw-Hill on any such claim.

Under Section 1981, a plaintiff must file a lawsuit within four years from the date of any allegedly discriminatory acts. If you find that Plaintiff Henson believes illegal discrimination motivated McGraw-Hill's decision to select another candidate for a position to which she applied, but that Plaintiff Henson failed to file this lawsuit within four years of forming this belief, then you must find for McGraw-Hill on any such claim.

Source:     42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 1658; N.Y. C.P.L.R. § 214(2); N.Y. City
            Admin. Code § 8-502(d); <u>Jones v. R.R. Donnelley & Sons Co.</u>, 541 U.S. 369,
            382-83 (2004); <u>Johnson v. Railway Express Agency, Inc.</u>, 421 U.S. 454, 466-67
            (1975); <u>Van Zant v. KLM Royal Dutch Airlines</u>, 80 F.3d 708, 712 (2d Cir. 1996);
            <u>Forsyth v. Fed'n Employment Guidance Serv.</u>, 409 F.3d 565, 572 (2d Cir. 2005);
            <u>Lennon v. New York City</u>, 392 F. Supp. 2d 630, 638-39 (S.D.N.Y. 2005); <u>Plumey
            v. New York State</u>, 389 F. Supp. 2d 491, 497 (S.D.N.Y. 2005); <u>Williams v. Bd. of
            Educ.</u>, 972 F. Supp. 248, 249-250 (S.D.N.Y. 1997).

**DEFENDANT'S REQUEST TO CHARGE NO. 46**
**ESSENTIAL ELEMENTS OF PLAINTIFF HENSON'S DISCRIMINATION CLAIM**
*[PLAINTIFF HENSON ONLY]*

In order for Plaintiff Henson to establish her discrimination claims against McGraw-Hill, Plaintiff Henson has the burden of proving, by a preponderance of the evidence, that McGraw-Hill took an adverse employment action against her – specifically, that McGraw-Hill did not select her for one or more of the positions she has challenged in her lawsuit – because of her race.

For each position to which Plaintiff Henson sought promotion and which she claims she was denied because of her race, she must prove that (a) she applied for the position; (b) that she was qualified for the position; (c) that, despite her qualifications, she was rejected; and (4) that the circumstances surrounding the employment decision give rise to an inference of unlawful discrimination.

Furthermore, Plaintiff Henson must prove that McGraw-Hill intentionally discriminated against her; that is, Plaintiff Henson's race must be proven to have been a substantial or motivating factor in McGraw-Hill's decisions to select another candidate for the position. The mere fact that Plaintiff Henson is African American, and the fact that she did not receive a position for which she applied is not sufficient, in and of itself, to establish any of Plaintiff Henson's claims under the law.

In showing that Plaintiff Henson's race was a substantial or motivating factor, Plaintiff Henson is not required to prove that her race was the sole motivation for McGraw-Hill's decisions to promote another candidate. Plaintiff Henson needs only prove that race played a motivating part in McGraw-Hill's decisions, even though other factors may also have motivated McGraw-Hill.

Source:    O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 170.20, 171.20 (5th ed. 2001) (modified); <u>see</u> <u>also</u> <u>Sanders v. N.Y. City Human Res. Admin.</u>, 361 F.3d 749, 758 (2d Cir. 2004); <u>Hester v. BIC Corp.</u>, 225 F.3d 178, 186 (2d Cir. 2000); <u>Galabya v. N.Y. City Bd. of Educ.</u>, 202 F.3d 636, 640 (2d Cir. 2000); <u>Schachner v. Beth Isr. Med. Ctr., North Div.</u>, 14 F. Supp. 2d 468, 470 (S.D.N.Y. 1998); <u>Ferrante v. American Lung Ass'n</u>, 90 N.Y.2d 623, 629, 665 N.Y.S.2d 25, 28 (1997) (applying the same standards and burdens of proof to claims under the Human Rights Law as are used under federal anti-discrimination laws).

**DEFENDANT'S REQUEST TO CHARGE NO. 47**
**DISCRIMINATION CLAIMS –**
**LEGITIMATE REASONS FOR EMPLOYMENT DECISIONS**
*[PLAINTIFF HENSON ONLY]*

The determining facts you must decide are whether Plaintiff Henson has proven, by a preponderance of the evidence, that her race was a substantial or motivating factor in McGraw-Hill's decision to select another candidate for positions to which she sought promotion.

In considering whether Plaintiff Henson has proven each of her claims by a preponderance of the evidence, you should consider McGraw-Hill's articulated reasons, other than Plaintiff Henson's race, for its selection decisions. If McGraw-Hill establishes legitimate, non-discriminatory reasons for its decisions, Plaintiff Henson may still prevail if she can demonstrate that McGraw-Hill's reasons were merely a pretext for unlawful discrimination based on Plaintiff Henson's race.

A pretext is an excuse given in order to cloak the real intention or state of affairs. But you are required to keep in mind that you are not to second-guess the wisdom or reasonableness of McGraw-Hill's employment practices or decisions. At all times the burden of proving her claim of intentional discrimination by a preponderance of the evidence rests on Plaintiff Henson.

McGraw-Hill claims that all decisions regarding Plaintiff Henson's employment were made for legitimate, non-discriminatory business reasons. If Plaintiff Henson does not convince you, by a preponderance of the evidence, that McGraw-Hill's stated reasons for its decisions concerning Plaintiff Henson's employment are false, Plaintiff Henson cannot establish her discrimination claims.

An employer has the right to make business decisions, including the right to hire, fire, or discipline an employee for a bad reason, good reason, or no reason at all, absent

intentional discrimination.    The fact that you may disagree with McGraw-Hill's non-discriminatory reasons for its decisions concerning Plaintiff Henson is not a sufficient justification to disregard it or discredit it.    You should not find that a decision is unlawful just because you may disagree with McGraw-Hill's stated reasons or because you believe the decision was harsh or unreasonable.    Harsh treatment is not unlawful under the discrimination laws in this case.    In addition, it is not necessary that McGraw-Hill's non-discriminatory reason for its decisions concerning Plaintiff Henson be correct, but only that McGraw-Hill believed its reasons in good faith.

