PROSKAUER ROSE LLP
Gregory I. Rasin
Elise M. Bloom
Steven D. Hurd
1585 Broadway
New York, New York 10036
(212) 969-3000
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
JANNIE PILGRIM, GIOVANNA HENSON,           :
JESAN SPENCER, BRENDA CURTIS,              :     Civil Action No.: 07-6618 (CM) (AJP)
                                           :
                Plaintiffs,                :
                                           :     **DEFENDANT'S PROPOSED**
        against                            :     **SUPPLEMENTAL**
                                           :     **JURY CHARGES**
THE MCGRAW-HILL COMPANIES, INC.,           :
                                           :
                Defendant.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Defendant The McGraw-Hill Companies, Inc. ("Defendant" or "McGraw-Hill"), by and through its undersigned counsel, submits the attached Supplemental Proposed Jury Charges.

Defendant contends that claims relating to Plaintiff Brenda Curtis's ("Curtis") employment prior to September 14, 2005 are barred by the knowing and voluntary release she entered into with McGraw-Hill on that date. Defendant thus contends that evidence pertaining to Curtis's employment prior to September 14, 2005 should be precluded from trial as irrelevant. If the Court, however, permits the introduction of such evidence, Defendant requests that the jury be charged with Defendant's Request to Charge No. 1A.

Defendant objects to Plaintiffs' jury demand regarding Curtis's claims for back and front pay. Under Title VII, back and front pay are equitable remedies to be awarded at the

discretion of the Court. <u>Broadnax v. City of New Haven</u>, 415 F.3d 265, 271 (2d Cir. 2005) ("Because a lost wages award – whether in the form of back pay or front pay – is an equitable remedy, a party is generally not entitled to a jury determination on the question."). Thus, the issues of back and front pay should not be submitted to the jury in this case. If the Court, however, chooses to submit these issues to the jury for an advisory verdict, which Defendant also opposes, Defendant requests that the jury be charged with Defendant's Request to Charge Nos. 2A-4A.

Defendant contends that the jury should not be charged on punitive damages. Should the Court instruct the jury on punitive damages, however, Defendant requests that the jury be charged with Defendant's Request to Charge Nos. 5A-8A.

Defendant reserves its right to modify, amend or supplement its proposed jury charges in accordance with the rules of the Court.

Respectfully submitted,

PROSKAUER ROSE LLP
1585 Broadway
New York, New York
(212) 969-3000
grasin@proskauer.com

By:   /s/ Gregory I. Rasin
Gregory I. Rasin
Elise M. Bloom
Steven D. Hurd

ATTORNEYS FOR DEFENDANT

Dated: June 27, 2008
        New York, New York

# DEFENDANT'S REQUEST TO CHARGE NO. 1A
# RELEASE AGREEMENT
*[IF NECESSARY]*

On September 14, 2005, Plaintiff Curtis signed a release agreement in which she waived all of her potential employment claims against McGraw-Hill that arose prior to that date. Therefore, Plaintiff Curtis is not asserting any claim for acts that occurred prior to September 14, 2005.

To the extent that you have heard evidence of alleged discriminatory and/or retaliatory acts regarding Plaintiff Curtis prior to September 14, 2005, you may not find for Plaintiff Curtis or award Plaintiff Curtis damages based upon those alleged discriminatory and/or retaliatory acts.

Source:   Brenda Curtis Termination and Release Agreement, dated September 14, 2005.

### **DEFENDANT'S REQUEST TO CHARGE NO. 2A**
### **ACTUAL DAMAGES – BACK PAY**
### *[IF NECESSARY]*

If you find that Defendant discriminated or retaliated against Plaintiff Curtis, then you must determine the amount of back pay damages, if any, Plaintiff Curtis has sustained. The sum that Plaintiff Curtis would be entitled to receive is what she would have earned if she had not been subjected to discrimination or retaliation, reduced by: (1) any money she has earned or received from subsequent employment; (2) any money she has earned or received in benefit payments (whether from unemployment compensation, short-term disability, long-term disability, Social Security or otherwise) since the termination of her employment with McGraw-Hill; and (3) any money that Plaintiff Curtis could have earned through the exercise of reasonable diligence, but failed to do so. I will explain Plaintiff Curtis's obligation to exercise diligence in finding another job shortly.

