Trial Counsel:
Lawrence Solotoff (LS1356)
Cheryl Solotoff (CS3013)
SOLOTOFF & SOLOTOFF, ESQS.
Plaintiff's Counsel
P.O.Box 4686
Great Neck, New York 11023
Office No.    (516) 466-5522
Facsimile No.  (516) 466-5562

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____X

**JANNIE PILGRIM, GIOVANNA HENSON,**
**JESAN SPENCER, and BRENDA CURTIS,**                    CV 07-6618 (CM)(AJP)


                                                        **PLAINTIFFS' PROPOSED**
                                    **Plaintiffs**       **JURY INSTRUCTIONS**

            -against-


**THE MCGRAW-HILL COMPANIES, INC.,**

                                    **Defendant.**
_____X

Plaintiff, by and through their attorneys, Solotoff & Solotoff submits the following requests to

charge.  We respectfully request that these proposed charges be incorporated into any charge that Your

Honor ultimately uses. Plaintiffs reserve their right to modify, amend or supplement their proposed jury

charges in accordance with Your Honor's rules.


### REQUEST NO. 1:    Direct v. Circumstantial Evidence

The plaintiff need not present any direct evidence to prevail on her claims.  Direct evidence of

discrimination is hard to find.  This is because an employer who discriminates is unlikely to leave a

"smoking gun", which would evidence a discriminatory motive.  Therefore, a plaintiff is seldom able to

prove her claim by direct evidence, and usually relies solely on circumstantial evidence. Desert Palace,

Inc dba Caesars Palace Hotel. v. Catharina F. Costa, 539 U.S. ___(2003); Perry v.  Chambers v. TRM

Copy Centers Corporation, 43 F.3d 29, 37 (2d Cir. 1994), citing, Rosen v. Thornburgh, 928 F.2d 528, 533

(2d Cir. 1991): Dister v. Continental Group, 859 F.2d 1108, 1114-15 (2d Cir. 1988).


### REQUEST NO. 2:    Intentional Conduct

Intent involves the state of mind with which an act is done.  It means the desire to bring about a result.  If you find that the actions of the Defendants were with the desire to bring about a result, it is said to have intended that result. **Fischer v. Maloney**, 43 N.Y.2d 553, 402 N.Y.S.2d 991, 373 N.E.2d 1215; **Clark v. New York Tel. Co.,** 52 A.D.2d 1030, 384 N.Y.S.2d 562, affd. 41 N.Y.2d 1069.

### REQUEST TO CHARGE NO. 3. Respondeat Superior Under Title VII.

An employer is liable for a discriminatory conduct and hostile work environment created by its employees if the employer acquiesced in the discriminatory conduct or subsequently condoned it or retaliated because plaintiff complained of it.  In a moment I will instruct you on acquiescence or condonation. For now, condonation may be established by knowledge of the discriminatory conduct or retaliation acquired after the fact, combined with insufficient investigation indifference and/or insufficient corrective action.  Managerial level employees can impute liability onto the employer without any showing of condonation by the employer.

Furthermore, when the employee, guilty of the discriminatory conduct, hostile work environment or retaliation is a supervisor, the employer is presumed to be absolutely liable. The plaintiff is under no duty to bring her allegations to the employer's attention when she believes that the employer's response to her discrimination, retaliation and/or harassment charges was inadequate. Faragher v. City of Boca Raton, 118 S.Ct 2275, 2292 (1998); Burlington Indus. v Ellerth, 118 S.Ct 2257, 2270, 141 L.Ed.2d 633 (1998); Father Belle Community Center v. State Division of Human Rights, 221 A.D.2d 44, 642 N.Y.S.2d 739 (4th Dept 1996); Greene v. St. Elizabeth's Hospital, 66 N.Y.2d 684, 496 N.Y.S.2d 411, 487 N.E.2d 268 (1985).

### REQUEST TO CHARGE NO.  4  - A Term, Condition or Privilege Of Employment

A term, condition, or privilege of employment affected by a violation of Title VII, or New York State Human Rights Law, and the New York City Admin. Code may include: interference with an employee's work performance; creating an intimidating, hostile or offensive working environment, denial of training; denial of impartial evaluations, denial of promotion or coveted assignments or adversely impacting on an employee's psychological well being.

Separately, you may consider acts of intimidation, insult, offense, hostility or unequal treatment

based on race when combined with incidents evidencing a hostile environment to establish the existence

of discriminatory terms and conditions of employment. EEOC Policy Guidance on Current Issues of

Other Harassment, (N915050) (March 19, 1990), *citing* Hall v. Gus Construction Company, 842 F.2d

1010, 1014 (8th Cir. 1988); Hicks v. Gates Rubber Company, 833 F.2d 1406, 1416 (10th Cir. 1987).  See

Carrero v. New York City Housing Authority, 890 F.2d 569, 51 F.E.P. Cases 596 (2d Cir. 1989);

Robinson v. Jacksonville Shipyards, Inc., 760 F. Supp. 1486, 57 F.E.P. Cases 596 (M.D. Fla. 1991).Harris

v. Forklift Sys., Inc., 126 L.Ed. 2d 295, 114 S.Ct. 367, 370 (1994).

### **REQUEST NO. 5:**    **Burden of Proof**

To establish a claim by a fair preponderance of the credible evidence simply means to prove that

something is more likely so than not so.  A preponderance of the evidence means the greater weight of the

evidence.  It does not mean the greater number of witnesses; or the greater length of time taken by either

side.  It means the quality and persuasiveness of the evidence – that is, the weight and the effect that the

evidence has in your minds.