If you find that McGraw-Hill has provided reasons unrelated to Plaintiff Henson's race for each decision challenged by Plaintiff Henson, you must find in favor of McGraw-Hill, unless you conclude that Plaintiff Henson has proven, by a preponderance of the evidence, that the reasons offered by McGraw-Hill for its decisions were false and that race actually motivated McGraw-Hill's decision.

Source:    O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 170.52, 171.77 (5th ed. 2001) (modified); Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 144-49 (2000); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507-08 (1993); Montana v. First Fed. Sav. & Loan Ass'n, 869 F.2d 100, 105-06 (2d Cir. 1989); Donaldson v. Merrill Lynch & Co., 794 F. Supp. 498, 504-05 (S.D.N.Y. 1992).

**DEFENDANT'S REQUEST TO CHARGE NO. 48**
**PLAINTIFF'S SUBJECTIVE BELIEF**
***[PLAINTIFF HENSON ONLY]***

Plaintiff Henson's personal, subjective belief that she was discriminated against is not sufficient to meet her burden of proof.  It is not enough for Plaintiff Henson to show her subjective beliefs, feelings, suspicions or speculation that the legitimate non-discriminatory reasons stated by McGraw-Hill were not genuine.

The burden in this case is always on the Plaintiff Henson to prove by a preponderance of the evidence that McGraw-Hill intentionally discriminated against her because of her race.  If Plaintiff Henson fails to meet her respective burden, you must find for McGraw-Hill.

Source:      St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 259-60 (1981); Thermidor v. Beth Israel Med. Ctr., 683 F. Supp. 403, 412-13 (S.D.N.Y 1988); Howard v. Holmes, 656 F. Supp. 1144, 1149 (S.D.N.Y. 1987).

**DEFENDANT'S REQUEST TO CHARGE NO. 49**
**MIXED MOTIVE – DISCRIMINATION CLAIMS**
*[PLAINTIFF HENSON ONLY]*

Finally, even if Plaintiff Henson proves her race played a role in McGraw-Hill's decisions concerning her applications for promotion, if McGraw-Hill has proven, by a preponderance of the evidence, that it would have reached the same decisions regardless of Plaintiff Henson's race, you must find for McGraw-Hill.

Source:     5 Hon. Leonard B. Sand et al., Modern Federal Jury Instructions-Civil § 88.03[1], Instruction 88-43 (2007) (modified); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 170.51, 171.76 (5th ed. 2001) (modified); Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003); Price Waterhouse v. Hopkins, 490 U.S. 228 (1989).

**DEFENDANT'S REQUEST TO CHARGE NO. 50**
**ESSENTIAL ELEMENTS OF PLAINTIFF HENSON'S RETALIATION CLAIM**
*[PLAINTIFF HENSON ONLY]*

Plaintiff Henson claims that McGraw-Hill did not select her for one or more positions to which she applied during her employment in retaliation for opposing a practice made unlawful by Title VII, Section 1981, the State Human Rights Law, and/or the City Human Rights Law. In this case, Plaintiff Henson claims that McGraw-Hill retaliated against her because she had made a complaint of unlawful discrimination at McGraw-Hill.

For Plaintiff Henson to establish her retaliation claim against McGraw-Hill, Plaintiff Henson has the burden of proving, by a preponderance of the evidence, each of the following four elements:

First: That Plaintiff Henson engaged in protected conduct; specifically, Plaintiff Henson complained of race discrimination;

Second: That McGraw-Hill was aware of Plaintiff Henson's alleged complaint(s);

Third: That Plaintiff Henson suffered materially adverse employment changes in the terms or conditions of her employment at the time or after the protected conduct took place; and

Fourth: That McGraw-Hill made the materially adverse changes in the terms or conditions of Plaintiff Henson's employment because of her protected activity.

With respect to the first element, not every complaint by an employee constitutes protected activity. Only complaints of discrimination are protected.

With respect to the third element, an adverse action is "materially adverse" if the challenged action could discourage a reasonable employee from complaining about race

discrimination in employment. Trivial and innocuous actions that are not accompanied by adverse consequences to the employee are not adverse employment actions under the law. The adverse action itself, however, need not be related to Plaintiff Henson's employment.

With respect to the fourth element, McGraw-Hill need not have taken the adverse action solely, or even primarily, because of Plaintiff Henson's protected activity; but McGraw-Hill must have taken the adverse employment action at least in part because of an intent to retaliate against Plaintiff Henson for complaining about race discrimination in employment. If Plaintiff Henson fails to show a causal connection between the adverse action and her protected activity, then you must find for McGraw-Hill.

Source:      5 Hon. Leonard B. Sand et al., Modern Federal Jury Instructions-Civil § 88.03[1], Instruction 88-46 (2007) (modified); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 171.25 (5th ed. 2001) (modified); Burlington Northern & Santa Fe Ry. v. White, 548 U.S. 53 (2006); Perks v. Huntington, 234 Fed. Appx. 8, 11 (2d Cir. 2007); Feingold v. New York, 366 F.3d 138, 156 (2d Cir. 2004).

**DEFENDANT'S REQUEST TO CHARGE NO. 51**
**MIXED MOTIVE – RETALIATION CLAIM**
*[PLAINTIFF HENSON ONLY]*

If you determine Plaintiff Henson proved that she made a complaint of discrimination while employed by McGraw-Hill and that alleged complaint of discrimination was a substantial or motivating factor in McGraw-Hill's decisions with respect to the positions to which Plaintiff Henson applied for promotion, then you must find for Plaintiff Henson. However, if you determine that McGraw-Hill has proven by a preponderance of the evidence that it would have made the same decision(s) even if Plaintiff had not complained of discrimination, then your verdict should be for McGraw-Hill.


Source:    5 Hon. Leonard B. Sand et al., Modern Federal Jury Instructions-Civil § 88.03[1], Instruction 88-43 (2007) (modified); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 170.51, 171.76 (5th ed. 2001) (modified); Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003); Price Waterhouse v. Hopkins, 490 U.S. 228 (1989).