Source:   O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 171.91 (5th ed. 2001) (modified); 42 U.S.C. § 2000e-5(g); N.Y. Exec. Law § 297; Ford Motor Co. v. EEOC, 458 U.S. 219, 231-32, 231 n.14 (1982), superseded by statute on other grounds 42 U.S.C. § 1981a (1991); Muller v. Costello, 997 F. Supp. 299, 305 (N.D.N.Y. 1998), aff'd, 187 F.3d 298 (2d Cir. 1999); Proulx v. Citibank, N.A., 681 F. Supp. 199, 205 (S.D.N.Y. 1988); Weiss v. N.Y.S. Human Rights App. Bd., 102 A.D.2d 471, 472 477 N.Y.S.2d 342 (1st Dept. 1984).

### DEFENDANT'S REQUEST TO CHARGE NO. 3A
### ACTUAL DAMAGES – FRONT PAY
### *[IF NECESSARY]*

You must also calculate separately, as future damages, a monetary amount equal to the present value of wages and benefits that Plaintiff Curtis would have earned from McGraw-Hill for the period from the date of your verdict until the date when Plaintiff Curtis would have voluntarily resigned, obtained other employment, or retired. These are called "front pay" damages.

You must also reduce any award of front pay to its present value by considering the interest that Plaintiff Curtis could earn on the amount of the award if she had a made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to Plaintiff Curtis if she receives it today than if she received it in the future. It is more valuable because Plaintiff Curtis can earn interest on it for the period of time between the date of the award and the date Plaintiff Curtis would have earned the money. Thus, you should adjust the amount of any award of front pay by the amount of interest that Plaintiff Curtis can earn on that amount in the future.

Source:   O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 171.92 (5th ed. 2001) (modified); 42 U.S.C. § 2000e-5(g); N.Y. Exec. Law § 297.

# **DEFENDANT'S REQUEST TO CHARGE NO. 4A**
# **MITIGATION OF ECONOMIC DAMAGES**
## *[IF NECESSARY]*

A person claiming employment discrimination has an obligation to make every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment. This requires Plaintiff Curtis to exercise reasonable diligence to minimize her damages. This is referred to as "mitigation of damages." Therefore, assuming Plaintiff Curtis was able to prove by a preponderance of the evidence that she is entitled to economic damages, any such damages are subject to reduction in the event that Plaintiff Curtis fails in her duty to mitigate those damages. McGraw-Hill may prove by a preponderance of the evidence that Plaintiff Curtis failed to mitigate her damages for any loss of compensation.

In addition, if you determine Plaintiff Curtis is entitled to lost compensation, you must reduce the loss by: (1) what Plaintiff Curtis earned since the termination of her employment with McGraw-Hill, and (2) what Plaintiff Curtis could have earned by reasonable effort during the period from Plaintiff Curtis's discharge until the date of trial.

If Plaintiff Curtis makes little or no effort to obtain new employment, McGraw-Hill is not required to show the existence of suitable alternative employment in order to establish that the Plaintiff failed to mitigate her damages. For example, if a plaintiff has two jobs and is terminated from one, she still has an obligation to replace the lost position.

In addition, if Plaintiff Curtis has failed to make reasonable attempts at finding other employment, then she is not entitled to receive back or front pay for any period during which she failed to make such reasonable efforts. Furthermore, where a plaintiff abandons her job search in favor of starting her own business in which she does not invest any capital, or chooses to go to school, she has failed to meet her duty to mitigate.

Here, Plaintiff Curtis testified that she has not secured comparable employment. Since the termination of her employment, Plaintiff Curtis said she has spent the majority of her time searching for new employment. McGraw-Hill has offered expert testimony that suitable employment existed in the marketplace and that Plaintiff Curtis did not make reasonable efforts to obtain it. If McGraw-Hill proves either that suitable employment existed or that Plaintiff Curtis did not make reasonable efforts to seek such employment, then you must not award economic damages or back or front pay to Plaintiff Curtis.

Plaintiff Curtis must accept employment that is "of a like nature." In determining whether employment is "of a like nature," you may consider:

1. the type of work;
2. the hours worked;
3. the compensation;
4. the job security;
5. the working conditions; and
6. other conditions of employment.

You must decide whether Plaintiff Curtis acted reasonably in not seeking or accepting a particular job. If you determine that Plaintiff Curtis did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from Plaintiff Curtis's failure to do so. You must not compensate Plaintiff Curtis for any portion of her loss of compensation resulting from her own failure to make reasonable efforts to reduce her loss of compensation.