In order for a party who bears the burden of proof as to a particular issue or claim to prevail, the

law requires that the evidence supporting the party's claim must appeal to you as more accurately

representing what actually took place, as compared to the evidence opposed to the party's claim.  If it

does not, or if it weighs so evenly that you are unable to say that there is a preponderance on either side,

then you must resolve the question in favor of the other party.  That is because the party bearing this

burden must prove more than simple equality of evidence.  He/she must prove the element at issue by a

preponderance of the evidence.  On the other hand, the party with this burden need prove no more than by

a preponderance.  So long as the scales tip, however slightly, in favor of the party with this burden of

proof – that is what the party claims is more likely true than not true – than that element will have been

proved by a preponderance of the evidence.

To summarize briefly, a preponderance of the evidence means that such evidence, when

considered and compared with the evidence opposed to it, produces in your mind a belief that what is

**REQUEST NO. 6**:  **Hostile and Abusive Conduct by Supervisor That Results in an Adverse Employment Action.**

The employer is always liable for harassment, hostile and abusive conduct by a supervisor that culminates in a tangible employment action**.** None of the affirmative defenses are available in such cases. An adverse employment action is the means by which the supervisor brings the official power of the Defendant to bear on subordinates and may be demonstrated as follows;

A tangible employment action qualifies if it results in a significant and material change in employment status. For example, an involuntary transfer, or significantly changing an individual's duties in an existing job constitutes a tangible employment action regardless of whether the individual retains the same salary, title or benefits. Altering an employee's duties in a way that blocks an opportunity for promotion or salary increases also constitutes tangible employment action. EEOC Enforcement Guidance: Vicarious Employer Liability for Unlawful Harassment by Supervisors (No. 915.002) n.29 (June 18, 1999); Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 118 S.Ct. 2257, 2268-2269, 141 L.Ed.2d 633 (1998) includes significantly diminished material responsibilities, or other indices that might be unique to the particular situation.

When a supervisor wields the authority delegated to him by an employer to further creation of a discriminatorily abusive work environment, the supervisor's conduct is deemed to be that of the employer, and the employer's liability for that conduct is absolute. Edwards v. Twon of Huntington, 2007 WL 2027913 (E.D.N.Y. (July 11, 2007) (See attached) *citing,* Murray v. New York University College of Dentistry, 57 F.3d 243, 249 (2d 1995).

When abusive conduct by a supervisor creates a hostile work environment but does not result in a tangible employment action, and the employee made reasonable attempts to avoid harm, the employer remains liable for its failure to exercise reasonable care to prevent or protect the employee from the hostile conduct. Even the best policy and complaint procedure will not alone satisfy the burden of proving

reasonable care if, in the particular circumstances of the case, the employer failed to implement its policy effectively.  For example, if the employer has an adequate policy and complaint procedure but fails to investigate a complaint, or an official failed to enforce its policy, the employer has not discharged its duty to exercise reasonable care. Hurley v. Atlantic City Police Dept., 174 F.3d 95, 79 F.E.P. Cases 808 (1999), *cert denied* 528 U.S. 1074 (2000); EEOC Enforcement Guidance: Vicarious Employer Liability for Unlawful Harassment by Supervisors (No. 915.002) n.57 (June 18, 1999).

An official's knowledge will be imputed to an employer when: (a) the official is charged with a duty to act on the knowledge (of hostile conduct) and stop the harassment; or (b) the official is charged with the duty to inform the company of the harassment. Distasio v. Perkin Elmer Corp., 157 F.3d 55, 63-64 (2d Cir. 1998), *quoting* Torres v. Pisano, 116 F.3d 625, 636-637, 73 F.E.P.Cases 1771 (2d Cir. 1997); Faragher v. City of Boca Raton, 524 U.S. 775, 807, 118 S.Ct 2275, 2292 (1998);

In discrimination cases the employee need not show that the defendant acted with racial animus. Goodman v. Lukens Steel Co, 482 U.S. 656, 668-69, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987). The plaintiff need not prove that all of the decision makers, or even a majority of them, are biased against her race, she would need to show that bias in at least one of them, whether due to their own views or the discriminatory influence of others. Jalal v. Columbia Univ., 4 F.Supp.2d 224, 238 (S.D.N.Y. 1998).

The mere presence of an anti-harassment policy and internal complaint procedure does not, in itself, conclusively demonstrate the absence of negligence on the part of the employer. Hargrave v. County of Atlantic, 262 F.Supp.2d 393, 431 (D.NJ 2003).

## REQUEST NO. 7:  Hostile Work Environment

I will now explain to you what plaintiff must prove, by a preponderance of the evidence, in order to prove her claim that defendant created a hostile work environment claim.

In order to evaluate any hostile work environment claim, it is critical to consider the totality of circumstances, which includes all of the facts alleged, so as to obtain a realistic view of the work environment.  Cruz v. Coach, 202 F.3d 560, 572 (2d Cir. 2000); Richardson v. N.Y.S. Dept. of Corr.