**DEFENDANT'S REQUEST TO CHARGE NO. 52**
**DEFENDANT'S BUSINESS JUDGMENT NOT ON TRIAL**
*[PLAINTIFF HENSON ONLY]*

As stated before, there are a number of specific considerations which you should keep in mind when you retire to the jury room to deliberate over the merits of this case. McGraw-Hill's business judgment is not on trial in this action. Even if you believe McGraw-Hill exercised poor or questionable business judgment in dealing with Plaintiff Henson or in selecting other candidates for the positions to which Plaintiff Henson applied, or if you feel you would have made different decisions under similar circumstances, you cannot and must not find in favor of Plaintiff Henson.

McGraw-Hill has presented evidence that its decisions concerning Plaintiff Henson's applications for promotion were for legitimate, non-discriminatory, and non-retaliatory reasons. If Plaintiff Henson does not disprove these reasons by a preponderance of evidence, you must find in favor of McGraw-Hill.

You must be persuaded that Plaintiff Henson has proved, by a preponderance of the evidence, that McGraw-Hill's explanations for its actions are actually a pretext or excuse for intentional and purposeful discrimination and/or retaliation. Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment. An employer may make those decisions as it sees fit, as long as it is not unlawful.

In determining whether McGraw-Hill's stated reason for its action was a pretext for discrimination and/or retaliation, you may not question McGraw-Hill's business judgment. Your focus as the trier of fact must be on the McGraw-Hill's motivation, not on its business judgment. Pretext is not established just because you disagree with the business judgment of

McGraw-Hill, unless you find that McGraw-Hill's given reasons were a pretext for discrimination and/or retaliation.

   The law does not authorize courts or juries to judge the wisdom of a corporation's business decisions.  It is not your job to determine the business needs or judgment to choose which employees should be discharged or to set levels of pay.  Under the federal and state discrimination laws, an employer has the right to make its own business decisions, be they right or wrong, good or bad, so long as those decisions are not based on unlawful discriminatory and/or retaliatory reasons.  If you believe that McGraw-Hill's explanations for its decisions concerning Plaintiff Henson's employment are not a pretext to hide intentional and purposeful discrimination and/or retaliation, then McGraw-Hill's decisions cannot be second-guessed, and you must find for McGraw-Hill.  Keep in mind that the question before you is whether Plaintiff Henson has proven that McGraw-Hill's decisions were motivated by Plaintiff Henson's race and/or alleged complaints of discrimination.

Source:   O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 171.75, 171.77 (5th ed. 2001) (modified); Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 120 S. Ct. 2097, 2107-09 (2000); De La Cruz v. New York City Resources Admin. Dep't of Social Svcs., 82 F.3d 16, 23 (2d Cir. 1996); Montana v. First Fed. Sav. & Loan Ass'n, 869 F.2d 100, 106 (2d Cir. 1989); Parcinski v. Outlet Co., 673 F.2d 34, 37 (2d Cir. 1982), cert. denied, 459 U.S. 1103 (1983); Balut v. Loral Elec. Sys., 988 F. Supp. 339, 350 (S.D.N.Y. 1997), aff'd, 166 F.3d 1199 (2d Cir. 1998) ("we decline to 'sit as a super-personnel department that reexamines an entity's business decisions'"); Jimoh v. Ernst & Young, 908 F. Supp. 220, 226 (S.D.N.Y. 1995) ("employee's disagreement with an employer's business decision is insufficient to prove discriminatory conduct"), citing Dister v. Continental Group, Inc., 859 F.2d 1108, 1116 (2d Cir. 1988) ("[e]vidence that an employer made a poor business judgment in discharging an employee generally is insufficient to establish a genuine issue of fact as to the credibility of the employer's reasons."); Toliver v. Sullivan Diagnostic Treatment Ctr., 818 F. Supp. 71, 75 (S.D.N.Y. 1993) (employee has not demonstrated pretext for discrimination even if employer acted unwisely or erroneously in firing employee for improper use of sick time); Laverack & Haines v. New York State Div. of

Human Rights, 88 N.Y.2d 734, 739-40, 650 N.Y.S.2d 76 (1996); Miller Brewing Co. v. State Div. of Human Rights, 66 N.Y.2d 937, 938, 498 N.Y.S.2d 776 (1985).

**DEFENDANT'S REQUEST TO CHARGE NO. 53**
**CHARGES ON PLAINTIFF HENSON'S DAMAGES GENERALLY –**
**COURT EXPRESSES NO OPINION**
*[PLAINTIFF HENSON ONLY]*

I will next instruct you regarding the law of damages available for the claims raised by Plaintiff Henson in this case. The fact that I am instructing you as to the proper measure of damages should not be considered by you, in any way, as meaning that I have any views as to which party is entitled to your verdict in this case. I am instructing you on all aspects of the law at this time.

Plaintiff Henson does not seek damages for lost wages or lost benefits – what is sometimes referred to as "back and front pay." Thus, under no circumstances are you to award Plaintiff Henson damages for lost wages or lost benefits.

Plaintiff Henson only seeks compensatory damages for pain and suffering. If you find for Plaintiff Henson on any of her claims against McGraw-Hill, then, and only then, would you consider the amount which, in the exercise of your good judgment and common sense, you find is fair and just compensation for compensatory damages Plaintiff Henson sustained in accordance with the rules of law as I will describe them for you. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of Plaintiff Henson from a preponderance of the evidence in the case in accordance with the other instructions. If, therefore, you find that Plaintiff Henson has not proven her case by a preponderance of the evidence, you must find for McGraw-Hill. If you find for McGraw-Hill, you do not need to consider the instructions I give on damages.

Source:     O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 106.02 (5th ed. 2000) (modified).

**DEFENDANT'S REQUEST TO CHARGE NO. 54**
**COMPENSATORY DAMAGES SOUGHT BY PLAINTIFF HENSON**
*[PLAINTIFF HENSON ONLY]*

The purpose of damages is to award just and fair compensation for any loss from a defendant's violation of a plaintiff's rights. If you find McGraw-Hill discriminated or retaliated against Plaintiff Henson, then you must determine an amount that is fair compensation for damages suffered by Plaintiff Henson. You may award compensatory damages only for injuries that Plaintiff Henson proves, by a preponderance of the evidence, were caused by McGraw-Hill's allegedly wrongful conduct.