Source:    O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 171.95 (5th ed. 2001) (modified); Ford Motor Co. v. EEOC, 458 U.S. 219, 102 S. Ct. 3057

(1982); <u>Broadnax v. New Haven</u>, 415 F.3d 265, 268-70 (2d Cir. 2005); <u>Greenway v. Buffalo Hilton Hotel</u>, 143 F.3d 47, 53-55 (2d Cir. 1998); <u>Lightfoot v. Union Carbide Corp.</u>, 110 F.3d 898, 908-09 (2d Cir. 1997).

**DEFENDANT'S REQUEST TO CHARGE NO. 5A**
**PUNITIVE DAMAGES SOUGHT BY PLAINTIFF SPENCER**
*[PLAINTIFF SPENCER ONLY]*

Plaintiff Spencer claims the acts of McGraw-Hill were done with malice or reckless indifference to their federally protected rights so as to entitle Plaintiff Spencer to an award of punitive damages in addition to compensatory damages.  Punitive damages are an extraordinary sanction, available only under aggravated circumstances, to penalize a party for engaging in notably reprehensible conduct.  The law does not generally look with favor upon punitive damages.  It is for you to determine whether such damages should be awarded, based on the instructions I am about to give you.

In some cases, punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct.  However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts are contrary to the employer's good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate only if you find for Plaintiff Spencer on her discrimination or retaliation claims, and then further find from a preponderance of the evidence:

First:  that a higher management official of McGraw-Hill personally acted with malice or reckless indifference to Plaintiff Spencer's federally protected rights; and

Second:  that the corporate Defendant did not act in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

The terms "malice" and "reckless indifference," as used above, refer to the McGraw-Hill's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination.

Plaintiff Spencer must prove that the actions of McGraw-Hill which proximately caused actual damage to Plaintiff Spencer were outrageously, maliciously, wantonly or oppressively done.

An act is regarded as outrageous if it is monstrous, heinous and atrocious and describes whatever is so flagrantly bad that one's sense of decency or power to suffer or tolerate is violated.

An act is maliciously done if it is prompted or accompanied by ill will or spite or grudge toward Plaintiff Spencer.

An act is wantonly done if it is done in reckless or callous disregard of or indifference to Plaintiff Spencer's rights.

An act is oppressively done if it is done in a way or manner which injures or damages or otherwise violates Plaintiff Spencer's rights with unnecessary harshness or severity as by misuse or abuse of authority or power or by taking advantage of some weakness or disability or misfortune.

You should bear in mind that such extraordinary damages may be awarded only if you unanimously find from a preponderance of the evidence that McGraw-Hill's acts, which proximately caused actual damage to Plaintiff Spencer, were outrageously, maliciously, oppressively or wantonly done. You should also bear in mind not only the conditions under which the law permits an award of punitive damages, but also the requirement of law that the amount of such extraordinary damages, if awarded, must be fixed with calm discretion and sound

reason, and must never be either awarded or fixed in any amount because of any sympathy or bias or prejudice with regard to any party to the case. The amount of punitive damages must be in proportion to the evidence that McGraw-Hill's conduct was purposeful and in relation to the degree of reprehensibility of McGraw-Hill's conduct, or the damages will be found to be excessive. If you award punitive damages, they must be separately stated in your verdict.

Source:	O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 171.94 (5th ed. 2001) (modified); State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 418 (2003); Kolstad v. American Dental Association, 527 U.S. 526 (1999); Farias v. Instructional Sys., Inc., 259 F.3d 91, 101 (2d Cir. 2001); Zarcone v. Perry, 572 F.2d 52, 56-57 (2d Cir. 1978).

**DEFENDANT'S REQUEST TO CHARGE NO. 6A**
**PUNITIVE DAMAGES SOUGHT BY PLAINTIFF CURTIS**
*[PLAINTIFF CURTIS ONLY]*

Plaintiff Curtis claims the acts of McGraw-Hill were done with malice or reckless indifference to their federally protected rights so as to entitle Plaintiff Curtis to an award of punitive damages in addition to compensatory damages. Punitive damages are an extraordinary sanction, available only under aggravated circumstances, to penalize a party for engaging in notably reprehensible conduct. The law does not generally look with favor upon punitive damages. It is for you to determine whether such damages should be awarded, based on the instructions I am about to give you.