Serv., 180 F.3d 426 (2d Cir. 1999).  As with all hostile environment claims, a plaintiff/complainant

must subjectively perceive a "severe or pervasive" hostile environment, and an objectively severe or

pervasive hostile environment must exist as well.  See Richardson v. New York State Dept. of

Correctional Services, 180 F.3d 426, 436 (2d Cir. 1999) Some of the factors considered in determining

whether a hostile environment existed includes: "(1) the frequency of the discriminatory conduct; (2) its

severity; (3) whether the conduct was threatening or humiliating, or a "mere offensive utterance;" (4)

whether the conduct unreasonably interfered with plaintiff's work; and (5) what psychological harm, if

any, resulted." Richardson, 180 F.3d at 436.

Plaintiff must prove each of the following elements to prevail on her hostile work environment

claim:

(1)    that plaintiff was a member of a protected class;

(5182) that plaintiff was subjected to unwelcomed conduct that was objectively and subjectively
hostile;

(5183) that the hostile conduct was based, in part, on plaintiff's race,  and/or her complaints of
discrimination;

(5184) that the charged hostile conduct was severe or pervasive such that it affected a term,
condition, or privilege of employment by creating an intimidating, abusive work
environment;

[Authority; Trotta v. Mobil Oil Corp., 788 F. Supp. 1336, 1348 (S.D.N.Y. 1992); Babcock v. Frank 783 F.

Supp. 800, 808 (S.D.N.Y. 1992); Meritor Savings Bank FSB v. Vinson, 477 U.S. 57, 91 L.Ed.2d 49];

Singletary v. District of Columbia, 225 F.Supp.2d 43, 62 (D.C. 2003)(setting forth elements of a hostile

work environment claim based on retaliation).

**FIRST ELEMENT**:  With respect to the first element, plaintiff claims to be in a protected class,

that is: because she is an African American (Black)( a person of color.

Defendants do not dispute that plaintiff is a person of color and African American.  Hence, you

need not consider whether her being a person of color or African American constitutes a protected class.

It does.  Thus, plaintiff has satisfied this element of her claim in that plaintiff's status of being a person of color and/or Black constitutes protected class.

In sum, plaintiff has satisfied the first element of her claim because she is in the protected class: She is a person of color.  Thus, you must consider the last three elements of her claim that she was subjected to a hostile work environment based, in part, on her race.

**SECOND ELEMENT:**  The second element requires that plaintiff establish that she was subjected to unwelcome conduct that was objectively and subjectively hostile.  In other words, plaintiff must prove, by a preponderance of the evidence, that (a) a reasonable person in plaintiff's position would have perceived the work environment to be hostile, abusive, or offensive; and, (b) that plaintiff actually perceived her work environment to be hostile, abusive, or offensive.

I would like to take a moment to explain the distinction that I am drawing between these two concepts.  You are asked to focus on both how a reasonable person would have viewed the conduct and how this plaintiff actually viewed it because the law of harassment raises competing concerns that must be balanced.  On the one hand, the law recognizes that there may be some individuals who are more sensitive than others and who therefore may perceive harassment where most people would not.  The focus on how reasonable people would view the events reflects a desire to avoid imposing liability where a reasonable person would not think that others would be offended.  On the other hand, some individuals have thicker skins than others.  They may not actually be offended by behavior that most persons would find objectionable.  To allow a person who was not actually offended to recover simply because someone else would have been offended in similar circumstances also would be unfair.  This is why you must determine whether plaintiff has proved by a preponderance of the evidence that (a) she actually found the conduct hostile and unwelcome, and (b) a reasonable person would have found the same conduct to be hostile and unwelcome. It is not necessary for the plaintiff to demonstrate that the conduct caused her any psychological injury. [Authority: Harris v. Forklift Systems, Inc., 510 U.S. 17, 114 S.Ct. 367, 370 (1993); Torres v. Pisano, 116 F.3d 625 (2d Cir. 1997)].

**THIRD ELEMENT:**  To satisfy the third element of her claim, the plaintiff must establish, by a

preponderance of the evidence, that she was harassed, in part, based upon the following: (a) her race.  To establish her claim, ONLY one of these three factors must have been a motivating factor which led to the hostile conduct.  Indeed, race was a factor causing the hostile conduct, plaintiff has satisfied this element.  It is important to note that the plaintiff's status in a protected class need not be the only factor that motivated the hostile conduct, but such status must be **a** factor that motivated the hostile conduct.  To reiterate, in order to find this element satisfied plaintiff must prove that it was more likely than not that at least one of the factors that motivated the hostile conduct was plaintiff's status in her protected class –her race.

**FOURTH ELEMENT:**  To establish the fourth element of her claim, the plaintiff must establish, by a preponderance of the evidence, that the alleged hostile conduct was severe **OR** pervasive such that it affected a term, condition, or privilege of employment by creating an intimidating, or abusive work environment.  Whether the hostile conduct affected a term or condition of employment is determined from the totality of the circumstances. [Authority: Sell v. Suffolk County, 782 F.2d 1094, 1103 (2d Cir. 1986); Meritor Savings Bank FSB v. Vinson, 477 U.S. 57, 69 (1986)].  Thus, based upon the totality of the circumstances, the plaintiff must prove, by a preponderance of the evidence, that the workplace was permeated with intimidation, ridicule, or insult that is sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive working environment. A single incident, without, more, if severe can be enough to alter a plaintiff's working environment. [Cruz v. Coach, 202 F.3d at 560, 571].   The more severe the conduct, the less extensive it must be for you to find that it affected a term or condition of plaintiff's employment. In evaluating the totality of circumstances some of the factors you may consider are the following:

    (1)      the total physical environment of the plaintiff's work area;

    (2)      the degree and type of harassment,

    (3)      the reasonable expectations of the plaintiff upon entering the environment;

    (4)      the nature of the unwelcome conduct;

    (5)      the frequency of the offensive encounters;

    (6)      the severity of the conduct;

(7)     the context in which the alleged hostile conduct occurred;

(8)     whether the conduct was unwelcome;

(9)     the effect on the plaintiff's psychological well-being;

(10)    whether the conduct was abusive or intimidating;

(11)    whether it was merely an offensive utterance; and

(12)    whether it unreasonably interfered with the plaintiff's work performance.