Compensatory damages seek to make the plaintiff whole – that is, to compensate her for the damage she has suffered. A prevailing plaintiff is entitled to compensatory damage for "non-economic loss" which encompasses physical injuries as well as emotional or psychological impacts that the plaintiff has suffered because of the defendant's wrongful conduct. Compensatory damages can include medical and other expenses that a Plaintiff may have borne.

You may award compensatory damages only for injuries that Plaintiff Henson proves by a preponderance of the evidence were caused by McGraw-Hill's allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less. You may award Plaintiff Henson only that amount of compensatory damage which will fairly and reasonably compensate her for the injuries she sustained as a result of McGraw-Hill's conduct. Plaintiff Henson is not entitled to an award of compensatory damages for any injuries she sustained as a result of other causes or contributing factors.

I cannot give you a yardstick by which to measure the dollar value of pain or injury. There is no exact standard for fixing the compensation to be awarded for these elements

- 78 -

of damage.  You have heard Plaintiff Henson's testimony about the losses she claims to have sustained because of McGraw-Hill's conduct.  You will have to determine, based on your common sense and experience, that amount of money which will fairly and reasonably make her whole or compensate her for the damage, if any, she proves she sustained as a consequence of the unlawful acts that violated her rights.  Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound judgment in fixing an award of compensatory damages, drawing reasonable inferences from the facts in evidence.  You may not award damages based on sympathy, speculation, or guess work.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.

In calculating damages, do not consider any lost wages or benefits or potential future earnings that Plaintiff Henson lost as a result of McGraw-Hill's actions.  As I stated earlier, these are referred to as back and front pay, and Plaintiff Henson is not seeking an award of lost wages or benefits or potential future earnings.

Source:     O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 170.60, 171.90 (5th ed. 2001) (modified); Broadnax v. New Haven, 415 F.3d 265, 271-72 (2d Cir. 2005); Robinson v. Metro-North Commuter R.R., 267 F.3d 147, 157 (2d Cir. 2001).

**DEFENDANT'S REQUEST TO CHARGE NO. 55**
**PROXIMATE CAUSE**
*[PLAINTIFF HENSON ONLY]*

An injury or damage is proximately caused by an act whenever it appears from the evidence that the act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of that act. In other words, in order for you to award Plaintiff Henson damages in this case, Plaintiff Henson must prove by a preponderance of the evidence that she suffered an injury or damages as a direct result or as a reasonable consequence of McGraw-Hill's decision to select other candidates for the positions to which Plaintiff Henson applied for promotion.


Source:     O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 170.42, 171.62 (5th ed. 2001) (modified).

**DEFENDANT'S REQUEST TO CHARGE NO. 56**
**SPECULATIVE DAMAGES**
*[PLAINTIFF HENSON ONLY]*

In awarding damages, you may not speculate on damages. It is only actual damages that the law speaks of. The amount of your verdict must be based upon the evidence presented. You are not to award to Plaintiff Henson speculative damages; that is, compensation for damages that, although possible, are remote, conjectural or speculative.

Source:    4 Hon. Leonard B. Sand et al., Modern Federal Jury Instructions-Civil § 87.03[6], Instruction 87-89 (2007) (modified); see Memphis Comm. School Dis. v. Stachura, 477 U.S. 299, 309-10, 315-16 (1986).

**DEFENDANT'S REQUEST TO CHARGE NO. 57**
**NO DOUBLE RECOVERY**
*[PLAINTIFF HENSON ONLY]*

In awarding damages, you are not permitted to award Plaintiff Henson a double recovery for a single loss.  If two separate claims result in a damage award to compensate Plaintiff Henson for the same loss or injury, only one award can be made.


Source:     Muller v. Costello, 997 F. Supp. 299, 303 (N.D.N.Y. 1998), aff'd 187 F.3d 298 (2d Cir. 1999) ("a plaintiff who brings two separate Title VII actions, which are consolidated for the purposes of trial, is entitled to recover only a single aware of compensatory damages"), quoting Galliher v. Rubin, 969 F. Supp. 1329, 1331 (S.D. Ga. 1997).

**DEFENDANT'S REQUEST TO CHARGE NO. 58**
**NATURE OF PLAINTIFF PILGRIM'S CLAIMS**
***[PLAINTIFF PILGRIM ONLY]***

Plaintiff Pilgrim claims that she was discriminated against because of her race through the creation of a hostile work environment and retaliated against for complaining about unlawful race discrimination at McGraw-Hill. She also claims that she was "constructively discharged," meaning that McGraw-Hill intentionally made her working conditions so intolerable that a reasonable person would feel forced to resign. .

McGraw-Hill denies these allegations and claims that Plaintiff Pilgrim was treated fairly and was not subject to a hostile work environment. McGraw-Hill also claims that Plaintiff Pilgrim voluntarily left the company for a higher paying job.

Source:        Plaintiffs' Complaint; Defendant's Answer to Plaintiffs' Complaint.

- 83 -

**DEFENDANT'S REQUEST TO CHARGE NO. 59**
**ESSENTIAL ELEMENTS OF PLAINTIFF PILGRIM'S DISCRIMINATION CLAIM**
*[PLAINTIFF PILGRIM ONLY]*

In order for Plaintiff Pilgrim to establish her discrimination claims against McGraw-Hill, Plaintiff Pilgrim has the burden of proving, by a preponderance of the evidence, that she suffered a materially adverse change in the terms and conditions of her employment because of her race.  To be "materially adverse," a change in working conditions must be "more disruptive than a mere inconvenience or an alteration of job responsibilities."

Furthermore, Plaintiff Pilgrim must prove that McGraw-Hill intentionally discriminated against her; that is, Plaintiff Pilgrim's race must be proven to have been a substantial or motivating factor in McGraw-Hill's decisions with respect to her employment.  The mere fact that Plaintiff Pilgrim is African American, and the fact that she may have suffered adverse employment actions is not sufficient, in and of itself, to establish any of Plaintiff Pilgrim's claims under the law.

In showing that Plaintiff Pilgrim's race was a substantial or motivating factor, Plaintiff Pilgrim is not required to prove that her race was the sole motivation for McGraw-Hill's decisions.  Plaintiff Pilgrim needs only prove that race played a motivating part in McGraw-Hill's decisions, even though other factors may also have motivated McGraw-Hill.