In some cases, punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts are contrary to the employer's good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate only if you find for Plaintiff Curtis on her discrimination or retaliation claims, and then further find from a preponderance of the evidence:

First: that a higher management official of McGraw-Hill personally acted with malice or reckless indifference to Plaintiff Curtis's federally protected rights; and

Second: that the corporate Defendant did not act in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

The terms "malice" and "reckless indifference," as used above, refer to the McGraw-Hill's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination.

Plaintiff Curtis must prove that the actions of McGraw-Hill which proximately caused actual damage to Plaintiff Curtis were outrageously, maliciously, wantonly or oppressively done.

An act is regarded as outrageous if it is monstrous, heinous and atrocious and describes whatever is so flagrantly bad that one's sense of decency or power to suffer or tolerate is violated.

An act is maliciously done if it is prompted or accompanied by ill will or spite or grudge toward Plaintiff Curtis.

An act is wantonly done if it is done in reckless or callous disregard of or indifference to Plaintiff Curtis's rights.

An act is oppressively done if it is done in a way or manner which injures or damages or otherwise violates Plaintiff Curtis's rights with unnecessary harshness or severity as by misuse or abuse of authority or power or by taking advantage of some weakness or disability or misfortune.

You should bear in mind that such extraordinary damages may be awarded only if you unanimously find from a preponderance of the evidence that McGraw-Hill's acts, which proximately caused actual damage to Plaintiff Curtis, were outrageously, maliciously, oppressively or wantonly done. You should also bear in mind not only the conditions under which the law permits an award of punitive damages, but also the requirement of law that the amount of such extraordinary damages, if awarded, must be fixed with calm discretion and sound

reason, and must never be either awarded or fixed in any amount because of any sympathy or bias or prejudice with regard to any party to the case. The amount of punitive damages must be in proportion to the evidence that McGraw-Hill's conduct was purposeful and in relation to the degree of reprehensibility of McGraw-Hill's conduct, or the damages will be found to be excessive. If you award punitive damages, they must be separately stated in your verdict.

Source:    O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 171.94 (5th ed. 2001) (modified); State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 418 (2003); Kolstad v. American Dental Association, 527 U.S. 526 (1999); Farias v. Instructional Sys., Inc., 259 F.3d 91, 101 (2d Cir. 2001); Zarcone v. Perry, 572 F.2d 52, 56-57 (2d Cir. 1978).

**DEFENDANT'S REQUEST TO CHARGE NO. 7A**
**PUNITIVE DAMAGES SOUGHT BY PLAINTIFF HENSON**
*[PLAINTIFF HENSON ONLY]*

Plaintiff Henson claims the acts of McGraw-Hill were done with malice or reckless indifference to their federally protected rights so as to entitle Plaintiff Henson to an award of punitive damages in addition to compensatory damages. Punitive damages are an extraordinary sanction, available only under aggravated circumstances, to penalize a party for engaging in notably reprehensible conduct. The law does not generally look with favor upon punitive damages. It is for you to determine whether such damages should be awarded, based on the instructions I am about to give you.

In some cases, punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts are contrary to the employer's good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate only if you find for Plaintiff Henson on her discrimination or retaliation claims, and then further find from a preponderance of the evidence:

First: that a higher management official of McGraw-Hill personally acted with malice or reckless indifference to Plaintiff Henson's federally protected rights; and

Second: that the corporate Defendant did not act in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

The terms "malice" and "reckless indifference," as used above, refer to the McGraw-Hill's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination.

Plaintiff Henson must prove that the actions of McGraw-Hill which proximately caused actual damage to Plaintiff Henson were outrageously, maliciously, wantonly or oppressively done.

An act is regarded as outrageous if it is monstrous, heinous and atrocious and describes whatever is so flagrantly bad that one's sense of decency or power to suffer or tolerate is violated.

An act is maliciously done if it is prompted or accompanied by ill will or spite or grudge toward Plaintiff Henson.

An act is wantonly done if it is done in reckless or callous disregard of or indifference to Plaintiff Henson's rights.

An act is oppressively done if it is done in a way or manner which injures or damages or otherwise violates Plaintiff Henson's rights with unnecessary harshness or severity as by misuse or abuse of authority or power or by taking advantage of some weakness or disability or misfortune.