[Authority: Employment Litigation: Model Jury Instructions, Section of Litigation, American Bar Association § 1.04[2][b] (1994 ed.), Citing 29 C.F.R. § 1604.11 Harris v. Forklift Systems, Inc., 62 U.S.L.W. 4004, 114 S.Ct. 367 (1993); Heritor Savings Bank v. Vinson, 477 U.S. 57, 65 (1986).]. No single factor is required. You must consider the totality of the circumstances. Furthermore, the work environment does not need to be deemed "unendurable" or "intolerable" in or order to have altered the conditions of plaintiff's employment. Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 70 (2d Cir. 2000). Rather, the standard is lower, and all you must find, by a preponderance of the evidence, is that "the harassment is of such quality or quantity that a reasonable employee would find the conditions of her employment *altered for the worse*." Whidbee, 223 F.3d at 70. Also, the conduct need not seriously affect an employee's psychological well-being or lead the employee to suffer injury in order to meet this standard. Rather, psychological harm is merely a relevant factor that can be taken into account in determining whether the employee actually found the environment abusive.

In short, plaintiff has satisfied the fourth element if after considering the totality of the circumstances, you find by a preponderance of the evidence, that the alleged hostile conduct was severe or pervasive such that it affected a term, condition, or privilege of employment by creating an intimidating or abusive work environment.

## REQUEST NO. 8:     Retaliatory Adverse Employment Actions

Plaintiff asserts that the defendants subjected her to adverse employment actions based, in part, upon her complaints of discrimination. To succeed on her claims of an adverse employment action, plaintiff must prove, by a preponderance of the evidence, the following (1) that plaintiff was in a protected class; (2) that plaintiff was subjected to adverse employment actions; (3) that the adverse

employment actions were motivated, in part, by plaintiff' having complained of discrimination orally or in writing.

To establish a retaliation case the plaintiff need not establish that the conduct she complained of was in fact discriminatory, rather the plaintiff need only show that she had a good faith, reasonable belief that the underlying employment practice was unlawful. Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1178 (2d Cir. 1996)

**ELEMENT 1:** With respect to the first element, it is well settled that "the term 'protected activity' refers to an action taken to protest or oppose statutorily prohibited discrimination" (Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir. 2000)), and "include[s] complaining about unlawful practices . . . ." Bazile v. City of New York, 215 F. Supp.2d 354, 363 (S.D.N.Y. 2002).

Plaintiff claims she is in a protected class because she complained about discrimination. Plaintiff claims that she made complaints of discrimination both to her supervisors, and to the Human Resource Department. To find for plaintiff on her claim of retaliation, you must first find, by a preponderance of the evidence that she complained about discrimination. In this regard, oral complaints are to be considered the equivalent of written complaints.

If you find, by a preponderance of the evidence, that plaintiff made oral and/or written complaints regarding discrimination and/or harassment, then you must consider the remaining elements of her claim that she was subjected to adverse actions based, in part, on her complaints of discrimination.

Defendant does not dispute that plaintiff Ms. Pilgrim made these complaints and I instruct you that Ms. Pilgrim has satisfied element one in that she is in a protected class based on her complaints of discrimination. Defendant does dispute that, plaintiffs Ms. Spencer, Ms. Henson, and Ms. Curtis complained of discrimination.

As to each of these plaintiffs if you determine by a preponderance of the evidence that they complained orally or in writing of discrimination, you may find that they did not unreasonably fail to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm

**ELEMENT 2:**  Plaintiff claims that defendants took other actions against her which were adverse. Acts may be adverse actions, if you determine by a preponderance of the evidence that they were of such a nature that they might have dissuaded a reasonable worker from making or supporting a complaint of discrimination. Burlington Northern & Santa Fe Railway Co. v. White, 126 S. Ct. 2405, 2409-17, 165 L. Ed.2d 345 (2006).  This may include acts or events that, by themselves, seem minor or inconsequential. Id. at 2415-16.  Thus, you may consider any and all relevant background information or surrounding circumstances to determine whether any of the action(s) may have dissuaded a reasonable worker in the Plaintiff's position from complaining about discrimination.  Id. at 2415-16.  Kessler v. Westchester County Dept. of Social Services, 461 F.3d 199, 209 (2d Cir. 2006).  Again, you may view these acts alone or collectively.  Id.  Such adverse actions may include materially adverse change in the terms and conditions of the Plaintiff's employment, and particularly when these actions are considered collectively. Burlington Northern & Santa Fe Railway Co. v. White, 126 S. Ct. 2405, 2409-17, 165 L. Ed.2d 345 (2006).