Source:    O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 170.20, 171.20 (5th ed. 2001) (modified); see also Sanders v. N.Y. City Human Res. Admin., 361 F.3d 749, 758 (2d Cir. 2004); Hester v. BIC Corp., 225 F.3d 178, 186 (2d Cir. 2000); Galabya v. N.Y. City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000); Ferrante v. American Lung Ass'n, 90 N.Y.2d 623, 629, 665 N.Y.S.2d 25, 28 (1997) (applying the same standards and burdens of proof to claims under the Human Rights Law as are used under federal anti-discrimination laws).

**DEFENDANT'S REQUEST TO CHARGE NO. 60**
**ESSENTIAL ELEMENTS OF PLAINTIFF PILGRIM'S**
**HOSTILE WORK ENVIRONMENT CLAIM**
*[PLAINTIFF PILGRIM ONLY]*

Plaintiff Pilgrim contends that the discriminatory employment action taken against her on account of her race was the creation of what is called a "hostile work environment." To establish her claim, Plaintiff Pilgrim must prove, by a preponderance of the evidence, each of the following elements:

First: That she was subjected to unwelcome harassment, ridicule, or other abusive conduct;

Second: That the abusive conduct was motivated, at least in part, by her race;

Third: That the abusive conduct was so severe or pervasive that both Plaintiff Pilgrim herself and a reasonable person in Plaintiff Pilgrim's position would find her work environment so hostile or offensive that it would interfere with her work performance; and

Fourth: That McGraw-Hill's management employees knew, or should have known, of the abusive conduct and failed to take prompt and appropriate corrective action.

In making your determination, you must look at all of the circumstances surrounding Plaintiff Pilgrim's employment. In order to meet her burden of showing that the conduct alleged interfered with her work performance, Plaintiff Pilgrim must show more than mere insults, simple teasing, offhand comments, or isolated incidents of offensive conduct. The conduct must have occurred because of Plaintiff Pilgrim's race, and there must be a steady barrage of offensive racial remarks. A few isolated incidents of racial enmity or sporadic racial slurs are not enough.

Source:     5 Hon. Leonard B. Sand et al., <u>Modern Federal Jury Instructions-Civil</u> § 88.03[1], Instruction 88-45 (2007) (modified); O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 171.22 (5th ed. 2001) (modified); <u>Faragher v. City of</u>

Boca Raton, 524 U.S. 775, 786 (1998); Harris v. Forklift Sys., Inc., 510 U.S. 17, 21-22 (1993); Williams. v. County of Westchester, 171 F.3d 98, 100-01 (2d Cir. 1999).

**DEFENDANT'S REQUEST TO CHARGE NO. 61**
**ESSENTIAL ELEMENTS OF PLAINTIFF PILGRIM'S**
**CONSTRUCTIVE DISCHARGE CLAIM**
*[PLAINTIFF PILGRIM ONLY]*

Lastly, Plaintiff Pilgrim claims that McGraw-Hill constructively discharged her. McGraw-Hill contends she voluntarily left for a better paying job. In order for Plaintiff Pilgrim to recover on this claim, she must prove that McGraw-Hill intentionally discriminated against her. Plaintiff Pilgrim must prove, by a preponderance of evidence, that:

First: McGraw-Hill intentionally made her working conditions so intolerable that a reasonable person would feel forced to resign;

Second: Her race or alleged complaint of discrimination was a substantial or motivating factor in McGraw-Hill's conduct; and

Third: McGraw-Hill acted with the intent of forcing her to quit.

In evaluating Plaintiff Pilgrim's constructive discharge claim, you must be satisfied that McGraw-Hill's actions were deliberate, and not merely negligent or ineffective. Furthermore, Plaintiff Pilgrim must prove to you, by a preponderance of the evidence, that McGraw-Hill's deliberate actions rendered her work conditions so intolerable as to compel her resignation.

Source:    O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 171.20 (5th ed. 2001) (modified); 5 Hon. Leonard B. Sand et al., Modern Federal Jury Instructions-Civil § 88.03[1], Instruction 88-47 (2007) (modified); Petrosino v. Bell Atl., 385 F.3d 210, 229-30 (2d Cir. 2004).

**DEFENDANT'S REQUEST TO CHARGE NO. 62**
**DISCRIMINATION CLAIMS –**
**LEGITIMATE REASONS FOR EMPLOYMENT DECISIONS**
*[PLAINTIFF PILGRIM ONLY]*

The determining facts you must decide are whether Plaintiff Pilgrim has proven, by a preponderance of the evidence, that her race was a substantial or motivating factor in McGraw-Hill's decisions regarding her employment.

In considering whether Plaintiff Pilgrim has proven each of her claims by a preponderance of the evidence, you should consider McGraw-Hill's articulated reasons, other than Plaintiff Pilgrim's race, for its decisions regarding her employment. If McGraw-Hill establishes legitimate, non-discriminatory reasons for its decisions, Plaintiff Pilgrim may still prevail if she can demonstrate that McGraw-Hill's reasons were merely a pretext for unlawful discrimination based on Plaintiff Pilgrim's race.

A pretext is an excuse given in order to cloak the real intention or state of affairs. But you are required to keep in mind that you are not to second-guess the wisdom or reasonableness of McGraw-Hill's employment practices or decisions. At all times the burden of proving her claim of intentional discrimination by a preponderance of the evidence rests on Plaintiff Pilgrim.

McGraw-Hill claims that all decisions regarding Plaintiff Pilgrim's employment were made for legitimate, non-discriminatory business reasons. If Plaintiff Pilgrim does not convince you, by a preponderance of the evidence, that McGraw-Hill's stated reasons for its decisions concerning Plaintiff Pilgrim's employment are false, Plaintiff Pilgrim cannot establish her discrimination claims.

An employer has the right to make business decisions, including the right to hire, fire, or discipline an employee for a bad reason, good reason, or no reason at all, absent

intentional discrimination.   The fact that you may disagree with McGraw-Hill's non-discriminatory reasons for its decisions concerning Plaintiff Pilgrim is not a sufficient justification to disregard it or discredit it.   You should not find that a decision is unlawful just because you may disagree with McGraw-Hill's stated reasons or because you believe the decision was harsh or unreasonable.   Harsh treatment is not unlawful under the discrimination laws in this case.   In addition, it is not necessary that McGraw-Hill's non-discriminatory reason for its decisions concerning Plaintiff Pilgrim be correct, but only that McGraw-Hill believed its reasons in good faith.