You should bear in mind that such extraordinary damages may be awarded only if you unanimously find from a preponderance of the evidence that McGraw-Hill's acts, which proximately caused actual damage to Plaintiff Henson, were outrageously, maliciously, oppressively or wantonly done. You should also bear in mind not only the conditions under which the law permits an award of punitive damages, but also the requirement of law that the amount of such extraordinary damages, if awarded, must be fixed with calm discretion and sound

reason, and must never be either awarded or fixed in any amount because of any sympathy or bias or prejudice with regard to any party to the case.  The amount of punitive damages must be in proportion to the evidence that McGraw-Hill's conduct was purposeful and in relation to the degree of reprehensibility of McGraw-Hill's conduct, or the damages will be found to be excessive.  If you award punitive damages, they must be separately stated in your verdict.

Source:    O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 171.94 (5th ed. 2001) (modified); State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 418 (2003); Kolstad v. American Dental Association, 527 U.S. 526 (1999); Farias v. Instructional Sys., Inc., 259 F.3d 91, 101 (2d Cir. 2001); Zarcone v. Perry, 572 F.2d 52, 56-57 (2d Cir. 1978).

### **DEFENDANT'S REQUEST TO CHARGE NO. 8A**
### **PUNITIVE DAMAGES SOUGHT BY PLAINTIFF PILGRIM**
### *[PLAINTIFF PILGRIM ONLY]*

Plaintiff Pilgrim claims the acts of McGraw-Hill were done with malice or reckless indifference to their federally protected rights so as to entitle Plaintiff Pilgrim to an award of punitive damages in addition to compensatory damages. Punitive damages are an extraordinary sanction, available only under aggravated circumstances, to penalize a party for engaging in notably reprehensible conduct. The law does not generally look with favor upon punitive damages. It is for you to determine whether such damages should be awarded, based on the instructions I am about to give you.

In some cases, punitive damages may be awarded for the purpose of punishing a defendant for its wrongful conduct and to deter others from engaging in similar wrongful conduct. However, an employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where those acts are contrary to the employer's good faith efforts to comply with the law by implementing policies and programs designed to prevent such unlawful discrimination in the workplace.

An award of punitive damages would be appropriate only if you find for Plaintiff Pilgrim on her discrimination or retaliation claims, and then further find from a preponderance of the evidence:

First: that a higher management official of McGraw-Hill personally acted with malice or reckless indifference to Plaintiff Pilgrim's federally protected rights; and

Second: that the corporate Defendant did not act in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace.

The terms "malice" and "reckless indifference," as used above, refer to the McGraw-Hill's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination.

Plaintiff Pilgrim must prove that the actions of McGraw-Hill which proximately caused actual damage to Plaintiff Pilgrim were outrageously, maliciously, wantonly or oppressively done.

An act is regarded as outrageous if it is monstrous, heinous and atrocious and describes whatever is so flagrantly bad that one's sense of decency or power to suffer or tolerate is violated.

An act is maliciously done if it is prompted or accompanied by ill will or spite or grudge toward Plaintiff Pilgrim.

An act is wantonly done if it is done in reckless or callous disregard of or indifference to Plaintiff Pilgrim's rights.

An act is oppressively done if it is done in a way or manner which injures or damages or otherwise violates Plaintiff Pilgrim's rights with unnecessary harshness or severity as by misuse or abuse of authority or power or by taking advantage of some weakness or disability or misfortune.

You should bear in mind that such extraordinary damages may be awarded only if you unanimously find from a preponderance of the evidence that McGraw-Hill's acts, which proximately caused actual damage to Plaintiff Pilgrim, were outrageously, maliciously, oppressively or wantonly done. You should also bear in mind not only the conditions under which the law permits an award of punitive damages, but also the requirement of law that the amount of such extraordinary damages, if awarded, must be fixed with calm discretion and sound

reason, and must never be either awarded or fixed in any amount because of any sympathy or bias or prejudice with regard to any party to the case.  The amount of punitive damages must be in proportion to the evidence that McGraw-Hill's conduct was purposeful and in relation to the degree of reprehensibility of McGraw-Hill's conduct, or the damages will be found to be excessive.  If you award punitive damages, they must be separately stated in your verdict.

Source:   O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 171.94 (5th ed. 2001) (modified); State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408, 418 (2003); Kolstad v. American Dental Association, 527 U.S. 526 (1999); Farias v. Instructional Sys., Inc., 259 F.3d 91, 101 (2d Cir. 2001); Zarcone v. Perry, 572 F.2d 52, 56-57 (2d Cir. 1978).

6525/50017-013 Current/11394373v2