**ELEMENT 3:**  The final element that must be satisfied is a showing that a causal connection between plaintiff's status in a protected class and adverse employment action exists. See, Morris v. Lindau, 196 F.3d 102 (2d Cir. 1999); Gilligan v. Town of Moreau, 234 F.3d 1261 (2d Cir. 2000).  Proof of causal connection can be established by showing that the protected activity was closely followed in time by the adverse action. Quinn v. Green Tree Credit Corp., 159 F.3d 759, 769 (2d Cir. 1998). To make this showing, a plaintiff must prove, by a preponderance of the evidence that her complaints of discrimination were a motivating factor in the adverse employment action(s). See Gilligan, 234 F.3d at 1261 (2d Cir. 2000)(citing Morris, 196 F.3d at 110). In determining whether these were motivating factors, it is important for you to understand that although plaintiff's complaints of discrimination must have played a role in the employment decisions, her complaints need not have been the sole or exclusive factor motivating the employment decision; rather, they must merely be a motivating factor.  There may have been many factors motivating a decision.  Plaintiff's status in a protected class may be one of those factors, but it must be a motivating factor.  Owen v. Thermatool Corporation, 155 F.3d 137, 139 (2nd Cir.

1998) (specifically stating that the most important concept a discrimination jury charge should convey is

the idea that (1) the impermissible factor must have played a role in the employer's decision, and (2) the

factor need not have been the sole consideration motivating the employer's decision); <u>Renz v. Grey</u>

<u>Advertising, Inc.</u>, 135 F.3d 217, 221-22 (2d Cir. 1997) (holding that a charge requiring that the

impermissible factor was "the real reason" for the action was erroneous);  <u>Fields v. New York State</u>

<u>Office of Mental Retardation and Developmental Disabilities</u>, 115 F.3d 116, 121 (2d Cir. 1997).

You, the jury, can consider a number of circumstances that may evidence that plaintiff's

complaints of discrimination were factors that motivated any of the adverse employment actions taken

against her.  In determining whether her complaints were a motivating factor in an employment decision,

some factors you may consider are the following: (1) whether you believe defendants' justifications for

taking the adverse actions; (2) the timing and sequence of events leading to the adverse employment

action; (3) whether decision makers made statements evidencing a retaliatory bias; (4) whether a group of

employees who were not in plaintiff's protected class were treated more favorably than plaintiff; (5)

whether plaintiff was treated less favorably than a group of people who were not in her protected class.

These are merely factors, among many, that you may consider in determining whether plaintiff's

complaints of racial discrimination or hostile work environment were, in part, a motivating factor which

lead to any of the adverse employment actions.

### <u>REQUEST NO. 9</u>     **Constructive Discharge**

A constructive discharge occurs when the employer makes an employee's working conditions so

intolerable that the employee is forced into an involuntary resignation.  <u>Penn v. Brattleboro Retreat</u>, 702

F.2d322, 325-26 (2d Cir 1983).  Constructive discharge must be found if the working conditions were so

difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to

resign. <u>Id</u>. To prove that the employer is strictly liable for a hostile work environment/constructive

discharge, the employee may show that an official act underlies the constructive discharge. For example,

supervisor directions and declarations are the acts most likely, if proven, to be brought home to the

employer. <u>Pennsylvania State Police v. Suders</u>, 542 U.S. 129, 124 S.Ct. 2342, 159 L.Ed.2d 204, 93 F.E.P.

Cases 1473 (2004). Evidence of deliberateness is sufficient for en employee to prove constructive

discharge. An employee need not prove that the employer acted with specific intent to cause the employee

to resign, the employee may show that the working conditions were intolerable under the circumstances

and that a reasonable person would feel compelled to resign. <u>Spence v. Maryland Casualty Co.,</u> 995 F.2d

1147, 1155, 62 F.E.P.Cases 151 (2d Cir. 1993).

<u>REQUEST TO CHARGE NO. 10</u>:  Race as a motivating Factor:

I mentioned earlier, the law under plaintiff's race discrimination claims.

Title VII of the federal civil rights act provides, for example, that it is unlawful for an employer:

(1) to discharge any individual, or otherwise to discriminate against any individual with respect to

her compensation, terms, conditions, or privileges of employment, because of such individual's…, race,

...; or

(2) to limit, segregate, or classify ... employees ...  in any way which would deprive or tend to

deprive any individual of employment opportunities or otherwise adversely affect her status as an

employee, because of such individual's ... race,  ... .

The state and local laws I just mentioned prohibit substantially similar conduct.

The plaintiff in this case claims that because of her race, or because she complained of

discrimination, she was treated unfairly and in an unreasonable manner, and/or otherwise was not hired or

promoted, or was transferred, or her job duties and responsibilities were significantly and materially

diminished in a coveted position.  It is your responsibility to decide whether plaintiff has proven these

claims against the defendant by a preponderance of the evidence.

Now, to find for plaintiff on her race claim, you must find by a preponderance of the evidence that

the defendant's adverse employment actions towards her were based either in whole or in part on her race.

You are entitled to infer, but need not infer, that Plaintiff was discriminated against on the basis of

race, if you find that she has proven her claim by a preponderance of the evidence.

In these federal, state and city claims, the plaintiff must prove, by a preponderance of the

evidence, that her race, or her complaining of discrimination, was a "motivating factor" in the defendant

(s)' decisions affecting her terms, conditions, benefits, or privileges of employment, or to significantly or

materially alter her job duties and responsibilities from a coveted position.  The plaintiff need not prove

that race was the sole "motivating factor."  Just that race was a "motivating factor."  In Title VII plaintiff

is not required to show invidious discrimination in each member, or even the majority, of the decision

making group.