If you find that McGraw-Hill has provided reasons unrelated to Plaintiff Pilgrim's race for each decision challenged by Plaintiff Pilgrim, you must find in favor of McGraw-Hill, unless you conclude that Plaintiff Pilgrim has proven, by a preponderance of the evidence, that the reasons offered by McGraw-Hill for its decisions were false and that race actually motivated McGraw-Hill's decision.

Source:     O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 170.52, 171.77 (5th ed. 2001) (modified); Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 144-49 (2000); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507-08 (1993); Montana v. First Fed. Sav. & Loan Ass'n, 869 F.2d 100, 105-06 (2d Cir. 1989); Donaldson v. Merrill Lynch & Co., 794 F. Supp. 498, 504-05 (S.D.N.Y. 1992).

<u>**DEFENDANT'S REQUEST TO CHARGE NO. 63**</u>
<u>**PLAINTIFF'S SUBJECTIVE BELIEF**</u>
*[PLAINTIFF PILGRIM ONLY]*

Plaintiff Pilgrim's personal, subjective belief that she was discriminated against is not sufficient to meet her burden of proof. It is not enough for Plaintiff Pilgrim to show her subjective beliefs, feelings, suspicions or speculation that the legitimate non-discriminatory reasons stated by McGraw-Hill were not genuine.

The burden in this case is always on the Plaintiff Pilgrim to prove by a preponderance of the evidence that McGraw-Hill intentionally discriminated against her because of her race. If Plaintiff Pilgrim fails to meet her respective burden, you must find for McGraw-Hill.

Source:    <u>St. Mary's Honor Ctr. v. Hicks</u>, 509 U.S. 502 (1993); <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248, 259-60 (1981); <u>Thermidor v. Beth Israel Med. Ctr.</u>, 683 F. Supp. 403, 412-13 (S.D.N.Y 1988); <u>Howard v. Holmes</u>, 656 F. Supp. 1144, 1149 (S.D.N.Y. 1987).

**DEFENDANT'S REQUEST TO CHARGE NO. 64**
**MIXED MOTIVE – DISCRIMINATION CLAIMS**
*[PLAINTIFF PILGRIM ONLY]*

Even if Plaintiff Pilgrim proves her race played a role in McGraw-Hill's decisions concerning her employment, if McGraw-Hill has proven, by a preponderance of the evidence, that it would have reached the same decisions regardless of Plaintiff Pilgrim's race, you must find for McGraw-Hill.

Source:    5 Hon. Leonard B. Sand et al., Modern Federal Jury Instructions-Civil § 88.03[1], Instruction 88-43 (2007) (modified); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 171.51, 171.76 (5th ed. 2001) (modified); Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003); Price Waterhouse v. Hopkins, 490 U.S. 228 (1989).

**DEFENDANT'S REQUEST TO CHARGE NO. 65**
**ESSENTIAL ELEMENTS OF PLAINTIFF PILGRIM'S RETALIATION CLAIM**
*[PLAINTIFF PILGRIM ONLY]*

Plaintiff Pilgrim claims that McGraw-Hill retaliated against her because she opposed a practice made unlawful by Title VII, Section 1981, the State Human Rights Law, and/or the City Human Rights Law – specifically, because she had made complaints during her employment that her supervisors engaged in unlawful discrimination.

For Plaintiff Pilgrim to establish her retaliation claim against McGraw-Hill, Plaintiff Pilgrim has the burden of proving, by a preponderance of the evidence, each of the following four elements:

First:  That Plaintiff Pilgrim engaged in protected conduct; specifically, Plaintiff Pilgrim had complained of race discrimination;

Second:  That McGraw-Hill was aware of Plaintiff Pilgrim's complaint(s);

Third:  That Plaintiff Pilgrim suffered materially adverse employment changes in the terms or conditions of her employment at the time or after the protected conduct took place; and

Fourth:  That McGraw-Hill made the materially adverse changes in the terms or conditions of Plaintiff Pilgrim's employment because of her protected activity.

With respect to the first element, not every complaint by an employee constitutes protected activity.  Only complaints of discrimination are protected.

With respect to the third element, an adverse action is "materially adverse" if the challenged action could discourage a reasonable employee from complaining about race discrimination in employment.  Trivial and innocuous actions that are not accompanied by

adverse consequences to the employee are not adverse employment actions under the law. The adverse action itself, however, need not be related to Plaintiff Pilgrim's employment.

With respect to the fourth element, McGraw-Hill need not have taken the adverse action solely, or even primarily, because of Plaintiff Pilgrim's protected activity; but McGraw-Hill must have taken the adverse action at least in part because of an intent to retaliate against Plaintiff Pilgrim for complaining about race discrimination in employment. If Plaintiff Pilgrim fails to show a causal connection between the adverse action and her protected activity, then you must find for McGraw-Hill.

Source:     5 Hon. Leonard B. Sand et al., Modern Federal Jury Instructions-Civil § 88.03[1], Instruction 88-46 (2007) (modified); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 171.25 (5th ed. 2001) (modified); Burlington Northern & Santa Fe Ry. v. White, 548 U.S. 53 (2006); Perks v. Huntington, 234 Fed. Appx. 8, 11 (2d Cir. 2007); Feingold v. New York, 366 F.3d 138, 156 (2d Cir. 2004).

**DEFENDANT'S REQUEST TO CHARGE NO. 66**
**MIXED MOTIVE – RETALIATION CLAIM**
*[PLAINTIFF PILGRIM ONLY]*

If you determine Plaintiff Pilgrim proved that her alleged complaint of discrimination was a substantial or motivating factor in McGraw-Hill's decisions with respect to the adverse employment actions alleged by Plaintiff Pilgrim, then you must find for Plaintiff Pilgrim. However, if you determine that McGraw-Hill proved by a preponderance of the evidence that it would have made the same decision(s) even if Plaintiff had not complained of discrimination, then you must find for McGraw-Hill on Plaintiff Pilgrim's retaliation claim.