    Bick v. City of New York, 1998 WL 190283 (S.D.N.Y.).  In the Bick case, Magistrate Judge

Dolinger noted that the use of this phrase, "at least" one of the motivating factors has been adopted by the

Second Circuit in Stratton v. Dep't for the Aging for the City of New York, 132 F.3d 869, 876 (2d Cir.

1997) ("Plaintiff must show ... that it is more likely than not that the employer's decision was motivated at

least in part by discrimination").  The Second Circuit cautions not to incorporate all of the analysis of

Title VII standards in *haec verba* into a jury charge because technical language may confuse jurors, citing

Cabrera v. Jakobovitz, 24 F.3d 372, 38081 (2d Cir.), *cert. denied*, 513 U.S. 876, 115 S.Ct. 205, 130

L.Ed.2d 135 (1994).  Magistrate Judge Dolinger saw no reason why the term "at least" is not appropriate

for use in telling the jury in plain, everyday English what the Plaintiff must show to demonstrate that an

impermissible consideration was a "motivating factor" in an employer's decision.

**REQUEST NO. 11:  Instructions to assist the jury in determining whether improper discrimination
was a motivating factor and/or a pretext.**

If plaintiff persuades you, by a preponderance of the evidence, that the reasons articulated by the

defendant for terminating the plaintiff are but a mere "pretext" or "cover-up" for what in truth is a

prohibited discriminatory purpose, or that a discriminatory motive more likely motivated the defendant,

then you must find for the plaintiff on that claim. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93

S.Ct. 1817(1973). In discrimination cases the employee need not show that the defendant acted with racial

animus.  Goodman v. Lukens Steel Co, 482 U.S. 656, 668-69, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987).

The plaintiff need not prove that all of the decision makers, or even a majority of them, are biased against

her race, she would need to show that bias in at least one of them, whether due to their own views, or the

discriminatory influence of others. Jalal v. Columbia Univ., 4 F.Supp.2d 224, 238 (S.D.N.Y. 1998).

Among other things, you may consider the following factors in determining whether race was a motivating factor in defendants' decisions affecting the plaintiff:

-whether the employee was (1) a member of the protected class; (2) applied for a promotion or for a position for which she was qualified; (3) was rejected for the position; and (4) the employer kept the position open or continued to seek applicants. Mauro v. New England Telecomms., Inc. 208 F.3d 384, 386 (2d Cir. 2000)

-- whether similarly situated non-minority individuals were treated differently

-- whether or not you believe the reasons given by the defendants for the plaintiff's termination or failure to hire.

-- whether the employer criticized the plaintiff's performance in ethnically degrading terms Chambers, 43 F.3d at 37.

-- the more favorable treatment of employees who are not in the plaintiff's  protected group. Id.

-- the sequence of or timing of events leading to plaintiff's transfer, termination of employment, or denial of employment  Chertkova v  Connecticut General Life Insurance, 92 F.3d 81, 90 (2d Cir. 1996),

- remarks made by decision makers that could be viewed as reflecting a discriminatory animus. Chertkova, 92 F.3d 81, 90 (2d Cir. 1996), citing, Ostrowski v. Atlantic Mut. Ins Co. 968 F.2d 171, 182 (2d Cir. 1992).

-Title VII forbids employers from making or considering a person's gender or race an indirect stumbling block to employment opportunities. Watson v. Fort Worth Bank & Trust, 487 U.S. 977, 108 S.Ct. 2777, 101 L. Ed.2d 877 (1988).

- whether the employer assigned the plaintiff to perform menial or demeaning  work assignments. See Wulach v. Bear, Stearns & Co., 1988 WL 123632  * 5 (S.D.N.Y. November 9, 1988)

 - whether the employer selectively enforced certain rules. See Hurd v. JCB,  923 F. Supp. 492, 503 (S.D.N.Y. 1996)

These are factors, among others, that you may consider in your deliberations.

### REQUEST TO CHARGE NO. 12: -   Five Elements in Race Discrimination Case.

Under Title VII of the Civil Rights Act of 1964 and under the New York Human Rights Law and under the New York City Administrative Code, in this race discrimination and retaliation claim, in order for the plaintiff to prevail, she must prove, by a preponderance of the evidence, that she was treated in an unfair and unreasonable manner in regard to her terms, conditions, benefits, and privileges of employment, or otherwise demoted from her position because of discrimination or retaliation.  I have instructed you on the issue of retaliation.

In order to prove that the plaintiff was discriminated against because of her race she must establish the following four elements.

**First,** that she was a member of a class of persons protected by the statutes; Here there is no dispute that plaintiff is an African American person of color.

**Second,** that she was qualified for the position she applied for, or worked in, and Plaintiff had a reasonable belief that she would be hired, or remain employed for the Defendant;

**Third,** that she was treated in an unfair and adverse manner in regard to her terms, conditions, benefits, and privileges of employment, or unfair and in an adverse manner, or otherwise effectively demoted by the defendant from the position;

**Fourth,** that the treatment of the Plaintiff in an unfair and adverse manner occurred in circumstances giving rise to an inference that it was based in whole or in part on the Plaintiff's race, or for complaining about discrimination.

**Fifth,** that the Defendant's explanations for their treatment of the Plaintiff, Plaintiff is not believable.

Let's clarify the *Fifth* Element.  The Defendant has given explanations for its actions and its decisions with regard to the Plaintiff's treatment and/or the decision to reassign the Plaintiff from her

position in the Company. You must consider whether the Plaintiff has shown by a preponderance of the evidence that the reasons offered by the Defendant are not believable or that they are *pretextual,* that is, that the explanations are not the true or real reasons for the Defendant's actions, but that instead the explanations are a pretext or cover for discrimination.  In other words, if you find the other four factors I discussed above, and you find that the Defendant's explanations for its actions are untrue, or partly true, then you may infer that the Plaintiff was discriminated against in her employment because of her race or because she complained of discrimination.