Source:    5 Hon. Leonard B. Sand et al., Modern Federal Jury Instructions-Civil § 88.03[1], Instruction 88-43 (2007) (modified); O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 170.51, 171.76 (5th ed. 2001) (modified); Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003); Price Waterhouse v. Hopkins, 490 U.S. 228 (1989).

**DEFENDANT'S REQUEST TO CHARGE NO. 67**
**DEFENDANT'S BUSINESS JUDGMENT NOT ON TRIAL**
*[PLAINTIFF PILGRIM ONLY]*

As stated before, there are a number of specific considerations which you should keep in mind when you retire to the jury room to deliberate over the merits of this case. McGraw-Hill's business judgment is not on trial in this action. Even if you believe McGraw-Hill exercised poor or questionable business judgment in dealing with Plaintiff Pilgrim, or if you feel you would have made different decisions under similar circumstances, you cannot and must not find in favor of Plaintiff Pilgrim.

McGraw-Hill has presented evidence that its decisions concerning Plaintiff Pilgrim's employment were for legitimate, non-discriminatory, and non-retaliatory reasons. If Plaintiff Pilgrim does not disprove these reasons by a preponderance of evidence, you must find in favor of McGraw-Hill.

You must be persuaded that Plaintiff Pilgrim has proved, by a preponderance of the evidence, that McGraw-Hill's explanations for its actions are actually a pretext or excuse for intentional and purposeful discrimination and/or retaliation. Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgment. An employer may make those decisions as it sees fit, as long as it is not unlawful.

In determining whether McGraw-Hill's stated reason for its action was a pretext for discrimination and/or retaliation, you may not question McGraw-Hill's business judgment. Your focus as the trier of fact must be on the McGraw-Hill's motivation, not on its business judgment. Pretext is not established just because you disagree with the business judgment of McGraw-Hill, unless you find that McGraw-Hill's given reasons were a pretext for discrimination and/or retaliation.

The law does not authorize courts or juries to judge the wisdom of a corporation's business decisions.  It is not your job to determine the business needs or judgment to choose which employees should be discharged or to set levels of pay.  Under the federal and state discrimination laws, an employer has the right to make its own business decisions, be they right or wrong, good or bad, so long as those decisions are not based on unlawful discriminatory and/or retaliatory reasons.  If you believe that McGraw-Hill's explanations for its decisions concerning Plaintiff Pilgrim's employment are not a pretext to hide intentional and purposeful discrimination and/or retaliation, then McGraw-Hill's decisions cannot be second-guessed, and you must find for McGraw-Hill.  Keep in mind that the question before you is whether Plaintiff Pilgrim has proven that McGraw-Hill's decisions were motivated by Plaintiff Pilgrim's race and/or alleged complaints of discrimination.

Source:    O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 171.75, 171.77  (5th ed. 2001) (modified); Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 120 S. Ct. 2097, 2107-09 (2000); De La Cruz v. New York City Resources Admin. Dep't of Social Svcs., 82 F.3d 16, 23 (2d Cir. 1996); Montana v. First Fed. Sav. & Loan Ass'n, 869 F.2d 100, 106 (2d Cir. 1989); Parcinski v. Outlet Co., 673 F.2d 34, 37 (2d Cir. 1982), cert. denied, 459 U.S. 1103 (1983); Balut v. Loral Elec. Sys., 988 F. Supp. 339, 350 (S.D.N.Y. 1997), aff'd, 166 F.3d 1199 (2d Cir. 1998) ("we decline to 'sit as a super-personnel department that reexamines an entity's business decisions'"); Jimoh v. Ernst & Young, 908 F. Supp. 220, 226 (S.D.N.Y. 1995) ("employee's disagreement with an employer's business decision is insufficient to prove discriminatory conduct"), citing Dister v. Continental Group, Inc., 859 F.2d 1108, 1116 (2d Cir. 1988) ("[e]vidence that an employer made a poor business judgment in discharging an employee generally is insufficient to establish a genuine issue of fact as to the credibility of the employer's reasons."); Toliver v. Sullivan Diagnostic Treatment Ctr., 818 F. Supp. 71, 75 (S.D.N.Y. 1993) (employee has not demonstrated pretext for discrimination even if employer acted unwisely or erroneously in firing employee for improper use of sick time); Laverack & Haines v. New York State Div. of Human Rights, 88 N.Y.2d 734, 739-40, 650 N.Y.S.2d 76 (1996); Miller Brewing Co. v. State Div. of Human Rights, 66 N.Y.2d 937, 938, 498 N.Y.S.2d 776 (1985).

**DEFENDANT'S REQUEST TO CHARGE NO. 68**
**CHARGES ON PLAINTIFF PILGRIM'S DAMAGES GENERALLY –**
**COURT EXPRESSES NO OPINION**
*[PLAINTIFF PILGRIM ONLY]*

I will next instruct you regarding the law of damages available for the claims raised by Plaintiff Pilgrim in this case. The fact that I am instructing you as to the proper measure of damages should not be considered by you, in any way, as meaning that I have any views as to which party is entitled to your verdict in this case. I am instructing you on all aspects of the law at this time.

Plaintiff Pilgrim does not seek damages for lost wages or lost benefits – what is sometimes referred to as "back and front pay." Thus, under no circumstances are you to award Plaintiff Pilgrim damages for lost wages or lost benefits.

Plaintiff Pilgrim only seeks compensatory damages for pain and suffering. If you find for Plaintiff Pilgrim on any of her claims against McGraw-Hill, then, and only then, would you consider the amount which, in the exercise of your good judgment and common sense, you find is fair and just compensation for compensatory and punitive damages Plaintiff Pilgrim sustained in accordance with the rules of law as I will describe them for you. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of Plaintiff Pilgrim from a preponderance of the evidence in the case in accordance with the other instructions. If, therefore, you find that Plaintiff Pilgrim has not proven her case by a preponderance of the evidence, you must find for McGraw-Hill. If you find for McGraw-Hill, you do not need to consider the instructions I give on damages.

Source:      O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 106.02 (5th ed. 2000) (modified).