Examples of pretext may include unreasonable demands, material and significant alteration of job duties and responsibilities, denial of training, given assignments designed to fail, falsely accused of wrongs that one did not commit, mendacity, overly burdensome assignments. Richardson v. N.Y.S. Dept. of Corr. Serv., 180 F. 3d 426 (2d Cir. 1999).

If you find that the Plaintiff has proven each of these five elements, by a preponderance of the evidence, you must find a verdict in favor of the Plaintiff with respect to the Plaintiff's claim that she was discriminated against and or retaliated against in violation of the federal, state, and city law.

In determining whether the Plaintiff's race was a motivating factor for the Defendant's treatment of the Plaintiff, or was at least one of the "motivating factors" for her adverse treatment or refusal to hire or promote, you must consider any evidence of intent that may be available from the evidence that has been presented by both sides. Evidence of racial stereotyping may provide proof that an employment decision or an abusive environment was based on race.

 Harris v. Forklift, 114 S.Ct. 367, 126 L.Ed.2d 295(1993); Meritor Savings Bank v. Vinson, 477 U.S. 57,65, 106 S. Ct 2399, 91 L.Ed. 2d (1986) Faragher v. City of Boca Raton, 118 S.Ct. 2275, 141 L.E.2d 662, 77 F.E.P. Cases 14 (1998); Burlington Industries, Inc. v. Ellerth, 118 S.Ct. 2257, 141 L.Ed.2d 633, 77 F.E.P. Cases 1 (1998); 29 CFR Section 1604.11(a).  See also Rudow v. New York City Commission on Human Rights, 123 Misc.2d 709, 474 N.Y.S.2d 1005 (1984); Tomka v. The Seiler Corporation, et al, 66 F.3d 1295 (2d Cir. 1995); Kotcher v. Rosa and Sullivan Appliance Center, Inc., 957 F.2d 59, 62 (2d Cir. 1992); Carrero v. New York Housing Authority, 668 F.Supp. 196, aff'd in part, rev'd

in part, 890 F.2d 569, 577 (2d Cir. 1989); Sardina v. Dellwood Foods, Inc., 1995 U.S. Dist. LEXIS 16073 (S.D.N.Y. 1995); Danna v. New York Telephone, 752 F.Supp. 594 (S.D.N.Y. 1990); Bennett v. New York City Dept. of Corrections, 705 F.Supp. 979 (S.D.N.Y. 1989); EEOC v. A.Sam & Sons Produce Co., 872 F.Supp. 29 (W.D.N.Y. 1994); Meritor v. Vinson FSB, 477 U.S. 57, 106 S.Ct. 2399 (1986); Henson v. City of Dundee, 682 F.2d 897 (11th Cir. 1980).  Price Waterhouse v. Hopkins, 490 U.S. 228, 250251 (1989).

### REQUEST TO CHARGE NO. 13 –Claims under 42 U.S.C. Section 1981

Plaintiff's claims under Section 1981 require proof of intentional discrimination on the part of defendant, a showing that is not required under Title VII. Patterson v. County of Oneida, 375 F.3d 206, 227 (2d Cir. 2004). Section 1981 provides, that "[a]ll persons within the jurisdiction of the United States shall have the same right ... to make and enforce contracts ... as is enjoyed by white citizens ...." 42 U.S.C. § 1981(a). This section thus outlaws discrimination with respect to the enjoyment of benefits, privileges, terms, and conditions of a contractual relationship, such as during employment, *see, e.g., Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 68-69 (2d Cir.2000)*, and is applicable to a plaintiff complaining of discrimination during an employment and hostile work environment claims.

In discrimination cases the employee need not show that the defendant acted with racial animus. Goodman v. Lukens Steel Co, 482 U.S. 656, 668-69, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987). The plaintiff need not prove that all of the decision makers, or even a majority of them, are biased against her race, she would need to show that bias in at least one of them, whether due to their own views or the discriminatory influence of others. Jalal v. Columbia Univ., 4 F.Supp.2d 224, 238 (S.D.N.Y. 1998).

### REQUEST TO CHARGE NO. 14 – Standard For Punitive Damages
### Under New York City Law:

You may award punitive damages if you believe that the named Defendant should be punished for conduct that was motivated by evil motive or intent or that involved callous disregard or reckless indifference to the Plaintiff's rights.  A showing of personal animosity by the Defendant is not a prerequisite.  To determine whether punitive damages are appropriate, you must keep in mind the reasons

for award punitive damages — to punish the Defendant for malicious conduct against the Plaintiff or callous disregard or reckless indifference for the Plaintiff's rights and to deter future such conduct of the Defendant or others like it.  Thus, you should consider whether the award of punitive damages will accomplish this dual purpose of punishment and deterrence.

An act is wanton and reckless when it is done in such a manner and under such circumstances as to show heedlessness and an utter disregard of the result upon the rights and safety of others that may flow from the doing of the act or the manner in which it was done.  An act is malicious when it is done deliberately with knowledge of Plaintiff's rights, and with intent to interfere therewith.