**DEFENDANT'S REQUEST TO CHARGE NO. 69**
**COMPENSATORY DAMAGES SOUGHT BY PLAINTIFF PILGRIM**
*[PLAINTIFF PILGRIM ONLY]*

The purpose of damages is to award just and fair compensation for any loss from a defendant's violation of a plaintiff's rights. If you find McGraw-Hill discriminated or retaliated against Plaintiff Pilgrim, then you must determine an amount that is fair compensation for damages suffered by Plaintiff Pilgrim. You may award compensatory damages only for injuries that Plaintiff Pilgrim proves, by a preponderance of the evidence, were caused by McGraw-Hill's allegedly wrongful conduct.

Compensatory damages seek to make the plaintiff whole – that is, to compensate her for the damage she has suffered. A prevailing plaintiff is entitled to compensatory damage for "non-economic loss" which encompasses physical injuries as well as emotional or psychological impacts that the plaintiff has suffered because of the defendant's wrongful conduct. Compensatory damages can include medical and other expenses that a Plaintiff may have borne.

You may award compensatory damages only for injuries that Plaintiff Pilgrim proves by a preponderance of the evidence were caused by McGraw-Hill's allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less. You may award Plaintiff Pilgrim only that amount of compensatory damage which will fairly and reasonably compensate her for the injuries she sustained as a result of McGraw-Hill's conduct. Plaintiff Pilgrim is not entitled to an award of compensatory damages for any injuries she sustained as a result of other causes or contributing factors.

I cannot give you a yardstick by which to measure the dollar value of pain or injury. There is no exact standard for fixing the compensation to be awarded for these elements

of damage. You have heard Plaintiff Pilgrim's testimony about the losses she claims to have sustained because of McGraw-Hill's conduct. You will have to determine, based on your common sense and experience, that amount of money which will fairly and reasonably make her whole or compensate her for the damage, if any, she proves she sustained as a consequence of the unlawful acts that violated her rights. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound judgment in fixing an award of compensatory damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.

In calculating damages, do not consider any lost wages or benefits or potential future earnings that Plaintiff Pilgrim lost as a result of McGraw-Hill's actions. As I stated earlier, these are referred to as back and front pay, and Plaintiff Pilgrim is not seeking an award of lost wages or benefits or potential future earnings.

Source:     O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, §§ 170.60, 171.90 (5th ed. 2001) (modified); <u>Broadnax v. New Haven</u>, 415 F.3d 265, 271-72 (2d Cir. 2005); <u>Robinson v. Metro-North Commuter R.R.</u>, 267 F.3d 147, 157 (2d Cir. 2001).

**DEFENDANT'S REQUEST TO CHARGE NO. 70**
**PROXIMATE CAUSE**
*[PLAINTIFF PILGRIM ONLY]*

An injury or damage is proximately caused by an act whenever it appears from the evidence that the act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of that act. In other words, in order for you to award Plaintiff Pilgrim damages in this case, Plaintiff Pilgrim must prove by a preponderance of the evidence that she suffered an injury or damages as a direct result or as a reasonable consequence of the actions by McGraw-Hill.

Source:    O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §§ 170.42, 171.62 (5th ed. 2001) (modified).

## DEFENDANT'S REQUEST TO CHARGE NO. 71
## SPECULATIVE DAMAGES
### *[PLAINTIFF PILGRIM ONLY]*

In awarding damages, you may not speculate on damages. It is only actual damages that the law speaks of. The amount of your verdict must be based upon the evidence presented. You are not to award to Plaintiff Pilgrim speculative damages; that is, compensation for damages that, although possible, are remote, conjectural or speculative.

Source:    4 Hon. Leonard B. Sand et al., <u>Modern Federal Jury Instructions-Civil</u> § 87.03[6], Instruction 87-89 (2007) (modified); <u>see</u> <u>Memphis Comm. School Dis. v. Stachura,</u> 477 U.S. 299, 309-10, 315-16 (1986).

**DEFENDANT'S REQUEST TO CHARGE NO. 72**
**NO DOUBLE RECOVERY**
*[PLAINTIFF PILGRIM ONLY]*

In awarding damages, you are not permitted to award Plaintiff Pilgrim a double recovery for a single loss.  If two separate claims result in a damage award to compensate Plaintiff Pilgrim for the same loss or injury, only one award can be made.


Source:     Muller v. Costello, 997 F. Supp. 299, 303 (N.D.N.Y. 1998), aff'd 187 F.3d 298 (2d Cir. 1999) ("a plaintiff who brings two separate Title VII actions, which are consolidated for the purposes of trial, is entitled to recover only a single aware of compensatory damages"), quoting Galliher v. Rubin, 969 F. Supp. 1329, 1331 (S.D. Ga. 1997).

## <u>DEFENDANT'S REQUEST TO CHARGE NO. 73</u>
## <u>COURT HAS NO OPINION</u>

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner what verdict I think you should find.  What the verdict shall be is your sole and exclusive duty and responsibility.


Source:      O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 106.07 (5th ed. 2000).

**DEFENDANT'S REQUEST TO CHARGE NO. 74**
**QUESTIONS FROM JURY**

If it becomes necessary during your deliberations to communicate with the Court, you may send a note signed by your foreperson or by one or more members of the jury. The courtroom deputies should be given the note and he or she will deliver it to me. No member of the jury should attempt to communicate with the Court by means other than a signed note, and the Court will not communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open Court.

You will note from the oath about to be taken by the courtroom deputies that they too as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

Source:      O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 106.08 (5th ed. 2000) (modified).

<u>**DEFENDANT'S REQUEST TO CHARGE NO. 75**</u>
<u>**UNANIMOUS VERDICT**</u>

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty as jurors to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Source:    O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 106.01 (5th ed. 2000) (modified).

**DEFENDANT'S REQUEST TO CHARGE NO. 76**
**SPECIAL VERDICT AND GENERAL VERDICT FORMS**

Prior to retiring to the jury room, I will select one of your members to act as your foreperson. The foreperson will preside over the deliberations, and will be your spokesperson here in Court. A form of special verdict has been prepared for your convenience. You will take these forms to the jury room. I direct your attention first to the form of special verdict.

[Read Special Verdict Form.]

The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided under each question, and will date and sign the special verdict, when completed.

Source:    O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 106.06 (5th ed. 2000) (modified).