Punitive damages are recoverable in all actions based upon tortuous acts which involve ingredients of malice, fraud, oppression, insult, wanton or reckless disregard of one's rights, or other circumstances of aggravation, as a punishment of the Defendant and admonition to others.

In order to accomplish its goals, the amount of the award depends upon the degree of culpability of the wrongdoer, the situation and the sensibilities of the parties concerned, and the extent to which such conduct offends a public sense of justice and propriety.  In addition, if the purpose of the punitive damages is to punish and act as a deterrent unless it is of sufficient substance to "smart", the offender in effect purchased a right to harm another for a price which may have little or no effect upon him.  Indeed, in such situation, a Defendant instead of being deterred from a repetition of his offense may be encouraged to renew his assault.

The function or purpose of punitive damages is to act as a deterrent to the offender and to serve as a warning to others.  They are intended as punishment for gross misbehavior for the good of the public and have been referred to as a sort of hybrid between a display of ethical indignation and the imposition of a criminal fine.  Punitive damages are allowed on the ground of public policy.  The damages may be considered expressive of the community attitude toward one that willfully and wantonly causes hurt or injury to others.

As part of this determination you may consider the financial circumstances of the Defendant. Collins v. Willcox, 158 Misc.2d 54, 600 N.Y.S.2d 884 (S.Ct.Ny.Co. 1992); Micari v. Mann, 481

N.Y.S.2d 967, 972(S.Ct.N.Y.Co 1984); Home Insurance Co. v. American Home Products, 75 N.Y.2d.

196, 203, 551 N.Y.S.2d 481 (1990); Doralee Estates, Inc. v. Cities Service Oil Co., 569 F.2d 716 (2d Cir.

1977);  Reynolds v. Pegler, 123 F.Supp 36, 41-42 (S.D.N.Y. 1954), aff'd 223 F.2d 429 (2d Cir. 1955),

*cert. denied* 350 U.S. 846, 76 S.C. 80 (1955).

### REQUEST NO. 15:  Pain & Suffering Damages

Non-pecuniary losses are intangible injuries such as emotional pain, suffering, convenience,

mental anguish, loss of enjoyment of life, loss of health, and injury to character, or reputation. See EEOC

Enforcement Guidance on Damages under CRA 91, No. 915.002, 7/14/92.

Emotional stress may manifest itself through sleeplessness, anxiety, stress, depression, mental

strain, humiliation, loss of self esteem, excessive fatigue, nervous breakdown, ulcers, gastrointestinal

disorders, hair loss, or headaches. See EEOC Enforc. Guide on Dams. CRA 91, No. 915.002, 7/14/92.

No evidence of monetary value of such intangible things such as pain and suffering has been, or

need be, introduced into evidence.  There is no exact standard for fixing the compensation to be awarded

for these elements of damages.

### REQUEST NO. 16: -Nominal Damages

If you find, after considering all the evidence presented, that the defendant(s) is/are liable under

any of the claims brought by plaintiff, but that plaintiff suffered no injury as a result of defendant(s)'

discrimination, or denial of a constitutional right, you may award the plaintiff nominal damages of one

dollar.  Nominal damages are awarded as recognition that the plaintiff's rights have been violated.  You

would award nominal damages if you conclude that the only injury that a plaintiff suffered was the

deprivation of her statutory rights, was discriminated or retaliated against, without any resulting physical,

emotional, or financial damage. Modern Federal Jury Instructions Section 87-88

### REQUEST NO. 17:  - Loss of Enjoyment of Life PJI: 2:280

In determining the amount, if any, to be awarded Plaintiff for pain and suffering, you may take

into consideration the effect that Defendant(s)' conduct had on her ability to enjoy life.  Loss of

enjoyment of life involves the loss of the ability to perform daily tasks, to participate in the activities that

were a part of the person's life before the injury, and to experience the pleasures of life. McDonald v.

Garber, 524 N.Y.S.2d 192 (1st Dep't. 1988).


Dated:  Great Neck, New York
        June 27, 2008                              Respectfully Submitted,

                                                   Lawrence Solotoff (LS1356)
                                                   Cheryl Solotoff (CS3013)
                                                   SOLOTOFF & SOLOTOFF, ESQS.
                                                   Plaintiff's Counsel
                                                   P.O.Box 4686
                                                   Great Neck, New York 11023
                                                   Office No.     (516) 466-5522
                                                   Facsimile No.  (516) 466-5562


## CERTIFICATE OF SERVICE

        The undersigned, a member in good standing of the Bar of this Court, hereby certifies that on June
27, 2008 Counsel caused a true and correct copy of Plaintiffs' Proposed Jury Instructions, Voir Dire
Questions, and Special verdict Form to be served via Overnight Mail to:

PROSKAUER ROSE LLP
        Gregory I. Rasin
        Elise M. Bloom
        Steven D. Hurd
        1585 Broadway
        New York, NY  10036-8299

Telephone 212.969.3000
Fax 212.969.2900
grasin@proskauer.com
ATTORNEYS FOR DEFENDANT


Dated: Great Neck, New York
        June 27, 2008

                                        _____
                                        Trial Counsel:
                                        Lawrence Solotoff (LS1356)
                                        Cheryl Solotoff (CS3013)
                                        SOLOTOFF & SOLOTOFF, ESQS.
                                        Plaintiff's Counsel
                                        P.O.Box 4686
                                        Great Neck, New York 11023
                                        Office No.    (516) 466-5522
                                        Facsimile No.  (516) 466-5562